UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACTOR SUPPLY COMPANY,

    Plaintiff,

v.                                Case No.: 2:21-cv-28-JLB-MRM

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the parties' agreed dates in the Uniform Case Management Report, the Court enters this Case Management and Scheduling Order:

| DEADLINE | DATE |
| --- | --- |
| **Disclosure Statements** | Plaintiff filed on 5/25/2021<br>Defendant filed on 5/17/2021 |
| **Rule 26(a)(1) Mandatory Initial Disclosures** | ☐ Exchanged<br>☒ To be exchanged by 6/17/2021 |
| **Motions to Add or Join Parties or Amend Pleadings** | 8/3/2021 |
| **Disclosure of any Expert Report** | Plaintiff: 1/21/2022<br>Defendant: 2/21/2022<br>Rebuttal: 3/21/2022 |
| **Discovery and Motions to Compel Discovery** | 4/21/2022 |
| **Mediation** | 5/5/2022 |

| DEADLINE | DATE |
|---|---|
|  | Certified Mediator Designated below |
|  | John Freud |
| **Dispositive and *Daubert* Motions**[1] | 6/21/2022 |
| **Final Pretrial Meeting** | 10/21/2022 |
| **Motions in Limine** | 10/28/2022 |
| **Joint Final Pretrial Statement, Proposed Jury Instructions and Verdict Form, and Trial Briefs (if applicable)** | 11/4/2022 |
| **Final Pretrial Conference** | 11/18/2022 |
| **Monthly Trial Term** | 12/1/2022 |
| **Estimated Length of Trial** | 5 days |
| **Jury or Non-Jury** | Jury |

**A. Compliance**

Counsel and all parties (represented and pro se) must comply fully with this Order. Motions to extend the above deadlines are **disfavored**. Deadlines may be modified only for good cause and with the judge's consent. Also, filing a motion to extend a deadline does not toll the time to comply with other deadlines set by rule or court order.

All counsel and parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, except as modified here, the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, the United States District Court for the Middle District Florida's Administrative Procedures for Electronic Filing, the Florida Bar Professionalism Expectations, and the Florida Bar Trial Lawyers Section's Guidelines for Professional Conduct.

---

[1] *Daubert* motions must not be titled or filed as motions to strike. When filing via CM/ECF, use the "In Limine" event under Civil Events-Motions.

2
Case 3:21-cv-00619   Document 24   Filed 06/01/21   Page 2 of 11 PageID #: 1569

## B. Consent to Magistrate Judge

At any time during this case, the parties may consent to proceed before the assigned Magistrate Judge to conduct some or all proceedings (including specified motions and trial) and enter final judgment by filing the appropriate AO85 form. A party may withhold consent without adverse consequences.

## C. Motions

1. *Certification Under Local Rule 3.01(g)*: Before filing most motions, the movant must confer with the opposing party in a good faith effort to resolve issue(s).[2] Failure to comply with Local Rule 3.01(g) may cause the Court to deny or strike the motion.

    At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:

    (A) must certify that the movant has conferred with the opposing party,

    (B) must state whether the parties agree on the resolution of all or part of the motion, and

    (C) if the motion is opposed, must explain the means by which the conference occurred.

    For anything other than joint or unopposed motions, the term "confer" requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not "conferred."

    If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for **3 days** to contact the opposing party. Promptly after either contact or expiration of the 3 days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in sanction.

---

[2] A Local Rule 3.01(g) Certification is not required for a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class. It is required for all other motions, including Rule 12 motions to dismiss.

2. *Failure to Respond to Motions*

Under Local Rule 3.01(c), if a party fails to timely respond to a motion, the motion is subject to treatment as unopposed.

3. *Motions for Summary Judgment*

    a. Number of Motions: Only **one** motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court.

    b. Required Materials: A motion for summary judgment must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed **25 pages** in length. The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact. **Failure to submit a statement of material facts constitutes grounds to deny the motion.**

    An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed **20 pages** in length. The opposing party's response to the statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must set forth a **pinpoint** citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**

    The movant may file a reply brief not to exceed **7 pages** in length with **pinpoint** citations to the record within **14 days** after service of the response. Any motion for a sur-reply is disfavored and should be made only in exceptional circumstances.

When citing to the record, the parties should first use any CM/ECF designated document number and page number throughout the briefs. Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief. Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included. For example, a general reference to "Deposition of Jones" is insufficient.

c. Deposition Transcripts as Exhibits: If depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (a condensed version is acceptable) with exhibits.

d. Exhibit Index: A motion for summary judgment or a response with exhibits totaling over 10 pages must include an index to the exhibits that lists the exhibit number and title of the exhibit. Counsel must file the index as the **last** attachment to the parent document. *See* "Exhibit Index" below for a sample exhibit index.

e. Oral Argument: Unless specifically ordered, the Court will not hold oral argument on a summary judgment motion. If a party requests oral argument, it must do so in a separate document accompanying the party's motion or response and stating the time necessary.

4. *Exhibit Index (required only for cases assigned to Judge Chappell)*

For **all motions** before Judge Chappell, any motion with exhibits totaling over 10 pages must have an index (see below) that includes the exhibit number and title of the exhibit. The index must be the **last** attachment to the parent document.

| Number | Title |
|---|---|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Contract Between XYZ Company and ABC Company (Part 1, Pages 1-15) |
| 3-B | Contract Between XYZ Company and ABC Company (Part 2, Pages 16-24) |
| 4 | XYZ Company General Ledgers |

5. *Motion for Attorney's Fees and Expenses*

Under Local Rule 7.01(b), a party claiming fees and expenses must first move for a determination of entitlement within 14 days after entry of judgment. If the parties agree to entitlement, however, they need only file a joint stipulation to that effect within the 14-day deadline. A supplemental motion on amount must be filed as required by Local Rule 7.01(c).

**D. Mediation**

1. *Referral*: The assigned District Judge refers this case to mandatory mediation.

2. *Participation*: Lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend the mediation in a **good faith effort** to resolve this suit. Any unexcused absence or departure from mediation is sanctionable. And a failure by a required person to participate in good faith must be promptly reported to the assigned Magistrate Judge during or immediately after mediation.

    Participants must be prepared to spend as much time as needed at mediation. The mediation will continue (including additional conferences) until the mediator declares an impasse or ends the mediation. Only the mediator may declare an impasse, which must not be the result of one or more required persons unreasonably declaring themselves no longer available.

3. *Deadline*: The parties must complete mediation on or before the deadline in the above table. Counsel must also confirm a mediation date agreeable to the mediator and the parties and then notify the Court of the date at least **14 days** before the mediation.

4. *Report of Mediator*: The mediator must report within **7 days** after mediation the result of the mediation and whether all required persons attended.

5. *Confidentiality*: The substance of the mediation is confidential and no party, lawyer, or other participate is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact – except settlement – that occurs during the mediation.

**E. Final Pretrial Procedures**

1. *Final Pretrial Meeting*: By the above deadline, lead counsel and any

unrepresented party must meet in person in a good faith effort to:

   a. discuss the possibility of settlement. The parties must exhaustively discuss settling before completing this Order's final trial preparations.

   b. stipulate to as many facts and issues as possible. The parties must make a meaningful effort to stipulate to facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested. Parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial.

   c. examine all individual and joint exhibits to be offered at trial. The parties should also prepare and exchange exhibit lists bearing a description identifying each exhibit and sponsoring witness. Without good cause, the Court will not receive in evidence over objection any exhibits, including charts, diagrams, and demonstrative evidence, not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting, or not listed in the joint final pretrial statement.

   d. exchange the names and addresses of all witnesses and state the likelihood each witness will testify at trial.

   e. prepare a Joint Final Pretrial Statement.

2. *Joint Final Pretrial Statement*: By the above deadline, the parties must file a final pretrial statement that will govern trial. The statement must contain **all** items listed in Local Rule 3.06(b) and case-specific voir dire questions. The Court will strike pretrial statements that are unilateral, partly executed, or otherwise incomplete. Inadequate stipulations of fact and law may also be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings.

   a. *Depositions*: Specify the pages and lines of each deposition offered in lieu of live testimony, unless used only for impeachment. Include a page-and-line description of any testimony that remains in dispute with argument and authority for each party's position. Submit edited and marked electronic copies (for the portion offered by each party) of any depositions or deposition excerpts to be offered in evidence. Edited and marked electronic copies must also be emailed to the assigned District Judge's Chambers inbox before the final pretrial conference.

    b. *Case-Specific Proposed Voir Dire Questions*: Jointly file proposed voir dire questions **specific** to the case for the Court's consideration. Proposed questions must also be emailed in Microsoft Word® format to the assigned District Judge's Chambers inbox.

3. *Trial Briefs*: For bench trials only, each party must file and serve a trial brief with proposed findings of fact and conclusions of law.

4. *Witness Lists*: By the Joint Final Pretrial Statement deadline above, each party must file and email in Microsoft Word® format to the assigned District Judge's Chambers inbox a list of all witnesses who may be called at trial. On the morning of trial before jury selection, each party must also give the Courtroom Deputy Clerk **3 copies** of their final witness lists.

   Each party must use the Civil [Witness List](#) form found on the Court's website. When filling out the form, counsel may ignore the column titled, "Date(s) Testified," which is for the Court's use only. Unlisted witnesses may not testify at trial absent good cause. This restriction does not apply to true rebuttal witnesses, i.e., witnesses whose testimony could not have been reasonably foreseen as necessary. Records custodians may be listed, but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. Finally, the Court encourages stipulations of fact to avoid calling unnecessary witnesses.

5. *Exhibit Lists*: By the Joint Final Pretrial Statement deadline above, each party must file and email in Microsoft Word® format to the assigned District Judge's Chambers inbox a list of exhibits that may be introduced at trial. On the morning of trial before jury selection, each party must also give the Courtroom Deputy Clerk **3 copies** of their final exhibit lists.

   Each party must use the [Exhibit List](#) form on the Court's website. When filling out the form, counsel must provide a descriptive notation that identifies each exhibit. The Court will not receive unlisted exhibits into evidence at trial unless needed to further justice.

   Counsel must submit all stipulated exhibits as joint exhibits to avoid duplicate exhibits and confusion in the record. Counsel must identify joint exhibits on a single exhibit list rather than separately list the joint exhibits on their individual exhibit lists. For example, if a photograph is being stipulated into evidence, it should be marked as a joint exhibit and not listed separately on each party's exhibit list. Each party's individual exhibit list should include only exhibits to which objections have been asserted.

When offering into evidence a document larger or smaller than 8.5"x11", counsel must also offer an 8.5"x11" reduction or enlargement of the exhibit. Counsel will be deemed to have stipulated to the substitution of the photographs or 8.5"x11" reduction/enlargement of exhibits in the record on appeal, unless otherwise ordered by the Court. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement.

6. *Labeling Exhibits*: **Before trial** (and any evidentiary hearing), each party must mark exhibits using the exhibit labels from the clerk or the Court's website. Counsel must staple the appropriate tag to the upper right corner of the first page and use consecutive numbers to mark exhibits.

7. *Joint-Proposed Jury Instructions and Verdict Form*: By the deadline above, the parties must file and email to the assigned District Judge's Chambers inbox (in Microsoft Word® format) a single set of joint proposed jury instructions and a verdict form based on the Eleventh Circuit's pattern Jury Instructions. If a pattern instruction is unavailable, the parties must submit a joint-proposed instruction and supporting case law for that instruction. A party may include a contested charge at an appropriate place in the joint-proposed jury instructions. Any contested charge must designate the requesting party, cite authority for its inclusion, and summarize the opposing party's objection. The Court will deny slanted proposed instructions.

8. *Electronic Exhibit Binder (required only for cases assigned to Judge Chappell)*: By noon on the day before the final pretrial conference, each party must provide Judge Chappell an electronic exhibit binder that contains all individual and joint exhibits to be introduced at trial. The electronic exhibit binder is for Judge Chappell's use and replaces a hardcopy exhibit binder. Because the electronic exhibit binder is for Judge Chappell only, counsel must still bring paper copies of all exhibits that may be introduced at trial.

    To make the electronic exhibit binder, each separate exhibit must be saved as a PDF document and then combined with the other exhibits into a single PDF file. The single PDF file is the electronic exhibit binder. Within the single PDF file, counsel must identify each exhibit separately using PDF bookmarks. If an exhibit is physical evidence, counsel should insert a placeholder exhibit that states, "Exhibit [Number] is [description of exhibit]." When possible, counsel should text recognize any exhibit for the electronic exhibit binder.

    The electronic exhibit binder must be emailed to the Judge Chappell's Chambers [inbox](). If the file is too large to email, counsel should provide the

9
Case 3:21-cv-00619   Document 24   Filed 06/01/21   Page 9 of 11 PageID #: 1576

Court the binder on a thumb drive. Any party unable to comply with this requirement must immediately contact the Courtroom Deputy Clerk.

9. *Courtroom Technology*: The Court requires counsel to use the courtroom technology and expects them to use the equipment before any trial or hearing. Parties should contact the Courtroom Deputy Clerk to test and learn the equipment well in advance of proceedings.

F. **Final Pretrial Conference**

1. *Attendance*: Lead counsel and any unrepresented party must attend the final pretrial conference **in person** unless excused by the Court.

2. *Substance of Final Pretrial Conference*: Counsel and unrepresented parties must be prepared and authorized to accomplish the purposes in Federal Rule of Civil Procedure 16, including simplifying the issues, eliminating baseless claims or defenses, admitting facts and documents to avoid unnecessary proof, stipulating to the authenticity of documents, obtaining advance rulings on the admissibility of evidence, settlement, and use of special procedures to help resolve the dispute, disposing of pending motions, establishing a reasonable limit on the time allowed for presenting evidence, and other matters to facilitate the just, speedy, and inexpensive disposition of the case.

G. **Trial**

1. *Monthly Trial Term and Trial Calendar*: This case is set for a monthly trial term. A date certain for trial will not be granted absent exceptional circumstances. During the assigned trial term, counsel, parties, and witnesses must be prepared to proceed to trial within twenty-four hours of notice.

   **In consent cases, trials before the Magistrate Judge will be set for a date certain.**

   Generally, criminal cases are tried first, followed by civil jury trials, and then civil non-jury trials. Cases not reached during the trial term will be rolled to the next month's trial term after all criminal cases.

2. *Client Consent for a Trial Continuance*: If requesting a trial continuance, Local Rule 3.08(b) requires trial counsel to certify the client consents to the continuance.

3. *Reassigning Trial to Another District Judge*: The presiding District Judge may

reassign this case to any other consenting District Judge to try the case.

4. *Resting at Trial:* Absent showing good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, that party has no further evidence or witnesses available.

5. *Settlement*: Counsel must **immediately** notify the Court if the action settles. After the Court issues the trial calendar, the parties must **immediately** tell the Court of any development that may affect trial. The Court will assess jury costs to the parties if they fail to inform it of settlement before the jury is called. Regardless of the status of settlement negotiations, the parties must appear for all scheduled hearings, the final pretrial conference, and trial.

**H. Sanctions**

A party who does not comply with this Order may be subject to sanctions including reasonable attorneys' fees and costs, striking of pleadings, entry of default, dismissal, and a finding of contempt of court. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; M.D. Fla. R. 3.01(g)(3), 3.10, 4.03(e).

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies to: All Parties of Record

11
Case 3:21-cv-00619   Document 24   Filed 06/01/21   Page 11 of 11 PageID #: 1578