# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

TRACTOR SUPPLY COMPANY,

      Plaintiff,

v.                                  Case No. 2:21-cv-28-JLB-MRM

ACE AMERICAN INSURANCE COMPANY,

      Defendant.

_____

# ORDER

Defendant ACE American Insurance Company ("ACE") moves to transfer venue to the U.S. District Court for the Middle District of Tennessee. (Doc. 15.) Plaintiff Tractor Supply Company ("Tractor Supply") initially opposed the motion but has since withdrawn that opposition. (Docs. 21, 32.)

Venue for a civil action is proper in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). If venue is proper in multiple courts, then a case may be transferred "to any other district or division where it might have been brought or to any district or division to which all parties have consented," provided the transfer serves "the

convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404(a). "Courts typically interpret the phrase 'might have been brought' to mean that the transferee court must be shown to have subject matter jurisdiction over the action, that venue must be proper there, and that the defendant is amenable to service of process there." Fairstein v. Netflix, Inc., No. 2:20-cv-00180-JLB-MRM, 2020 WL 5701767, at *6 (M.D. Fla. Sept. 24, 2020) (citation omitted).

After careful review, it appears that: (a) diversity jurisdiction would exist in the Middle District of Tennessee (Doc. 15 at 7); (b) a substantial part of the events giving rise to Tractor Supply's claims may have occurred in Tennessee (Doc. 15-1 at 7, ¶20); and (c) Tennessee has personal jurisdiction over ACE (Doc. 8 at ¶¶11–12); see also T-Mobile USA, Inc. v. Auto-Owners Ins. Co., No. C20-0567-JCC, 2020 WL 4788021, at *4 (W.D. Wash. Aug. 18, 2020).

Moreover, in weighing convenience and the interests of justice, the Eleventh Circuit considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). After considering these factors—and noting the related cases that have already been commenced in the Middle District of Tennessee—the Court believes that a transfer

to the Middle District of Tennessee would serve the convenience of the parties and witnesses and the interests of justice.

Accordingly, it is **ORDERED**:

1.      ACE's unopposed motion to transfer venue to the Middle District of Tennessee (Doc. 15) is **GRANTED**.

2.      The Clerk is **DIRECTED** to transfer this matter to the Middle District of Tennessee, terminate all pending deadlines and motions, and close the file.

**ORDERED** in Fort Myers, Florida, on July 19, 2021.


JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE