# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, | )<br>)<br>) Case No. 3:21-cv-00619<br>)<br>) Related Case: 3:21-cv-00016<br>)<br>) Judge Campbell<br>) Magistrate Judge Holmes<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| ACE AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. 1332 based on diversity of citizenship.

**B. BRIEF THEORIES OF THE PARTIES:**

**For Plaintiff:** This is a dispute between Plaintiff Tractor Supply ("Tractor Supply") and Defendant ACE American Insurance Company ("ACE") concerning insurance coverage. ACE was required to provide Tractor Supply insurance coverage, under a duly-issued insurance policy from ACE. But, ACE continually breached the insurance contract and committed other independent torts by its refusal to make payments owed under the policy. Tractor Supply is due damages, along with declaratory relief for claims under the insurance policy going forward.

**For Defendant:** Tractor Supply alleges that ACE was required to provide Tractor Supply with additional insured coverage under one or more policies of commercial general liability insurance issued by ACE to its named insured, UniFirst. Tractor Supply claims it has been injured through a series of both breaches of contract and independent torts and is thereby due damages,

along with the declaratory relief it seeks. ACE denies that it has committed any breach or caused the plaintiff any damages, and therefore denies that Tractor Supply is entitled to any relief from ACE.

Under the terms of the policies, coverage is to be no broader than that which UniFirst was required by agreement to provide to Tractor Supply. As a result, additional insured coverage is only afforded to Tractor Supply in respect of liability caused, in whole or in part, by UniFirst's actions or where its product is defective. Additionally, upon information and belief, UniFirst and Tractor Supply had in place a protocol for determining liability as between them based upon the number of days mats were on store floors and/or other factors. That protocol formed part of the contract(s) between Tractor Supply and UniFirst, and was a factor in how claims were presented to ACE. Plaintiff's claims for entitlement to insurance benefits with respect to the bodily injury claims sued upon therefore had to be determined (and reviewed in this action) according to the facts and circumstances of each alleged accident, as well as application of the protocol. Coverage under the insurance policies is also subject to other terms, limits, and conditions, including applicable deductible amounts.

ACE filed a motion to dismiss these bad faith claims prior to the transfer of the Florida action to this Court. In the event Tractor Supply does not dismiss these claims, ACE intends to pursue the relief sought in that motion in the instant action.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:** Damages and liability.

    **E.**    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions of responsive documents) on or before October 15, 2021.

**F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than March 31, 2022, the parties agree to participate in a mediation. The Parties shall file, within three (3) business days of the mediation, a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work."

The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

**G.     DISCOVERY:** The parties must complete all written discovery and depose all fact witnesses on or before July 29, 2022. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by no later than July 1, 2022, unless otherwise ordered by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H.     **MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties must be filed by no later than January 7, 2022 and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

I.     **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff must identify and disclose all expert witnesses and expert reports on or before August 29, 2022. The

defendant must identify and disclose all expert witnesses and reports on or before September 29, 2022. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by November 17, 2022.

**J.    SUBSEQUENT CASE MANAGEMENT CONFERENCE**. A subsequent case management conference shall be held telephonically using the Court's conference line on _____, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

**K.    DISPOSITIVE MOTIONS:** Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than February 1, 2023. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L.    ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement

5

Case 3:21-cv-00619   Document 47   Filed 08/19/21   Page 5 of 8 PageID #: 1670

on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M. MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of this action is expected to last approximately 10-15 days. A trial date no earlier than June 15, 2023 is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell.

It is so **ORDERED**.

BARBARA D. HOLMES
United States Magistrate Judge

**APPROVED FOR ENTRY:**

/s/ Kevin T. Elkins
Mark M. Bell (Tenn. BPR No. 029048)
Kevin T. Elkins (Tenn. BPR No. 033280)
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Email: mark.bell@wallerlaw.com
        kevin.elkins@wallerlaw.com

*Attorneys for Plaintiff Tractor Supply Company*

/s/ Alfred C. Warrington (by permission)
Alfred C. Warrington, V (*Pro Hac Vice*)
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Alfred.warrington@clydoco.us

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

*Attorneys for Defendant Ace American Insurance Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 19, 2021, a copy of the foregoing document was filed electronically. Notice of this filing is expected to be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, as noted below.

Alfred C. Warrington, V
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Alfred.warrington@clydoco.us

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

*Attorneys for Defendant Ace American Insurance Company*

                                                        /s/ Kevin T. Elkins

8

Case 3:21-cv-00619   Document 47   Filed 08/19/21   Page 8 of 8 PageID #: 1673