# UNITED STATED DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, UNIFIRST CORPORATION, and ESIS, INC.,<br><br>      Defendants. | Case No. 3:21-cv-00619<br>Judge William Campbell<br>Magistrate Judge Holmes<br><br>Jury Demanded. |

## DEFENDANT UNIFIRST CORPORATION'S
## MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS

Defendant UniFirst Corporation ("UniFirst") hereby moves this Honorable Court to compel arbitration regarding the arbitrable claims set forth in the Second Amended Complaint (D.E. 52; "Complaint") as required by the relevant and applicable arbitration agreement between Plaintiff Tractor Supply Company ("TSC") and UniFirst. With regard to alleged claims in the Complaint asserted against UniFirst that are not subject to arbitration, under Federal Rule of Civil Procedure 12(b)(6), UniFirst hereby moves this Honorable Court for the dismissal of all such claims for failure to state a claim upon which relief can be granted.

This case arises out of a ten-year contractual relationship between UniFirst and TSC. Via two contracts that were in place between 2010 and 2020, UniFirst provided certain rental merchandise for TSC to use at its stores, which merchandise included floor mats to be placed at TSC stores. TSC customers asserted personal injury claims against TSC related to the mats, and TSC asserted claims against an insurance policy purchased by UniFirst. TSC's Complaint asserts

that UniFirst breached contractual duties regarding the insurance policy and to indemnify TSC. TSC's Complaint attempts to assert a number of tort claims as well.

The Complaint alleges claims that fall solely under the first contract that UniFirst and TSC entered into in 2010 ("2010 Contract"). That contract, however, has a broad, binding arbitration provision that requires arbitration of the claims asserted in the Complaint that would fall under that first contract. Those claims must be compelled to arbitration.

With regard to alleged claims in the Complaint under UniFirst and TSC's second contract entered into in 2017 ("2017 Contract"), those are not subject to arbitration. Even so, the Complaint fails to state a claim upon which relief can be granted as a matter of law regarding those claims.

- All counts (including Counts 4 and 5 for alleged breach of contract) are barred and fail to state a claim because TSC agreed to indemnify UniFirst for all claims related to TSC's "use or misuse" of the mats at issue and, as a matter of Tennessee law, such indemnification obligation acts as a limitation of liability to bar TSC from any recovery against UniFirst.

- Count 6 fails to state a breach of contract claim because it does not plead a breach of contract claim.

- The alleged tort counts (Count 7 for tortious interference with contract, Count 8 for inducement of breach of contract, Count 11 for fraudulent misrepresentation and concealment, Count 13 for negligent misrepresentation, and Count 15 for negligence) fail as a matter of law because the Complaint does not allege any tort-related duties independent of the contractual relationship between the parties that would form the basis of such tort claims.

- Count 7 for tortious interference with contract and Count 8 for inducement of breach of contract fail because UniFirst is a party to the insurance policy at issue, which bars such claims.

- Count 7 for tortious interference fails because it is based on mere legal conclusions and does not plead all of the required elements.

- The alleged breach of fiduciary duty claim (Count 9) fails because there is no basis for any fiduciary duty owed by UniFirst pled in the Complaint.

- The alleged fraud claims in Count 11 are barred by the economic loss doctrine. In addition, the fraudulent misrepresentation claim in that count is not stated because it is not pled with particularity. The fraudulent concealment claim in that count also must be dismissed because no duty to disclose is pled.

- The declaratory relief counts in the Complaint (Counts 19, 20, 21, and 22) do not state a claim because they are duplicative of the breach of contract claims.

- Count 23 for promissory estoppel fails as a matter of law because there was a contract between the parties.

- Count 24 for civil conspiracy fails as a matter of law because the Complaint does not allege an underlying tort that is necessary to form the basis of the alleged civil conspiracy.

- Punitive damages are not allowed regarding the alleged breach of contract claim under Tennessee law, thereby barring Count 25.

- The remaining counts, Counts 1, 2, 3, 10, 12, 14, 16, 17, 18, 26, 27, 28, and 29, are not asserted against UniFirst.

In support of this motion, UniFirst relies on (1) the Declaration of David Katz submitted as Exhibit A hereto with the relevant parts of the 2010 Contract attached as Exhibit 1 and the relevant parts of the 2017 Contract attached as Exhibit 2, and (2) a memorandum of law in support of this motion filed contemporaneously herewith.

For the reasons set forth herein as well as in the memorandum of law submitted herewith, the Court should compel arbitration regarding the arbitrable claims alleged in the Complaint and dismiss the remaining claims in the Complaint with prejudice.

Respectfully submitted,

*/s/Andrew J. Pulliam*
Andrew J. Pulliam (TN Bar #016863)
J. Graham Matherne (TN Bar #011294)
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
(615) 244-0020 / Fax (615) 256-1726
apulliam@wyattfirm.com
*Attorneys for Defendant UniFirst Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, a true and correct copy of the foregoing was served via the Court's ECF System on the following:

Mark M. Bell
Kevin T. Elkins
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
*Attorneys for Plaintiff*


E. Todd Presnell
Bradley Arant Boult Cummings LLP
Roundabout Plaza, 1600 Division Street, Suite 700
Nashville, Tennessee 37203

Alissa K. Christopher
Cozen O'Connor, P.C.
1717 Main Street, Suite 3100
Dallas, Texas 75201

*Attorneys for Defendant ESIS, Inc.*


Alfred C. Warrington, V
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, Tennessee 37203

*Attorneys for Defendant ACE American Insurance Company*

/s/Andrew J. Pulliam

100587879.3