# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TRACTOR SUPPLY COMPANY,** | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 3:21-cv-0619** |
| v. | ) |
| | ) **Judge William Campbell** |
| **ACE AMERICAN INSURANCE CO.,** | ) |
| **UNIFIRST CORPORATION and** | ) **Magistrate Judge Holmes** |
| **ESIS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to the Court's Order Regarding Progression of Related Cases (Docket Entry "D.E." 50), and from review of the parties' proposed initial case management order (D.E. 60) and the entire record, the following case management schedule and plan is adopted:

    **A.**    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before **November 15, 2021**.

    **B.**    **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than **March 31, 2022**, the parties agree to participate in a mediation and are therefore directed to do so by that date. The mediator's report shall be filed in accordance with Local Rule 16.05(b). The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work."

1

The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state: (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference for a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

      **C.**      **DISCOVERY:** The parties must complete all written discovery and depose all fact witnesses on or before **July 29, 2022**. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

      No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by no later than **July 1, 2022**, unless otherwise ordered by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per

affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

      **D.**      **MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties must be filed by no later than **January 7, 2022** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

      **E.**      **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff must identify and disclose all expert witnesses and expert reports on or before **August 29, 2022**. The defendant must identify and disclose all expert witnesses and reports on or **September 29, 2022**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **November 17, 2022**.

      **F.**      **SUBSEQUENT CASE MANAGEMENT CONFERENCE**. A subsequent case management conference shall be held telephonically using the Court's conference line on

**May 19, 2022 at 11:00 a.m. (CDT)**[1] to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Counsel shall discuss these matters in advance, and, if at the time for which the subsequent case management conference is scheduled, the parties are in agreement that there are no matters requiring the Court's attention (including any requested modifications to the case management schedule), they may notify the Court at least 3 business days in advance of the scheduled subsequent case management conference and request removal of the case management conference from the Court's docket.

G. **DISPOSITIVE MOTIONS:** Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **February 1, 2023**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

H. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The **jury** trial of this action is expected to last **approximately 10 to 15 days**.[2] A trial date no earlier than

---

[1] The parties' attention is directed to the time of the call, which is different than the proposed time, but which is necessary to accommodate the Court's schedule.

[2] The parties are reminded of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. If the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting

4

**August 15, 2023** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.