## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**TRACTOR SUPPLY COMPANY,**

        **Plaintiff,**

   **v.**

**ACE AMERICAN INSURANCE COMPANY, UNIFIRST CORPORATION and ESIS, INC.,**

        **Defendant.**

**Civil Case No. 3:21-cv-00619**

**Judge William Campbell**
**Magistrate Judge Holmes**

### DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant ACE American Insurance Company ("ACE"), through its undersigned attorneys, files this Answer to Plaintiff's Third Amended Complaint, subject to its Motion to Dismiss Counts 26, 27, and 28 of that Complaint. ACE responds to the specific allegations of Plaintiff's Third Amended Complaint (the "Complaint") in accordance with the order and number of the paragraphs in which they are set out, as follows:

### Introduction

1.     ACE denies the allegations contained in Paragraph 1 of the Complaint

### Parties

2.     ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Tractor Supply's corporate organization, principal place of business, and citizenship. Any remaining allegations of Paragraph 2 are denied.

3.     In response to Paragraph 3 of the Complaint, ACE admits that it is a Citizen of Pennsylvania for the purposes of 28 U.S.C. § 1332.

4.      ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning UniFirst's corporate organization, principal place of business, and citizenship. Any remaining allegations of Paragraph 4 are denied.

5.      ACE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning ESIS's corporate organization, principal place of business, and citizenship. Any remaining allegations of Paragraph 5 are denied.

## Jurisdiction and Venue

6.      In response to Paragraph 6 of the Complaint, ACE admits that there is diversity of citizenship between it and the Plaintiff.  ACE denies that Plaintiff is entitled to "millions of dollars" but admits this Court's jurisdictional minimum is satisfied. Any remaining allegations of Paragraph 6 are denied.

7.      ACE denies the allegations in Paragraph 7 of the Complaint.

8.      ACE admits that it regularly does business in the State of Tennessee, and on that ground has sufficient minimum contacts with Tennessee to subject to personal jurisdiction here. ACE denies the remaining allegations of Paragraph 8 of the Complaint.

9.      ACE admits that this Court has venue over this case but denies that a "substantial part of the events or omissions giving rise to the claim" as against ACE occurred in the Middle District of Tennessee.  ACE further denies that it has "committed extensive acts within this District."

## Facts

10.      ACE admits that Plaintiff entered into a contract with UniFirst dated August 16, 2010.  That contract speaks for itself.  ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

The remaining allegations relate to Defendants UniFirst and ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 10 are denied.

11. ACE admits, upon information and belief, that the referenced contract contains the quoted language. However, the terms of any referenced contract speak for themselves and ACE is without sufficient information or belief as to the truth of the quoted contract language. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint. The remaining allegations relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 11 are denied

12. ACE admits, upon information and belief, that the referenced contract contains the quoted language. The terms of any contract speak for themselves. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint. The remaining allegations relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 12 are denied.

13. ACE states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint. The remaining allegations relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 13 are denied.

14. ACE states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 14 are denied.

15. ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 15 are denied.

16. ACE states that the terms of any referenced contract speak for themselves. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 16 are denied.

17. ACE states that the terms of any referenced contract speak for themselves. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint. The allegations appear to relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 17 are denied.

18. ACE states that the terms of any referenced contract speak for themselves. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint. The allegations appear to relate to

Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 18 are denied.

19.     ACE states that the terms of any referenced contract speak for themselves. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint. The allegations appear to relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 19 are denied.

20.     ACE states that the terms of any referenced contract speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint. The allegations appear to relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 20 are denied.

21.     ACE states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 21 are denied.

22.     At this time, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis demands strict proof thereof. Any remaining allegations of Paragraph 22 are denied.

23.     In response to Paragraph 23 of the Complaint, ACE admits that a claim involving a Tractor Supply customer in Clewiston, Hendry County, Florida was assigned a claim number 004169-038486, that the customer alleged injuries, that a mat was retrieved from Clewiston, Hendry County, Florida, and that the allegations indicate the incident occurred on May 22, 2019. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint, and on that basis denies each and every allegation contained therein.

24.     ACE admits that Unifirst was the named insured on a Commercial General Liability policy issued by ACE, and that the policy was in effect at the time of the alleged incident on May 22, 2019. ACE states that policy is a document which speaks for itself and is the best evidence of the terms, exclusions, conditions, endorsements, and any other provisions contained therein. ACE states that the terms of any referenced certificates of insurance speak for themselves, and further denies that a Certificate of Liability of Insurance represents is evidence of coverage. ACE states that the ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 24 are denied.

25.     ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 25 are denied.

26. At this time, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis demands strict proof thereof.

27. At this time, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis demands strict proof thereof.

28. At this time, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that basis demands strict proof thereof. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 28 are denied.

29. ACE states that the terms of its insurance policies speak for themselves and are the best evidence of the terms, exclusions, conditions, and any other provisions contained therein. ACE denies the portion of the allegation that states that any requirements under the policy were "far in excess of the norm." At this time, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and on that basis demands strict proof thereof.

30. ACE states that this Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 30 of the Complaint.

31. ACE states that this Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 31 of the Complaint.

32.     At this time, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis demands strict proof thereof.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 32 are denied.

33.     ACE denies the allegations of Paragraph 33 of the Complaint.

34.     ACE denies the allegations of Paragraph 34 of the Complaint.

35.     ACE states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. The allegations appear to relate to Defendant UniFirst.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 35 are denied.

36.     ACE states that this Paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, ACE denies the allegations in Paragraph 36 of the Complaint.

37.     ACE denies the allegations of Paragraph 37 of the Complaint.

38.     ACE denies any allegations contained in Paragraph 38 of the Complaint, and in its subparagraphs A through JJJ, that the Defendant has committed gross misconduct in connection with any of the listed claims.  ACE likewise denies any allegation that Tractor Supply was or is entitled to coverage simply because the underlying incidents occurred.  Rather, coverage for each claim must be determined individually.  In this regard, ACE also states, upon information and belief, that UniFirst and Tractor Supply had a protocol in place for determining liability between them based upon the number of days mats were on the store floors.  That protocol formed part of the contract between Tractor Supply and UniFirst and dictated how claims were addressed with ESIS and ACE. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in subparagraphs A through JJJ of Paragraph 38 of the Complaint, and on that basis demands strict proof thereof.

39.     ACE denies the allegations of Paragraph 39 of the Complaint.

40.     ACE denies the allegations of Paragraph 40 of the Complaint.

41.     ACE denies the allegations of Paragraph 41 of the Complaint.

42.     ACE states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint. The allegations appear to relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 42 are denied.

43.     ACE states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint. The allegations appear to relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 43 are denied.

44.     ACE states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 44 are denied.

45.    ACE states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. The allegations appear to relate to Defendants UniFirst and/or ESIS.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 45 are denied.

46.    ACE states that this Paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, ACE denies the allegations in Paragraph 46 of the Complaint.

47.    ACE denies the allegations of Paragraph 47 of the Complaint.

48.    ACE denies the allegations of Paragraph 48 of the Complaint.

49.    ACE denies the allegations of Paragraph 49 of the Complaint.

50.    ACE denies the allegations of Paragraph 50 of the Complaint.

51.    ACE states that this Paragraph asserts legal conclusions to which no response is required. The allegations appear to relate to Defendants UniFirst and/or ESIS. To the extent a response is required, ACE denies the allegations in Paragraph 51 of the Complaint.

52.    ACE denies the allegations of Paragraph 52 of the Complaint.

53.    ACE denies the allegations of Paragraph 53 of the Complaint.

**Count One: Breach of Contract (as to ACE)**

54.    ACE incorporates and realleges its responses to paragraphs 1-53 of the Complaint.

55.    ACE states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 55 are denied.

56. ACE denies the allegations of Paragraph 56 of the Complaint.

57. ACE denies the allegations of Paragraph 57 of the Complaint.

58. ACE denies the allegations of Paragraph 58 of the Complaint.

59. ACE denies the allegations of Paragraph 59 of the Complaint.

60. ACE denies the allegations of Paragraph 60 of the Complaint.

61. ACE denies the allegations of Paragraph 61 of the Complaint.

## Count Two: Breach of Contract (as to ACE)

62. ACE incorporates and realleges its responses to paragraphs 1-61 of the Complaint.

63. ACE denies the allegations of Paragraph 63 of the Complaint.

64. ACE denies the allegations of Paragraph 64 of the Complaint.

65. ACE denies the allegations of Paragraph 65 of the Complaint.

66. ACE denies the allegations of Paragraph 66 of the Complaint.

## Count Three: Breach of Contract (as to ACE)

67. ACE incorporates and realleges its responses to paragraphs 1-66 of the Complaint.

68. ACE denies the allegations of Paragraph 68 of the Complaint.

69. ACE denies the allegations of Paragraph 69 of the Complaint.

70. ACE denies the allegations of Paragraph 70 of the Complaint.

71. ACE denies the allegations of Paragraph 71 of the Complaint.

## Count Four: Breach of the Contract (As to UniFirst and ESIS)

72. ACE incorporates and realleges its responses to paragraphs 1-71 of the Complaint.

73. The allegations are directed to Defendants UniFirst and ESIS and therefore require

no response. To the extent a response is required, ACE is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint. Any remaining allegations of Paragraph 73 are denied.

74.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint. Any remaining allegations of Paragraph 74 are denied.

75.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint. Any remaining allegations of Paragraph 75 are denied.

## **Count Five: Breach of the Contract (As to UniFirst and ESIS)**

76.     ACE incorporates and realleges its responses to paragraphs 1-75 of the Complaint.

77.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint. Any remaining allegations of Paragraph 77 are denied.

78.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint. Any remaining allegations of Paragraph 78 are denied.

79.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint. Any remaining allegations of Paragraph 79 are denied.

## Count Six: Breach of the Contract (As to UniFirst and ESIS)

80. ACE incorporates and realleges its responses to paragraphs 1-79 of the Complaint.

81. The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 81 are denied.

82. The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 82 are denied.

83. The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint. Any remaining allegations of Paragraph 83 are denied.

84. The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint. Any remaining allegations of Paragraph 84 are denied.

## Count Seven: Tortious Interference (As to UniFirst and ESIS)

85.     ACE incorporates and realleges its responses to paragraphs 1-84 of the Complaint.

86.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 86 are denied.

87.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint. Any remaining allegations of Paragraph 87 are denied.

88.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint. Any remaining allegations of Paragraph 88 are denied.

89.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 89 are denied.

90.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT-PAGE 14

Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 90 are denied.

91.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint. Any remaining allegations of Paragraph 91 are denied.

### Count Eight: Inducement of Breach of Contract (As to UniFirst and ESIS)

92.     ACE incorporates and realleges its responses to paragraphs 1-91 of the Complaint.

93.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint. Any remaining allegations of Paragraph 93 are denied.

94.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint. Any remaining allegations of Paragraph 94 are denied.

95.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 95 are denied.

96.     ACE denies the allegations of Paragraph 96 of the Complaint.

97.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 97 are denied.

98.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint. Any remaining allegations of Paragraph 98 are denied.

### Count Nine: Breach of Fiduciary Duty (as to UniFirst and ESIS)

99.     ACE incorporates and realleges its responses to paragraphs 1-98 of the Complaint.

100.    The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 100 are denied.

101.    The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 101 are denied.

102.    The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 102 are denied.

103.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint. Any remaining allegations of Paragraph 103 are denied.

**Count Ten: Fraudulent Misrepresentation and/or Fraudulent Concealment (As to ACE)**

104.     ACE incorporates and realleges its responses to paragraphs 1-103 of the Complaint.

105.     ACE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint, which related to UniFirst, and on that basis demands strict proof thereof.

106.     ACE denies the allegations in Paragraph 106.

107.     ACE denies the allegations in Paragraph 107.

108.     ACE denies the allegations in Paragraph 108.

109.     ACE denies the allegations in Paragraph 109.

110.     ACE denies the allegations in Paragraph 110.

111.     ACE denies the allegations in Paragraph 111.

**Count Eleven: Fraudulent Misrepresentation and/or Fraudulent Concealment (As to UniFirst)**

112.     ACE incorporates and realleges its responses to paragraphs 1-111 of the Complaint.

113.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage.

ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 113 are denied.

114.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 114 are denied.

115.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 115 are denied.

116.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Complaint. The remaining allegations relate to Defendants UniFirst and ESIS. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 116 are denied.

117.    The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint. Any remaining allegations of Paragraph 117 are denied.

## Count Twelve:  Negligent Misrepresentation (as to ACE)

118.  ACE incorporates and realleges its responses to paragraphs 1-117 of the Complaint.

119.  ACE states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint, which relate to Defendant UniFirst, and on that basis demands strict proof thereof.

120.  ACE denies the allegations of Paragraph 120 of the Complaint.

121.  ACE denies the allegations of Paragraph 121 of the Complaint.

122.  ACE denies the allegations of Paragraph 122 of the Complaint.

123.  ACE denies the allegations of Paragraph 123 of the Complaint.

124.  ACE denies the allegations of Paragraph 124 of the Complaint.

125.  ACE denies the allegations of Paragraph 125 of the Complaint.

126.  ACE denies the allegations of Paragraph 126 of the Complaint.

127.  ACE denies the allegations of Paragraph 127 of the Complaint.

128.  ACE denies the allegations of Paragraph 128 of the Complaint.

## Count Thirteen: Negligent Misrepresentation (as to UniFirst)

129.  ACE incorporates and realleges its responses to paragraphs 1-128 of the Complaint.

130.  The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 130 are denied.

131.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage. ACE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131 of the Complaint.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 131 are denied.

132.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 132 are denied.

133.     The allegations are directed to Defendant UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.  Any remaining allegations of Paragraph 133 are denied.

134.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint. Any remaining allegations of Paragraph 134 are denied.

135.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint. Any remaining allegations of Paragraph 135 are denied.

## Count Fourteen: Negligence (as to ACE)

136.     ACE incorporates and realleges its responses to paragraphs 1-135 of the Complaint.

137.     ACE denies the allegations of Paragraph 137 of the Complaint.

138.     ACE denies the allegations of Paragraph 138 of the Complaint.

139.     ACE denies the allegations of Paragraph 139 of the Complaint.

140.     ACE denies the allegations of Paragraph 140 of the Complaint.

141.     ACE denies the allegations of Paragraph 141 of the Complaint.

## Count Fifteen: Negligence (as to UniFirst)

142.     ACE incorporates and realleges its responses to paragraphs 1-141 of the Complaint.

143.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint. The remaining allegations relate to Defendant UniFirst. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 143 are denied.

144.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 144 are denied.

145.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.  Any remaining allegations of Paragraph 145 are denied.

## Count Sixteen: Declaratory Judgment Concerning ACE's Duty to Defend

146. ACE incorporates and realleges its responses to paragraphs 1-145 of the Complaint.

147. This Paragraph sets forth the legal basis for this "Count" (or claim for relief), and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

148. The allegations of Paragraph 148 of the Complaint consist of legal argument to which no response is required. To the extent a response is required, ACE denies the allegations of Paragraph 148 of the Complaint.

149. ACE denies the allegations of Paragraph 149 of the Complaint.

150. In response to Paragraph 150 of the Complaint, ACE admits only that a justiciable controversy exists between Tractor Supply, UniFirst, ESIS, and ACE as to their respective rights and obligations. Any remaining allegations of Paragraph 150 are denied.

151. ACE denies that Plaintiff is entitled to the declaration it seeks in Paragraph 151 of the Complaint.

## Count Seventeen: Declaratory Judgement Concerning ACE's Duty to Indemnify and/or to Provide Coverage to Tractor Supply

152. ACE incorporates and realleges its responses to paragraphs 1-151 of the Complaint.

153. This Paragraph 153 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

154. ACE denies the allegations of Paragraph 154 of the Complaint.

155. ACE denies that Plaintiff is entitled to the declaration it seeks in Paragraph 155 of the Complaint.

156. ACE admits only that a justiciable controversy exists between Tractor Supply, UniFirst, ESIS, and ACE as to their respective rights and obligations. Any remaining allegations of Paragraph 156 are denied.

157. ACE denies that Plaintiff is entitled to the declaration it seeks in Paragraph 157 of the Complaint.

### Count Eighteen: Declaratory Judgment Concerning ACE's Duty to Defend

158. ACE incorporates and realleges its responses to paragraphs 1-157 of the Complaint.

159. This Paragraph 159 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

160. ACE denies the allegations of Paragraph 160 of the Complaint.

161. ACE denies the allegations of Paragraph 161 of the Complaint.

162. ACE denies the allegations of Paragraph 162 of the Complaint.

163. ACE denies the allegations of Paragraph 163 of the Complaint.

### Count Nineteen: Declaratory Judgment Concerning UniFirst Corporation's Duty to Defend

164. ACE incorporates and realleges its responses to paragraphs 1-163 of the Complaint.

165. This Paragraph 165 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

166. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint. To

the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 166 are denied.

167.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Complaint.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 167 are denied.

168.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 168 are denied.

169.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint.  Any remaining allegations of Paragraph 169 are denied.

**Count Twenty: Declaratory Judgment Concerning UniFirst Corporation's Duty to Defend**

170.    ACE incorporates and realleges its responses to paragraphs 1-169 of the Complaint.

171.    This Paragraph 171 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

172.    The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 172 are denied.

173. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 173 are denied.

174. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint. Any remaining allegations of Paragraph 174 are denied.

## Count Twenty-One: Declaratory Judgment Concerning UniFirst Corporation's Duty to Indemnify Tractor Supply

175. ACE incorporates and realleges its responses to paragraphs 1-174 of the Complaint.

176. This Paragraph 176 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

177. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 177 are denied.

178.     The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint. The remaining allegations relate to Defendant UniFirst. Any remaining allegations of Paragraph 178 are denied.

### Count Twenty-Two: Declaratory Judgment Concerning UniFirst Corporation's Duty to Indemnify Tractor Supply

179.     ACE incorporates and realleges its responses to paragraphs 1-178 of the Complaint.

180.     This Paragraph 180 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, ACE denies that Tractor Supply is entitled to the requested relief.

181.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 181 are denied.

182.     The allegations are directed to Defendants UniFirst and ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 182 are denied.

### County Twenty-Three: Promissory Estoppel (As to UniFirst)

183.     ACE incorporates and realleges its responses to paragraphs 1-182 of the Complaint.

184. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 184 are denied.

185. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint. Any remaining allegations of Paragraph 185 are denied.

186. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint. Any remaining allegations of Paragraph 186 are denied.

187. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint. Any remaining allegations of Paragraph 187 are denied.

### County Twenty-Four: Civil Conspiracy (As to All Defendants)

188. ACE incorporates and realleges its responses to paragraphs 1-187 of the Complaint.

189. ACE denies the allegations of Paragraph 189 of the Complaint.

190. ACE denies the allegations of Paragraph 190 of the Complaint.

191. ACE denies the allegations of Paragraph 191 of the Complaint, including the allegations in subparagraphs A through H.

192.    ACE denies the allegations of Paragraph 192 of the Complaint.

193.    ACE denies the allegations of Paragraph 193 of the Complaint.

### County Twenty-Five: Punitive Damages (As to All Defendants)

194.    ACE incorporates and realleges its responses to paragraphs 1-193 of the Complaint.

195.    ACE denies the allegations of Paragraph 195 of the Complaint.

196.    ACE denies the allegations of Paragraph 196 of the Complaint.

197.    ACE denies the allegations of Paragraph 197 of the Complaint.

198.    ACE denies the allegations of Paragraph 198 of the Complaint.

### County Twenty-Six: Statutory Bad Faith (As to ACE)

199.    ACE incorporates and realleges its responses to paragraphs 1-198 of the Complaint.

200.    In response to Paragraph 200 of the Complaint, ACE admits that it issued certain policies of Commercial General Liability insurance to first named insured UniFirst.  ACE denies the remaining allegations of the Paragraph.

201.    ACE denies the allegations of Paragraph 201 of the Complaint.

202.    ACE denies the allegations of Paragraph 202 of the Complaint.

203.    ACE states that this Paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, ACE denies the allegations in Paragraph 203 of the Complaint.

204.    ACE denies the allegations of Paragraph 204 of the Complaint.

205.    The allegations of Paragraph 205 of the Complaint consist of legal argument as to which no response is required. To the extent a response is required, ACE denies the allegations of Paragraph 205 and all subparagraphs A through N.  ACE further denies that Plaintiff is entitled to the relief it seeks.

206. ACE admits that Plaintiff filed (improperly) a Florida Civil Remedy Notice on January 11, 2021, and that ACE responded to the notice. ACE denies the remaining allegations in Paragraph 206 of the Complaint. ACE further denies that Plaintiff is entitled to the relief it seeks.

207. ACE denies the allegations of Paragraph 207 of the Complaint.

208. ACE denies the allegations of Paragraph 208 of the Complaint.

**Count Twenty-Seven: Statutory Bad Faith (As to ACE)**

209. ACE incorporates and realleges its responses to paragraphs 1-208 of the Complaint.

210. In response to Paragraph 210 of the Complaint, ACE admits that it issued certain policies of Commercial General Liability insurance to first named insured UniFirst. ACE denies the remaining allegations of the Paragraph.

211. ACE denies the allegations of Paragraph 211 of the Complaint.

212. ACE denies the allegations of Paragraph 212 of the Complaint.

213. The allegations of Paragraph 213 of the Complaint consist of legal argument as to which no response is required. To the extent a response is required, ACE denies the allegations of Paragraph 213 and all subparagraphs A through E. ACE further denies that Plaintiff is entitled to the relief it seeks.

214. ACE admits that Plaintiff filed (improperly) a Florida Civil Remedy Notice on January 11, 2021, and that ACE responded to the notice. ACE denies the remaining allegations in Paragraph 214 of the Complaint. ACE further denies that Plaintiff is entitled to the relief it seeks.

215. ACE denies the allegations of Paragraph 215 of the Complaint.

216. ACE denies the allegations of Paragraph 216 of the Complaint.

217. ACE denies the allegations of Paragraph 217 of the Complaint.

218. ACE denies the allegations of Paragraph 218 of the Complaint.

219.     ACE denies the allegations of Paragraph 219 of the Complaint.

220.     ACE denies the allegations of Paragraph 220 of the Complaint.

221.     ACE denies the allegations of Paragraph 221 of the Complaint.

222.     ACE admits that Plaintiff filed (improperly) a Florida Civil Remedy Notice on January 11, 2021, and that ACE responded to the notice. ACE denies the remaining allegations in Paragraph 222 of the Complaint. ACE further denies that Plaintiff is entitled to the relief it seeks.

223.     ACE denies the allegations of Paragraph 223 of the Complaint therein.

224.     ACE denies the allegations of Paragraph 224 of the Complaint therein.

**Count Twenty-Eight: Punitive Damages for Bad Faith (As to ACE)**

225.     ACE incorporates and realleges its responses to paragraphs 1-224 of the Complaint.

226.     The allegations of Paragraph 226 of the Complaint consist of legal argument as to which no response is required. To the extent a response is required, ACE denies the allegations of paragraph 226.  ACE further denies that Plaintiff is entitled to the relief it seeks.

227.     ACE denies the allegations of Paragraph 227 of the Complaint therein.

228.     ACE denies the allegations of Paragraph 228 of the Complaint.

229.     ACE denies the allegations of Paragraph 229 of the Complaint.

230.     ACE denies the allegations of Paragraph 290 of the Complaint.

231.     ACE denies the allegations of Paragraph 231 of the Complaint.

232.     ACE denies the allegations of Paragraph 232 of the Complaint.

**Count Twenty-Nine: Statutory Bad Faith (As to ESIS)**

233.     ACE incorporates and realleges its responses to paragraphs 1-232 of the Complaint.

234.     The allegations are directed to Defendant ESIS and therefore require no response. To the extent a response is required, ACE admits that it issued certain policies of Commercial

General Liability insurance to first named insured UniFirst. ACE denies the remaining allegations of the Paragraph.

235. The allegations are directed to Defendant ESIS and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 235 are denied.

236. The allegations are directed to Defendant UniFirst and therefore require no response. To the extent a response is required, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Complaint. Any remaining allegations of Paragraph 236 are denied.

### General Denial

All allegations not specifically admitted or denied are also denied


### Demand for Jury Trial

Plaintiff's jury demand warrants no response.

### Ad Damnum Clause

ACE denies that Plaintiff is entitled to the judgment it seeks.

### AFFIRMATIVE DEFENSES

ACE alleges, on information and belief, the following affirmative defenses. By alleging the following affirmative defenses, ACE does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

ACE alleges that the Complaint fails to state a claim upon which relief can be granted. Among other deficiencies, the Complaint contains multiple counts, each of which adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. This is an improper "shotgun" pleading practice. *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years.").

## SECOND AFFIRMATIVE DEFENSE
### (Bad Faith Claims Must Be Dismissed)

To the extent Plaintiff's bad faith claims are premised upon Florida law, they must be dismissed. Counts 26, 27, and 28 for statutory bad faith are premature and not ripe for adjudication at this time because the Plaintiff's claim for coverage has not yet been adjudicated. Nor has there been a final determination of liability and damages in the underlying Claims.

## THIRD AFFIRMATIVE DEFENSE
### (Conditions Precedent)

ACE owes no duty to afford coverage to Tractor Supply because the contracts of commercial general liability insurance issued by ACE make any and all such duties and obligations contingent upon conditions precedent which have not been satisfied, including, but not limited to, the condition that Tractor Supply and/or UniFirst provide ACE with immediate notice of the alleged occurrence(s) or accident(s) and of subsequent developments.

## FOURTH AFFIRMATIVE DEFENSE
### (Voluntary Payments)

To the extent that Tractor Supply may have voluntarily paid or assumed the obligation to pay or incurred any expenses without ACE's consent or approval, ACE has no obligation or duty to indemnify Tractor Supply for such expense.

### FIFTH AFFIRMATIVE DEFENSE
### (Coverage for Individual Claims)

Plaintiff's claims for entitlement to benefits with respect to each of the Claims must be determined according to the facts and circumstances of each Claim, including, but not limited to, the circumstances of each alleged accident, as well as application of the protocol that UniFirst and Tractor Supply had in place for determining liability between them based upon the number of days mats were on store floors. The protocol formed part of the contract between Tractor Supply and UniFirst, and dictated how claims were addressed, both with ESIS and ACE. Unless a mat supplied by UniFirst to Tractor Supply is shown to be defective, or negligence on the part of UniFirst is established based on the facts of the claim and according to the protocol, no additional insured coverage exists, as per the terms, conditions, limitations, exclusions, and endorsements contained in the insurance policies ACE issued. Under the terms of the policies, additional coverage is only afforded in respect of liability caused, in whole or in part, by UniFirst's actions or where its product is defective. Coverage also is not to be broader than that which UniFirst was required by agreement to provide to Tractor Supply. Further, to the extent that certain of the relief sought in the Claims does not constitute "bodily injury" or "property damage," it is not recoverable. Coverage is also subject to limits of liability in excess of applicable deductible amounts.

### SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages are Unavailable)

The Complaint fails to allege any specific facts that support a claim for punitive damages, let alone willful, wanton or malicious conduct or reckless disregard on the part of ACE. Accordingly, Plaintiff's various requests for punitive damages should be dismissed and/or stricken from the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Accord, Satisfaction, Payment and Release)

Coverage for the underlying actions and underlying claims against the Plaintiff may be barred in whole or in part by reason of accord and satisfaction, payment or release.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel and Laches)

Coverage for the claims against the Plaintiff may be barred by the doctrines of waiver, estoppel and laches.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate its losses.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Tender/Partial Tender)

Plaintiff's claims are barred to the extent Plaintiff seeks herein to recover amounts for defense costs or indemnity which were not sought or tendered prior to the filing of this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Cooperate)

Plaintiff's claims are barred to the extent Plaintiff failed to cooperate in the Claims investigation process and/or failed to provide information needed and/or requested by ACE in order to evaluate the Claims.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by any applicable statute of repose or statute of limitations and any contractual limitations periods set forth in the ACE polices.

## RESERVATION OF RIGHTS

ACE reserves the right to assert and rely upon such other and further defenses, under any and all applicable law(s), as may be supported by the facts to be determined through full and complete discovery in this action.

WHEREFORE, ACE prays for judgment dismissing Plaintiff's Third Amended Complaint with prejudice, that Plaintiff take nothing by virtue of the Third Amended Complaint, that judgment be entered in ACE's favor and awarding ACE attorney's fees, costs and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: _/s/ Alfred C. Warrington V___
Alfred C. Warrington V
Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
E-mail: Alfred.Warrington@clydeco.us

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

**COUNSEL FOR DEFENDANT ACE AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2022, a true and correct copy of the foregoing

was electronically filed with the United States District Court for the Middle District of Tennessee

using the Court's Electronic Case Filing (ECF) system, which will serve all the following parties

indicated on the electronic filing notice to receive service in this matter:

| | |
|---|---|
| Mark M. Bell<br>Kevin T. Elkins<br>WALLER LANSDEN DORTCH & DAVIS LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee 37219<br>Email: mark.bell@wallerlaw.com<br>kevin.elkins@wallerlaw.com<br><br>*Counsel for Plaintiff, Tractor Supply Company* | J. Graham Matherne<br>Andrew J. Pulliam<br>Wyatt Tarrant & Combs LLP<br>333 Commerce Street, Ste. 1050<br>Nashville, TN 37201<br><br>*Counsel for Defendant UniFirst Corp.* |
| E. Todd Presnell<br>Bradley Arant Boult Cummings LLP<br>1600 Division Street, Ste. 700<br>Nashville, Tennessee 37203<br><br>Alissa Christopher<br>Cozen O'Connor<br>1717 Main Street, Ste. 3100<br>Dallas, TX 75201<br><br>*Counsel for Defendant ESIS, Inc.* | |

Date: January 27, 2022.          Respectfully submitted,

  /s/ *Alfred C. Warrington V*
Alfred C. Warrington V
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Alfred.Warrington@clydeco.us

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com