# IN THE U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00619 |
| ) | |
| ACE AMERICAN INSURANCE ) | Judge William Campbell |
| COMPANY, UNIFIRST CORPORATION ) | Magistrate Judge Holmes |
| and ESIS, INC., ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION TO AMEND THE CASE MANAGEMENT ORDER

Plaintiff Tractor Supply Company ("Tractor Supply") and Defendants ACE American Insurance Company ("ACE"), UniFirst Corporation ("UniFirst"), and ESIS, Inc. ("ESIS") hereby jointly move the Court to amend the Initial Case Management Order. (Docket Entry ("D.E." 74).

**I.** **Factual Background**

Despite the parties' diligent efforts to complete discovery before the July 29, 2022 deadline, the parties cannot reasonably complete all necessary discovery absent an extension. Presently, Tractor Supply, UniFirst, and ESIS are engaged in a dispute regarding Tractor Supply's interrogatory responses—a dispute they are attempting to resolve before Defendants begin deposing witnesses—as the resolution of the dispute is necessary prior to the commencement of depositions. This dispute began in early March 2022 and has been the subject or correspondence and resolution efforts since then. The parties met and conferred regarding the dispute in late May, and jointly moved the court for a Case Management Conference to discuss potential avenues to move the case forward. (*See* D.E. 112). The Court granted the Motion. (D.E. 113). On June 2, 2022, the Court held a telephonic Case Management Conference. At the Conference, the parties notified the Court of the interrogatory dispute and their progress toward a resolution, but that they

may need to seek Court intervention if their progress stalls. The parties also informed the Court that given the time remaining for discovery, the parties were unlikely to complete depositions before the July 29, 2022 deadline.

Following the Conference, the parties held a meet and confer, discussing potential solutions to enable timely completion of discovery. Nevertheless, the parties agree that even if they are able to resolve the interrogatory dispute without the Court's intervention, they do not have sufficient time to complete depositions before the present deadline. The parties further agree that resolving the interrogatory dispute prior to deposing witnesses is necessary for many reasons including that the parties need further time to pursue resolution of the interrogatory dispute or, barring such resolution, time to present the dispute to the Court as well as time for production and review of any information that Tractor Supply may be required to produce as part of a resolution or ruling related to the interrogatory dispute.

Once the dispute is resolved and any required information is produced, the parties anticipate taking at least thirteen depositions. The parties, however, have only three shared available dates between now and July 29, 2022 during which they could take depositions. In the event an extension through only the end of September were granted, counsel share just thirteen available dates for depositions, indicating that the parties may need to go into October to complete depositions. Thus, for good cause appearing, the parties move the Court for a 90-day extension of the deadline to complete discovery, which will extend discovery through October 27, 2022.

## II. <u>**Legal Standard**</u>

Federal Rule of Civil Procedure 16(b)(4) permits modification of scheduling orders "for good cause and with consent of the judge." The Sixth Circuit prescribes two relevant considerations for a determination of good cause. First, the movant must establish that the existing

scheduling order "cannot reasonably be met despite the diligence" of that party. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citation omitted). Second, the court must consider "whether the opposing party will suffer prejudice by virtue of the amendment." *Id.*

### III. Discussion

There exists good cause to amend the scheduling order. The parties have diligently engaged in written discovery including multiple document productions by all parties with such productions running between early 2022 and late May. Given the complexity of this case, as it involves sixty distinct underlying claims within the case, productive written discovery is essential to narrow the issues that the parties will focus on in depositions and present to the Court at summary judgment.

The Defendants dispute the sufficiency of Tractor Supply's interrogatory responses. The parties have thus far worked collaboratively to resolve the dispute without aid of the Court and are continuing in their efforts. They agree they must resolve the dispute before Defendants begin deposing Tractor Supply's witnesses.

Even if the dispute were already resolved, however, the parties have had significant challenges finding dates they are all available to conduct depositions. If an extension is not granted, the parties would only have three days to conduct at least thirteen depositions (which may involve many more than thirteen depositions if all or some of the claimants from the underlying cases also need to be deposed). In fact, because only three days are available for depositions prior to the July 29 deadline and there are at least thirteen depositions to be scheduled, Defendants have not yet noticed depositions given the absence of available dates for such deposition notices (although specific requested deponents have been named and deposition notices have been prepared and are ready to be served once the dates are selected). To complete the anticipated

thirteen-plus depositions, the parties require the deadline to complete depositions be extended into October. Thus, the existing deadline in the scheduling order cannot reasonably be completed absent an extension.

The parties agree that they will not suffer prejudice if an extension is granted. All parties are in agreement to the need for the requested extensions. And the requested discovery extension will not necessitate extending the dispositive motion deadline or trial date. Accordingly, the parties have jointly filed a proposed amended scheduling order together with this Motion.

## IV. Conclusion

For the foregoing reasons, the parties respectfully request that the Court amend the Initial Case Management Order, (D.E. 74), to extend the discovery deadline and other relevant deadlines by ninety (90) days.

    Respectfully submitted,

    /s/ Mark M. Bell
    Mark M. Bell (Tenn. BPR No. 029048)
    David J. Zeitlin (Tenn. BPR No. 037664)
    WALLER LANSDEN DORTCH & DAVIS LLP
    511 Union Street, Suite 2700
    Nashville, Tennessee 37219
    Phone: (615) 244-6380
    Email: mark.bell@wallerlaw.com
           david.zeitlin@wallerlaw.com

    /s/ Andrew J. Pulliam
    Andrew J. Pulliam (Tenn. BPR No. 016863)
    apulliam@wyattfirm.com
    J. Graham Matherne (Tenn. BPR No. 011294)
    gmatherne@wyattfirm.com
    Wyatt, Tarrant & Combs, LLP
    333 Commerce Street, Suite 1050
    Nashville, Tennessee 37201
    (615) 244-0020 / Fax (615) 256-1726

    *Attorneys for Defendant UniFirst Corporation*

<u>/s/ Alissa Christopher</u>
Alissa Christopher (*Pro Hac Vice*) (Texas Bar No. 11531020)
akchristopher@cozen.com
Cozen O'Connor
1717 Main Street, Ste. 3100
Dallas, TX 75201
(214) 462-3036/ (214) 462-3299 (fax)

E. Todd Presnell
1600 Division Street, Ste. 700
Nashville, Tennessee 37203

*Attorneys for Defendant ESIS, Inc.*


<u>/s/ Alfred C. Warrington</u>
Alfred C. Warrington, V (*Pro Hac Vice*)
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Alfred.warrington@clydoco.us

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

*Attorneys for Defendant Ace American Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties indicated on the electronic filing notice to receive service in this matter:

J. Graham Matherne
Andrew J. Pulliam
Wyatt Tarrant & Combs LLP
333 Commerce Street, Ste. 1050
Nashville, TN 37201

*Attorneys for Defendant UniFirst Corporation*

Alfred C. Warrington, V
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, FL 33131

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203

*Attorneys for Defendant ACE American Insurance Company*

E. Todd Presnell
Bradley Arant Boult Cummings LLP
1600 Division Street, Ste. 700
Nashville, Tennessee 37203

Alissa Christopher
Cozen O'Connor
1717 Main Street, Ste. 3100
Dallas, TX 75201

*Attorneys for Defendant ESIS, Inc.*

on this the 9th day of June, 2022.

          /s/ Mark M. Bell