IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRACTOR SUPPLY COMPANY ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00619 |
| ) | Judge Campbell |
| ACE AMERICAN INSURANCE ) | Magistrate Judge Holmes |
| COMPANY, UNIFIRST CORPORATION ) | |
| and ESIS, INC. ) | |

**FIRST MODIFIED CASE MANAGEMENT ORDER**

A status/case management conference was held on June 2, 2022. Counsel participating were: Mark Bell and David Zeitlin for Plaintiff; Alfred Warrington and Bryan Jakes for Defendant ACE American Insurance; Graham Matherne and Andrew Pulliam for Defendant Unifirst Corporation; and, Todd Presnell for Defendant ESIS, Inc. Because the parties requested an extension of at least the discovery deadline and perhaps others, the Court instructed counsel to confer and file a motion to amend the case management order, which they jointly did (Docket No. 114) and which is GRANTED as provided below.

In granting the parties' motion, the Court notes that the parties specifically requested an extension of the discovery deadline and generally requested extensions of "other relevant deadlines" by 90 days. (Docket No. 114 at 4.)[1] However, this is not consistent with the proposed new deadlines in the modified case management order submitted by the parties (Docket No. 115),

---

[1] This is not in compliance with the Court's standard requirements for motions to modify the case management order, which are included in the Court's form order that the parties were instructed to utilize. *See* Docket No. 50 at 3 n.1. The Court has now realized that the parties' proposed case management order (Docket No. 60) omitted the Court's required procedures. An earlier version (Docket No. 47) included the required procedures and there is no apparent reason why the procedures were omitted in the later proposed order. The Court supposes it may have resulted from the unusual procedural posture of the original two related cases. Regardless, the Court's required procedures for requests to modify case management orders are imposed below.

which extends the fact discovery deadlines and expert disclosures/discovery deadlines (but not by 90 days), but no other deadlines. Instead, the parties' proposed modified case management order includes a provision for dispositive motions with unchanged deadlines. The proposed order also includes the proposed target trial date that was previously requested, even though trial has already been set. As a result, the Court has spent an inordinate amount of time attempting to sort out the parties' intentions. This is precisely what the Court intended to avoid when it instructed counsel during the June 2 status conference to further confer about any requested modifications. To the best of the Court's discernment, the parties are requesting only extensions of the fact discovery and expert disclosures/discovery deadlines, but not dispositive motion deadlines or any modification of the trial date.

Accordingly, from review of the parties' proposed amended case management order (Docket No. 115) and the entire record, the case management schedule and plan is modified as follows:[2]

**A.     DISCOVERY:** The deadline to complete written discovery and fact witness depositions is extended to **October 27, 2022**. Completion of written discovery and scheduling of depositions must proceed promptly.[3] The deadline for filing discovery-related motions is extended to **October 27, 2022**, unless otherwise permitted by the Court. The parties are reminded that any unresolvable discovery disputes must be brought promptly to the Court's attention in accordance with the discovery dispute resolution procedures and the filing of a joint motion for a discovery

---

[2] Certain deadlines were modified because the parties' proposed deadlines fell on weekends.

[3] Given the number of depositions the parties anticipate taking, they would be well-served to go ahead and schedule those depositions, which can be scheduled toward the end of the discovery period to allow for resolution of any discovery disputes, but which will avoid any last-minute scheduling conflicts, which the parties should not presume will be accommodated by further extension of the discovery deadlines.

conference. Failure to timely attempt resolution of discovery disputes and seek court intervention may have adverse consequences. All other discovery provisions, including for resolution of discovery disputes, remain unchanged.

B. **DISCLOSURE AND DEPOSITION OF EXPERTS:** The plaintiff must identify and disclose all expert witnesses and expert reports on or before **October 31, 2022**. The defendant must identify and disclose all expert witnesses and reports on or before **November 29, 2022**. Expert depositions must be completed by **December 19, 2022**. All other provisions for expert disclosures and discovery remain unchanged.

C. **MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) confirmation by counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**D. OTHER CASE MANAGEMENT DEADLINES AND PROVISIONS:** All other case management deadlines and provisions found in prior orders and not modified herein remain in place and in full force and effect.

Similarly, the trial date and the pretrial schedule (Docket No. 76) remain unchanged.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge