UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY,<br><br>**Plaintiff,**<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, UNIFIRST CORPORATION, and ESIS, INC.,<br><br>**Defendants.** | Case No. 3:21-cv-00619<br>Judge William Campbell<br>Magistrate Judge Holmes<br><br>Jury Demanded. |

## JOINT DISCOVERY DISPUTE STATEMENT

Pursuant to the Case Management Order entered November 1, 2021 (DE # 74) and the Modified Case Management Order entered June 15, 2022 (DE # 116), parties Tractor Supply Company ("Tractor Supply"), UniFirst Corporation ("UniFirst"), and ESIS, Inc. ("ESIS") submit the following joint discovery dispute statement. The dispute, explained below, arises from Plaintiff Tractor Supply Company's Response to Defendant UniFirst Corporation's First Set of Interrogatories ("UniFirst Rogs Responses"), Plaintiff Tractor Supply Company's Response to Defendant ESIS, Inc.'s First Set of Interrogatories ("ESIS Rogs Responses"), and Plaintiff Tractor Supply Company's Supplemental Responses To Defendant UniFirst Corporation and ESIS, Inc.'s First Sets of Interrogatories (the "Supplemental Responses"). The UniFirst Rogs Responses, ESIS Rogs Responses, and Supplemental Responses are attached hereto as Collective Exhibit A.

The dispute arises under Fed. R. Civ. P. 26(b)(1) and 33(b) & (d). Tractor Supply relied, in part, on Rule 33(d) in UniFirst Rogs Responses 5, 10, 11, 12, 13, 19, and 20 and in ESIS Rogs Responses 7, 8, 10, and 15 (collectively, the "Disputed Responses").

Rule 33(d) provides:

(d) OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed.R.Civ.P. 33(d). In addition, Rule 33(b)(3) provides:

(b) ANSWERS AND OBJECTIONS.
…

(3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

Fed.R.Civ.P. 33(b)(3). As explained in the parties' specific positions below, the parties dispute whether the Disputed Responses are sufficient to comply with these rules. UniFirst and ESIS submit that the Disputed Responses do not sufficiently specify the records relied on by Tractor Supply by bates number or otherwise. Tractor Supply submits that the Disputed Responses do sufficiently specify the records relied on by Tractor Supply and direct UniFirst and ESIS to the responsive documents by bates number as requested.

The parties have attempted to resolve the present dispute. In addition to the communications between counsel dated March 8, 2022, April 21, 2022, May 12, 2022, May 13, 2022, May 25, 2022, June 21, 2022, and June 27, 2022, attached hereto as Collective Exhibit B, the parties certify that lead counsel for Tractor Supply, UniFirst, and ESIS met in person on May 26, 2022 in a good faith effort to resolve the disputes. After that meeting, Tractor Supply served its Supplemental Responses on June 14, 2022, and UniFirst and ESIS sent letters asserting

remaining deficiencies on June 21 and June 27, respectively. Tractor Supply's counsel responded via email on June 28 that "Tractor Supply will not be further supplementing it['s] responses." Thus, despite the efforts among counsel, the dispute outlined herein remains unresolved.

I.  **UniFirst's Position Regarding the Dispute**

UniFirst's position regarding Tractor Supply's obligations under Rule 33(d) is that Tractor Supply must precisely specify the documents where responsive information can be found for each applicable interrogatory. "When relying on Rule 33(d), the responding party must 'precisely specif[y] for *each* interrogatory . . . the actual documents where information will be found.'" *Johnson Marcraft, Inc. v. Western Surety Company*, 2016 WL 3655299 at *2 (M.D. Tenn. July 8, 2016) (quoting *SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D. N.C. 2002)) (emphasis in original). Accordingly, under Rule 33(d)(1), Tractor Supply must precisely specify for each response to UniFirst Interrogatories 5, 10, 11, 12, 13, 19, and 20 the actual documents where responsive information will be found. Those interrogatories are specific in the scope of the information requested about Tractor Supply's contentions in the Third Amended Complaint.[1]

---

[1]  Interrogatory 5 asked Tractor Supply to describe in detail how any mats provided by UniFirst were defective including describing the specific alleged defect related to each mat.
  Interrogatory 10 asked Tractor Supply to state in detail each fact supporting the allegations in Paragraph 40 that the Defendants have engaged in a pattern and practice of deliberately and unlawfully avoiding their legal obligations by systematically denying Tractor Supply's claims in multiple cases without any legal justification.
  Interrogatory 11 asked Tractor Supply to state in detail each fact supporting the allegations in Paragraph 41 that Defendants have wrongfully refused Tractor Supply's claims because of actions of UniFirst and ESIS actively taking steps with ACE to prevent Tractor Supply from accessing coverage.
  Interrogatory 12 asked Tractor Supply to state in detail each fact supporting the allegations in Paragraph 44 that the Certificates of Insurance UniFirst provided did not reveal that the insurance policies did not provide to Tractor Supply the coverage bargained for but that UniFirst and ESIS had arranged a process wherein UniFirst could deny coverage to Tractor Supply.
  Interrogatory 13 asked Tractor Supply to state in detail each fact supporting the allegations in Paragraph 47 that what UniFirst and ESIS created operated like a self-insured retention and that the deductible was an insurance controlled deductible meaning that neither ACE nor ESIS can take any action on the claim until UniFirst pays its deductible.

The Supplemented Responses to UniFirst Interrogatory 5 and ESIS's Interrogatory 15 remain deficient because they still do not meet the Rule 33(d) requirements. Tractor Supply identified documents by Bates number for only five of the 61 underlying claims, saying that UniFirst and ESIS can go find similar documents for the remaining 56 claims. However, the Court has stated that the following requirements are necessary to satisfy the Rule.

> The plain language of Rule 33(d) thus requires that a party may use that rule to answer interrogatories only when three requirements are met: (1) the answer to the interrogatory may be determined from the business records: (2) the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party responding to the interrogatory; and, (3) *the specification is in sufficient detail to permit the interrogating party to identify, as readily as the responding party could, the records from which the answer may be ascertained*.

*Id.* (emphasis added). This is especially the case regarding contention interrogatories, because

> [o]nly the party knows what facts and information it has relied upon to support the allegations made in its complaint or in its answer. *It would therefore be necessary for the interrogating party to be able to read the responding party's mind before it could discern the answers to contention interrogatories from business records. Even if the interrogating party could read the responding party's mind, that alone is no guarantee that the interrogating party could discern the answers to its interrogatories from business records, since there is no way to know whether the interrogating party would view certain facts and occurrences the same way that the responding party does*, a fact which is evidenced by the present discovery dispute.

*Id.* (emphasis added).

It does not comply with Rule 33(d) for Tractor Supply to tell Defendants to go search for, or discern from, the documents and information that Tractor Supply alleges support its contentions

---

Interrogatory 19 asked Tractor Supply to state in detail each fact supporting the allegations in Paragraph 114 that UniFirst fraudulently misrepresented and/or concealed from Tractor Supply that UniFirst had retained the ability to deny coverage to Tractor Supply.

Interrogatory 20 asked Tractor Supply to state in detail each fact supporting the allegations in Paragraph 131 that when UniFirst provided insurance certificates to Tractor Supply, UniFirst negligently omitted that UniFirst had retained the ability to deny coverage to Tractor Supply.

4

Case 3:21-cv-00619   Document 121   Filed 07/05/22   Page 4 of 13 PageID #: 2752

that UniFirst's mats were defective. UniFirst cannot read Tractor Supply's mind to determine which documents it alleges supports such contentions, and even if UniFirst could do so, that does not guarantee UniFirst could find the documents and records which contain the information that Tractor Supply is relying on. The Court's analysis and rulings in *Johnson Marcraft* make clear that specifying documents regarding only five of the 61 underlying claims does not satisfy the Rule 33(d) requirement. Therefore, Tractor Supply should be ordered to further supplement its response to Interrogatory 5 to specify all documents containing responsive information.

For these same reasons, the supplemented responses to UniFirst Interrogatories 10, 11, 12, 13, 19, and 20 are incorrect that Tractor Supply can meet its Rule 33(d) burden by "highlighting representative examples of Defendants' conduct." Again, Defendants are not required to read Tractor Supply's mind to discern the answers to these interrogatories from all of the records produced by Tractor Supply. Tractor Supply's supplemental responses to those interrogatories do refer back to the documents listed in the supplemental response to Interrogatory 9, but those responses state that those are merely "representative examples" of documents that it asserts contain responsive information to the subject matter of those interrogatories. Therefore, Tractor Supply should be ordered to further supplement its responses to Interrogatories 10, 11, 12, 13, 19, and 20 to specify all documents containing responsive information.

Finally, the burden of ascertaining answers from the documents produced by Tractor Supply is not substantially the same for UniFirst as it is for Tractor Supply. The large number of documents produced and pointed to by Tractor Supply as "where the answers can be found" are Tractor Supply's documents. Tractor Supply knows which ones are responsive to the specific areas of inquiry set forth in the UniFirst Interrogatories. Even in a searchable format, Tractor Supply's position is one that creates the strong likelihood for UniFirst not locating all documents

5

which Tractor Supply knows are there and which can be easily and specifically identified by them, as required under Rule 33(d).

## II. ESIS's Position Regarding the Dispute

ESIS contends that in order for Tractor Supply to rely on Rule 33(d) in response to ESIS's Interrogatories, Tractor Supply must "precisely specify for *each* interrogatory … the actual documents where information will be found", which it has not done. *See generally, Johnson Marcraft,* 2016 WL at *5-6 (internal citations omitted).

ESIS also contends that Tractor Supply may not rely on Rule 33(d) in responding to contention interrogatories that seek inherently subjective information. The facts and information on which Tractor Supply relied upon in forming its claims are within the scope of discovery under Fed. R. Civ. P. 26. And as this Court explained in *Johnson Marcraft*, "Rule 33(d) cannot be used with respect to contention interrogatories." *Id.* ESIS Interrogatories 7, 8, 10, and 15 are contention interrogatories, seeking documents and information on which Tractor Supply has based its allegations against ESIS in this lawsuit:

- Interrogatory 7 asked Tractor Supply to "[i]dentify each provision of the 2010 Contract, 2017 Contract, and any CGL Policies, which [Tractor Supply] claim[s] were breached by ESIS" and to describe the facts and information that Tractor Supply claims support its contention with respect to those contract and/or policy provisions.

- Interrogatory 8 asked Tractor Supply to "[i]dentify and describe any obligation, or legal duty which [Tractor Supply] claim[s] ESIS owed to [Tractor Supply] under the 2010 Contract, 2017 Contract, or CGL Policies" including the provision(s) of those contracts and/or policies that Tractor Supply claims establish those legal duty(ies).

- Interrogatory 10 asked Tractor Supply to "[i]dentify and describe all communications of any kind [Tractor Supply] received from ESIS, which [Tractor Supply] contends contained any misrepresentation" including, among other objective details, Tractor Supply's basis for contending the communication(s) contained a misrepresentation.

6

- Interrogatory 15 asked that Tractor Supply, "[f]or each distinct PI Claim identified in Plaintiff's Third Amended Complaint, ECF 89, at ¶¶ 22, 23, 38, and 205, identify and describe any documents, communications, or facts which [Tractor Supply] claim[s] support [its] contention that the damages alleged by the claimant(s) in each distinct PI Claim were 'a direct result of UniFirst's product.'" Quoting ECF 89, ¶ 28.

Only Tractor Supply "knows what facts and information it has relied upon to support the allegations made in its complaint" and, therefore, Tractor Supply's reliance on Rule 33(d) in response to ESIS Interrogatories 7, 8, 10, and 15 is improper where the burden of ascertaining this inherently subjective information from business records "is not even close to substantially the same" for ESIS. *See generally, Id.* Thus, ESIS contends that Tractor Supply must respond to ESIS Interrogatories 7, 8, 10, and 15 separately and fully, without relying on Rule 33(d).

Following a discussion of the preceding disputes between counsel for the interested parties, Plaintiff served its Supplemental Rogs Responses. However, in its supplemental response to ESIS's Rogs 7, 8, 10, and 15, Plaintiff merely offered what it claims are "representative examples" of the information sought, in lieu of complete answers to each request at issue. Moreover, Plaintiff has answered ESIS Rogs 7 and 8 "together, as the responses thereto substantially overlap." ESIS contends that Plaintiff's supplemental answers – consisting of a few hand-picked exemplars and an evasive combined response – are patently inadequate under Rule 33(b)(3). To that end, ESIS contends that Plaintiff must answer each of its interrogatories "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); *See Essex Builders Grp. Inc. v. Amerisure, Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (answers to interrogatories must be "responsive, full, complete and non-evasive"). Additionally, in effort to compromise and resolve the disputes herein without need for Court intervention, ESIS, by letter dated June 27, 2022, offered Tractor Supply several statements of facts concerning its claims against ESIS in this Lawsuit which, if verified, would limit the need

7

Case 3:21-cv-00619   Document 121   Filed 07/05/22   Page 7 of 13 PageID #: 2755

for additional discovery in response to ESIS Rogs 7, 8, and 10. Tractor Supply did not agree to ESIS's offer to compromise the disputes between ESIS and Tractor Supply.

**III.     Tractor Supply's Position Regarding the Dispute**

Tractor Supply contends that it has complied with its discovery obligations, including in the Disputed Responses. Tractor Supply offered reasonable objections to overbroad requests, endeavored to provide substantive responses to the interrogatories at issue and otherwise directed Defendants to the locations in the document production where responsive documents, which elucidate the interrogatory response, may be found, citing Rule 33(d). Comprehensive responses to the interrogatories—as written—would be unduly burdensome and disproportionate to the needs of the case. In addition to answering the interrogatory, Tractor Supply has identified the documents responsive to the at-issue interrogatories by bates number in its Supplemental Responses. That is, notwithstanding the merit of the objection, Tractor Supply's Supplemental Responses have mooted UniFirst's and ESIS's objection.

Again, Tractor Supply has maintained a Rule 26 objection to the at-issue interrogatories as they are unduly burdensome and disproportionate to the needs of the case. The interrogatories, in essence, seek each and every document and communication related to three broad categories of information: (1) Tractor Supply's status as an additional insured; (2) the defects in the mats involved in the underlying claims; and (3) Defendants' wrongful denials of Tractor Supply's demands for insurance coverage. UniFirst and ESIS contend that Tractor Supply must identify all of the documents and communications by bates number. The nature of the case demonstrates that the breadth of the responses requested serves no useful purpose—as Tractor Supply's claims primarily concern a pattern of behavior rather than discrete events—and that Tractor Supply has sufficiently responded to the interrogatories.

Regarding the first category of information, Tractor Supply contends that the 2010 and 2017 Contracts required UniFirst to obtain commercial general liability insurance coverage related to the floor mats for Tractor Supply. UniFirst did so by obtaining insurance certificates naming Tractor Supply as an additional insured under insurance policies UniFirst maintained with ACE American Insurance Company. The documents—the contracts and insurance policies—speak for themselves. As a practical matter, Tractor Supply may reasonably answer the interrogatory by identifying the contracts and examples of the insurance policies at issue by Bates Number. Those are the core documents that a judge or jury would evaluate to determine the parties respective obligations.

That said, there are many other documents and communications that are arguably relevant to Tractor Supply's allegation that it was an additional insured under the applicable insurance policies, including each and every communication with Defendants in which Tractor Supply sought insurance coverage, some of which illustrate the parties' course of dealing. The communications are voluminous and have been produced. That said, identifying each document—among the more than 8,000 documents the parties have produced and the 45,000 pages of material therein—is unduly burdensome and disproportionate to the needs of the case. This is the overarching point, which Defendants have distracted from by focusing on Rule 33(d). Tractor Supply's initial responses were sufficient, and its Supplemental Response, which provides more direction and ample reference to specific bates numbers, is more than sufficient.

Regarding the second category of information, the defects of the mats in the underlying claims, Tractor Supply previously pointed the Defendants to the relevant documentation. The Supplemental Responses provide examples of the types of defects involved. The evidence concerning the defects is contained in Tractor Supply's claim files and the claim file notes. Tractor

9

Supply maintains the claim files and claim file notes in the ordinary course of business. They are indexed, enabling UniFirst and ESIS to easily locate the materials therein.

The examples in Tractor Supply's Supplemental Responses further explain to Defendants how to locate the evidence regarding the defects in the mats; the examples identify precisely the responsive portions of the claim files and claim file notes, enabling UniFirst and ESIS to deduce the sections of the remaining claim files and claim file notes that contain responsive material by identifying the corresponding headers in their indexes. Tractor Supply, with its Supplemental Responses, has produced a spreadsheet identifying by bates number all of the claim files and claim file notes for each claimant. Between the examples, the indexes, and the spreadsheet, UniFirst and ESIS have all of the information they need to locate the evidence of the defects. Armed with the information, they would do so in the same manner as Tractor Supply with exactly the same burden and expense. If the Defendants do not view the claim files as showing evidence of a defect in a particular case, so be it. Plaintiff has pointed Defendants, repeatedly, to exactly where the evidence is, and Tractor Supply has no obligation under the rules to regurgitate that evidence to Defendants in an interrogatory response. Again, what Tractor Supply has furnished is more than sufficient.

Regarding the third category of information, Defendants' wrongful denials of Tractor Supply's claims for insurance coverage, the Supplemental Responses address any arguably legitimate concerns UniFirst and ESIS have raised. Again, Tractor Supply provided substantive responses to these Interrogatories in the first place and otherwise pointed the Defendants to the production, stating, in essence, further support for the positions taken was in the production. The Supplemental Responses cite numerous examples of communications evincing the wrongful denials. Given this case involves an allegation of a consistent, repeated pattern of Defendants'

conduct, providing many examples of Defendants' conduct more than sufficiently answers the interrogatory. Moreover, as the questions concern Defendants' responses to Tractor Supply's claims for coverage, the responsive documents are primarily those that Defendants themselves have produced. If Tractor Supply were forced to recount in writing the content of each and every document Defendants have produced to respond to the interrogatories, the cost to adequately respond would be astronomical relative to the benefit that providing a more comprehensive response would serve to the case.

Respectfully Submitted,

/s/ Mark M. Bell
Mark M. Bell (Tenn. BPR No. 029048)
David J. Zeitlin (Tenn. BPR No. 037664)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Email: mark.bell@wallerlaw.com
david.zeitlin@wallerlaw.com

*Attorneys for Plaintiff Tractor Supply Company*

/s/ Andrew J. Pulliam
Andrew J. Pulliam (Tenn. BPR No. 016863)
apulliam@wyattfirm.com
J. Graham Matherne (Tenn. BPR No. 011294)
gmatherne@wyattfirm.com
Wyatt, Tarrant & Combs LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
(615) 244-0020 / Fax (615) 256-1726

*Attorneys for Defendant UniFirst Corporation*

*/s/ Alissa Christopher*
Alissa Christopher (*Pro Hac Vice*) (Texas Bar No. 11531020)
akchristopher@cozen.com
Cozen O'Connor
1717 Main Street, Ste. 3100
Dallas, TX 75201
(214) 462-3036/ (214) 462-3299 (fax)

E. Todd Presnell
1600 Division Street, Ste. 700
Nashville, Tennessee 37203

*Attorneys for Defendant ESIS, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, a true and correct copy of the foregoing was served via Email and U.S. First Class Mail, postage prepaid, on the following:

Mark M. Bell
David Zeitlin
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
*Attorneys for Plaintiff*


E. Todd Presnell
Bradley Arant Boult Cummings LLP
Roundabout Plaza, 1600 Division Street, Suite 700
Nashville, Tennessee  37203

Alissa K. Christopher
Cozen O'Connor, P.C.
1717 Main Street, Suite 3100
Dallas, Texas 75201

*Attorneys for Defendant ESIS, Inc.*


Alfred C. Warrington, V
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, Tennessee 37203

*Attorneys for Defendant
ACE American Insurance Company*

                                                          */s/Andrew J. Pulliam*
                                                          Andrew J. Pulliam

100802970.2