**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **TRACTOR SUPPLY COMPANY** | ) | |
| | ) | **Case No. 3:21-cv-00619** |
| **v.** | ) | **Judge Campbell** |
| | ) | **Magistrate Judge Holmes** |
| **ACE AMERICAN INSURANCE** | ) | |
| **COMPANY, UNIFIRST CORPORATION,** | ) | |
| **and ESIS, INC.** | ) | |

**O R D E R**

Pending before the Court is the parties' joint motion for discovery conference (Docket No. 118) and resolution of the discovery disputes described in the joint discovery dispute statement (Docket No. 119). The parties' motion for a discovery conference (Docket No. 118) is GRANTED and the discovery dispute is resolved as discussed below.[1] Further, the parties' second motion for a discovery conference (Docket No. 120) and related joint discovery dispute statement (Docket No. 121) and an earlier-filed joint discovery dispute statement (Docket No. 117) are duplicative of the discovery dispute described in the joint discovery dispute statement at Docket No. 119. Accordingly, the second motion for a discovery conference (Docket No. 120) is DENIED, and the related filings (Docket Nos. 117 and 121) are disregarded.[2]

---

[1] A discovery conference was held on July 25, 2022. Counsel participating were: Mark Bell and David Zeitlin for Plaintiff; Alfred Warrington and Bryan Jakes for Defendant ACE American Insurance; Andrew Pulliam and Graham Matherne for Defendant Unifirst Corporation; and, Alissa Christopher and Todd Presnell for Defendant ESIS.

[2] The Court also notes that the parties' filing of appended exhibits does not comply with the Court's CM/ECF filing requirements, which require that each exhibit be separately filed with a brief description of the included documents in that attachment. *See* CM/ECF User Manual, Chapter 5.II.B (Procedures for Filing Attachments and Exhibits) at pp. 21-25 (brief description of attachment is mandatory) and Appendix E. By simply filing "Exhibit A Discovery" and "Exhibit B Correspondence," the Court is required to scroll through the entire exhibit to find a particular set of discovery or dated correspondence, which consumes an inordinate amount of time and patience.

## Background

Familiarity with this case is presumed and only the background necessary to give context to or explain the Court's ruling is recited. This is an action brought by Plaintiff Tractor Supply Company, alleging that through a continuing series of breaches of contract, tortious conduct, civil conspiracy, and bad faith by Defendants ACE American Insurance ("ACE"), Unifirst Corporation ("Unifirst"), and ESIS, Inc. ("ESIS"), Tractor Supply has been denied the benefits of insurance protection and proceeds to which it is rightly entitled, as well as indemnity for the claims made against ACE American Insurance, to which Tractor Supply is an additional insured, as a result of problems with Unifirst's products. (Third Amended Complaint, Docket No. 89 at 1.) Essentially, Tractor Supply bases its claims on a pattern of conduct and practices by Defendants. The specific requests at issue are Unifirst's interrogatories numbers 5, 10, 11, 12, 13, 19, and 20 (Docket No. 121-1 at 8, 10-13, 16-18) and ESIS's interrogatories numbers 7, 8, 10, and 15 (*id*. at 31, 32-33, and 34), to which Tractor Supply also provided supplemental responses (*id*. at 40-59).

## Legal Standards and Analysis

At the outset, the Court reminds the parties that the Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[3] "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* The scope of discovery, however, does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978), and the trial court may limit the extent of discovery in a variety of circumstances. Fed.R.Civ.P. 26(b)(2)(C), (c). The ability to limit

---

[3] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

2

discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981); *see also Crawford-El. v. Britton*, 523 U. S. 574, 598-99 (1998) (trial court is afforded broad discretion to control and dictate the sequence of discovery); *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (district courts have broad discretion to manage the discovery process and control their dockets) (internal citations omitted); *McNeil v. Community Probation Services, LLC*, 2019 WL 5957004, at *1 (M.D. Tenn. Oct. 29, 2019) (ultimately, the scope of discovery is within the broad discretion of the trial court) (internal citations omitted).[4]

"Generally, the party seeking discovery is obliged to demonstrate relevance. Upon a showing of relevancy, the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case." *Allgood v Baptist Memorial Medical Group, Inc.*, 2020 WL 86455,*1 (W.D. Tenn. Jan. 7, 2020) (internal citations omitted); *see also O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) ("When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm.") (internal quotations and citations omitted).

---

[4] That sentiment has continued throughout revisions to Rule 26 including the most recent ones. The Court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules . . . [t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011 n.2 (quoting *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988)).

3

Against the backdrop of these general principles, the Court also notes that because Tractor Supply has responded to interrogatories propounded by Unifirst and ESIS by electing, in part, to produce its business records pursuant to Rule 33(d), and for some responses by referring Unifirst and ESIS to those business records at least to partially discern the answers, resolution of the parties' dispute requires consideration of the proper use of that rule. A general discussion of Rule 33(d) is therefore an appropriate starting point. Rule 33(d) provides:

> Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or summaries.

Fed. R. Civ. P. 33(d). The plain language of Rule 33(d) thus provides that a party may use that rule to answer interrogatories only when three requirements are met: (1) the answer to the interrogatory may be determined from the business records; (2) the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party responding to the interrogatory; and, (3) the specification is in sufficient detail to permit the interrogating party to identify, as readily as the responding party could, the records from which the answer may be ascertained. *See also Johnson Marcraft, Inc., v. Western Surety Company*, 2016 WL 3655299, at *2-3 (M.D. Tenn. July 8, 2016).

Generally, referencing a mass of documents or records does not comply with Rule 33(d). *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594-95 (D. D.C. 2016) (internal citations omitted). Such a generic reference does not provide the kind of specific detail required by the rule. When relying on Rule 33(d), the responding party must "precisely specif[y]

4

for *each* interrogatory … the actual documents where information will be found." *SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D. N.C. 2002) (emphasis added).

Additionally, courts have consistently held that Rule 33(d) cannot be used with respect to contention interrogatories. *Landis*, 317 F.R.D. at 594. This is because "documents normally reveal evidence, not a party's contentions or statement of facts" that a party contends support its position. *Elfindepan, S.A.*, 206 F.R.D. at 577 (citing *In Re Savitt/Adler Litig*, 176 F.R.D. 44, 49-50 (N.D. N.Y. 1997)). Only the party knows what facts and information it has relied upon to support the allegations made in its complaint or in its answer. It would therefore be necessary for the interrogating party to be able to read the responding party's mind before it could discern the answers to contention interrogatories from business records. Even if the interrogating party could read the responding party's mind, that alone is no guarantee that the interrogating party could discern the answers to its interrogatories from business records, since there is no way to know whether the interrogating party would view certain facts and occurrences the same way that the responding party does, a fact which is evidenced by the present discovery dispute.

Guided by all these principles, the Court addresses the specific discovery requests at issue in this dispute:

**Unifirst Interrogatories**

> **Interrogatory No. 5.** Describe in detail how any mats provided for Your use by UniFirst under either the 2010 Contract or 2017 Contract were defective identifying each such mat specifically and describing the specific alleged defect related to each such mat, the dates of use of each such mat by TSC, the date such alleged defect was discovered by TSC, the actions taken by TSC, if any, related to each such alleged defective mat, and all communications with any Defendant related to each such mat.
>
> **Answer:** In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome insofar as it seeks the defect of each mat described in detail and "all communications with any Defendant related

to each such mat." The Third Amended Complaint contains over sixty claims involving defective floor mats, and there are many other claims within the scope of the Interrogatory that Tractor Supply has not raised in its Complaint. Tractor Supply has already produced voluminous claim files related to the Third Amended Complaint's underlying claims of those who sought relief related to alleged injuries caused by UniFirst floor mats. In those claim files are, among other things, pictures of the mats, email communications and notes regarding the incident at issue, and medical records that further underscore and explain the problems and defects with the mats as well as the mat in use. Pursuant to Federal Rule of Civil Procedure, rather than provide a further written response, the information and communications, to the extent they exist, have been or will be produced, and all productions will be supplemented as appropriate should further communications be discovered.

(Docket No. 119-1 at 8.)

> **Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to the interrogatory insofar as the interrogatory seeks "in detail" the defects of all mats provided. Likewise, Tractor Supply objects to the interrogatory as compound because it seeks both objective facts and Tractor Supply's contentions. With respect to the "alleged defect related to each such mat," Interrogatory No. 5 is a contention interrogatory. With respect to the remaining information sought by Interrogatory No. 5, UniFirst seeks objective information, which is contained in the indexed claim files and claim notes. Regarding the objective information sought by the interrogatory, Tractor Supply has produced the information requested consistent with Federal Rule of Civil Procedure 33(d). Appended to these supplemental responses as **Exhibit A** is a chart identifying by bates number the claim file and claim file notes for each underlying claimant.
>
> Regarding Tractor Supply's contentions concerning why the mats were defective, rather than addressing each underlying claim, which would be unduly burdensome and disproportionate to the needs of the case, Tractor Supply provides the following examples:
>
> • **Kenneth Downey**: The rug was defective as it developed dramatic ripples, and would not stay flat, after just one day of Tractor Supply being in possession of the rug. The ripples created a two-inch lip on the edge of the rug upon which claimant tripped, causing his injury. *See* Tractor_Supply_0006305–Tractor_Supply_0006307 (depicting the rug), Tractor_Supply_0007106–Tractor_Supply_0007116 (describing the rug and injury).
>
> • **Barbara Jean-Justice**: The rug was defective because it developed ripples and would not stay flat, a recurring problem with this particular rug. The rug had been straightened by a Tractor Supply team member just minutes before the accident. Claimant's foot hit one of the wrinkles in the rug, causing her to trip and fall, shattering the glass bottles of soda she had just purchased in the process. The

6

impact of the fall and the resulting glass shards caused injuries to claimant's chest, knees, the palms of her hands, and her left arm. *See* Tractor_Supply_0010419– Tractor_Supply_0010423 (depicting the rug); Tractor_Supply_0010492– Tractor_Supply_10504 (describing the rug and injury).

- **Joyce Furman**: The rug was defective because it would not stay flat, developing ruffles and wrinkles, upon which claimant tripped. Claimant's fall caused her to fracture her lower left leg and sustain injuries to her hands, back, left ankle, and left knee. *See* Tractor_Supply_0014722 (depicting the rug); Tractor_Supply_14953– Tractor_Supply_0014955 (describing the rug and injury).
- **Bettie Hataway**: The rug was defective because it generated dramatic wrinkles and would not stay flat. The wrinkles also resulted from UniFirst's work, as the mats were rolled up when they were delivered (as opposed to lying flat), causing the ripples. Claimant tripped on the mat's ripples, causing her to fall. Claimant struck her head on the glass door and fell on her right elbow and right hip. The mat was delivered by UniFirst the morning of the incident, indicating that it was defective when it arrived. *See* Tractor_Supply_0009257 (depicting the rug); Tractor_Supply_009835– Tractor_Supply_0009838 (describing the rug and injury)
- **Patricia Padgett**: The rug was defective because it developed wrinkles, causing claimant—who walked with a cane—to catch her foot underneath the rug and trip and fall. The rug would not stay flat against the floor, causing it to bump up against the threshold. *See* Tractor_Supply_0011589 (depicting the rug); Tractor_Supply_0011755– Tractor_Supply_0011761 (describing the rug and injury).

(Docket No. 119-2 at 41-42.)

As a general proposition, Tractor Supply's argument during the discovery conference that the requested discovery is disproportionate because the individual claims are of relatively small amounts misses the mark; it is not those individual claims by which proportionality is measured. Those individual claims make up the composite pattern of practices that is the foundational theory upon which Tractor Supply seeks relief in this case, so it is the sum of all the individual claims by which proportionality is measured and which Tractor Supply asserts in its Third Amended Complaint is in the millions of dollars. (Docket No. 89.) Tractor Supply also seeks statutory penalties and punitive damages. (*Id.*) This is not an insignificant case or one in which the Court finds there is an obvious disparity in the comparative resources of the parties. Tractor Supply's objections as to proportionality are therefore overruled. Nor does the Court find this interrogatory

7

is overly broad or unduly burdensome. The requested information is about defective mats under the two contracts that Tractor Supply has placed at issue, which is the crux of Tractor Supply's claimed entitlement to relief, and the request is therefore appropriately limited. Further, that the information might be voluminous does not in itself mean the discovery request is unduly burdensome.

While the Court recognizes that Tractor Supply's theory of relief is predicated on a pattern of behavior, and perhaps not discrete events, Tractor Supply makes no argument, in its resistance to discovery, as to the minimum threshold that it contends establishes the pattern of misconduct. In its Third Amended Complaint, Tractor Supply offers "examples" of the alleged misconduct. (Docket No. 89 at 6-17.) Presumably, Tractor Supply intends to rely on at least these examples as constituting the actionable pattern of conduct. Tractor Supply has also compiled and produced in discovery a table of claims (Docket No. 119-1 at 58-59), which it apparently contends further evidence a pattern of misconduct. Unless Tractor Supply is willing to agree that it will not offer at trial evidence as to any claims identified in the Third Amended Complaint or in the table about which it resists further discovery, all the identified claims are relevant within the meaning of Rule 26 and information about those claims is discoverable.

The Court does not find that providing the information requested by Unifirst is unduly burdensome. Tractor Supply can simply expand its table to include the categories of information described in this interrogatory: specific alleged defect; date(s) of use of the mat; date of discovery of alleged defect; actions taken by Tractor Supply; and, all communications with any Defendant related to each such mater. Then Tractor Supply can either provide the specific requested information or it can identify by Bates number the documents in which the specific requested

8

information can be found. Tractor Supply must provide this additional information as requested and as instructed by the Court.

> **Interrogatory No. 10**. State in detail each and every fact supporting the allegations in Paragraph 40 of the Third Amended Complaint, identify each person with knowledge of each fact stated and specify what specific fact is known by each such person, and identify each document supporting each such specific fact.

> **Answer**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome, insofar as it seeks "each and every fact" of, the identification of each person with knowledge of, what those persons know, and each supporting document pertaining to the allegations in Paragraph 40 of the Third Amended Complaint. Subject to the forgoing objections, the documents produced, including the certificates of insurance, the claim files for each claimant, and emails between the parties and their agents show that Tractor Supply was entitled to insurance coverage and/or indemnity for each of the myriad incidents in which a customer tripped, stumbled, or fell on a UniFirst mat. The documents repeatedly show Tractor Supply tendering these claims pursuant to the CGL Policies. The documents also show, time and time again, the Defendants delaying or refusing to pay the claim, without identifying legal authority supporting the denial, establishing a clear pattern of doing so. To the extent UniFirst seeks each document supporting each specific fact, pursuant to Federal Rule of Civil Procedure 33(d), the documents have been or will be produced) and all productions will be supplemented as appropriate should further documents be discovered. To the extent UniFirst seeks the persons with knowledge of the foregoing, the documents denote the individuals privy to the aforementioned conduct, and Tractor Supply also incorporates Responses to Interrogatories Nos. 1–3. Tractor Supply cannot state each fact known to those persons without having yet deposed them, and Tractor Supply will supplement this Interrogatory as appropriate as it conducts additional discovery.

> **Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to Interrogatory No. 10—insofar as it seeks each and every fact supporting the allegations of Paragraph 40 of the Third Amended Complaint—as unduly burdensome and disproportionate to the needs of the case. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatory, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. Tractor Supply contends that Defendants have engaged in a pattern or practice of deliberately and unlawfully avoiding their legal obligations by systematically denying Tractor Supply's claims without any legal justification for the reasons set forth in the Interrogatory Responses above. Defendants have sought to withhold insurance coverage to which Tractor Supply is entitled by misconstruing the deductible in the policies as a self-

9

insured retention and/or allowing UniFirst to determine whether ACE would provide insurance coverage to Tractor Supply. *See* Citations in Supplemental Response to Interrogatory No. 9. *See also* Tractor_Supply_00003021–Tractor_Supply_00003023 (certificate of insurance procured under the 2010 Contract) Tractor_Supply_00003016–Tractor_Supply_00003018 (certificate of insurance procured under the 2017 Contract).

**Interrogatory No. 11.** State in detail each and every fact supporting the allegations in Paragraph 41 of the Third Amended Complaint, identify each person with knowledge of each fact stated and specify what specific fact is known by each such person, and identify each document supporting each such specific fact.

**Answer:** In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome, insofar as it seeks "each and every fact" of, the identification of each person with knowledge of, what those persons know, and each supporting document pertaining to the allegations in Paragraph 41 of the Third Amended Complaint. Subject to the forgoing objections, the documents produced, including the certificates of insurance, the claim files for each claimant, and emails between the parties and their agents show that Tractor Supply was entitled to insurance coverage and/or indemnity for each of the myriad incidents in which a customer tripped, stumbled, or fell on a UniFirst mat. The documents repeatedly show Tractor Supply tendering these claims pursuant to the CGL Policies. The documents also show, time and time again, the Defendants delaying or refusing to pay the claim, establishing a clear pattern of doing so. In so doing, ACE acted with prejudice toward Tractor Supply to the benefit of UniFirst, in violation of the severability clauses of the CGL Policies. To the extent UniFirst seeks each document supporting each specific fact, pursuant to Federal Rule of Civil Procedure 33(d), the documents have been or will be produced, and all productions will be supplemented as appropriate should further documents be discovered. To the extent UniFirst seeks the persons with knowledge of the foregoing, the documents denote the individuals privy to the aforementioned conduct, and Tractor Supply also incorporates Responses to Interrogatories Nos. 1–3. Tractor Supply cannot state each fact known to those persons without having yet deposed them, and Tractor Supply will supplement this Interrogatory as appropriate as it conducts additional discovery.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to Interrogatory No. 11—insofar as it seeks each and every fact supporting the allegations of Paragraph 41 of the Third Amended Complaint—as unduly burdensome and disproportionate to the needs of the case. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatory, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. Tractor Supply contends that

10

Defendants have engaged in a pattern or practice of deliberately and unlawfully avoiding their legal obligations by systematically denying Tractor Supply's claims without any legal justification for the reasons set forth in the Interrogatory Responses above. Defendants have sought to withhold insurance coverage to which Tractor Supply is entitled by misconstruing the deductible in the policies as a self-insured retention and/or allowing UniFirst to determine whether ACE would provide insurance coverage to Tractor Supply. *See* Citations in Supplemental Response to Interrogatory No. 9. ESIS also contacted claimants directly, attempting to persuade them Tractor Supply bore liability for their claims. *See* ESIS 014479; ESIS 014675; ESIS 015502; ESIS 016021; UNIFIRST0001519–UNIFIRST0001537. Given Tractor Supply's status as an additional insured under the policies, ACE had a duty to treat Tractor Supply's claims impartially, without giving preference to UniFirst, and failed to do so in coordination with Unifirst and/or at UniFirst's direction. *See, e.g.*, Citations in Supplemental Response to Interrogatory No. 9; *see also* Tractor_Supply_00003021–Tractor_Supply_00003023 (certificate of insurance procured under the 2010 Contract) Tractor_Supply_00003016–Tractor_Supply_00003018 (certificate of insurance procured under the 2017 Contract).

**Interrogatory No. 12**. State in detail each and every fact supporting the allegations in Paragraph 44 of the Third Amended Complaint, identify each person with knowledge of each fact stated and specify what specific fact is known by each such person, and identify each document supporting each such specific fact.

**Answer**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome, insofar as it seeks "each and every fact" of, the identification of each person with knowledge of, what those persons know, and each supporting document pertaining to the allegations in Paragraph 44 of the Third Amended Complaint. Subject to the forgoing objections, the documents produced, including the certificates of insurance, the claim files for each claimant, and emails between the parties and their agents show that Tractor Supply was entitled to insurance coverage and/or indemnity for each of the myriad incidents in which a customer tripped, stumbled, or fell on a UniFirst mat. Specifically, the certificates show that the insurance policies subjected each claim to a deductible, requiring UniFirst to reimburse ACE for its expenses up to the amount of the deductible. The claim files, and the correspondence included therein, demonstrate a clear pattern in which UniFirst and/or ESIS would deny coverage through UniFirst's refusal to pay the deductible, characterizing it as an "insured controlled deductible," an artifice not recognized by contract. The conduct deprived Tractor Supply of the benefit of its bargain, as it had no prior indication Defendants would retain the wholly-unknown mechanism to deny coverage to Tractor Supply. To the extent UniFirst seeks each document supporting each specific fact, pursuant to Federal Rule of Civil Procedure 33(d), the documents have been or will be produced and all productions will be supplemented as appropriate should further

11

documents be discovered. To the extent UniFirst seeks the persons with knowledge of the foregoing, the documents denote the individuals privy to the aforementioned conduct, and Tractor Supply also incorporates Responses to Interrogatories Nos. 1–3. Tractor Supply cannot state each fact known to those persons without having yet deposed them, and Tractor Supply will supplement this Interrogatory as appropriate as it conducts additional discovery.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to Interrogatory No. 12—insofar as it seeks each and every fact supporting the allegations of Paragraph 44 of the Third Amended Complaint—as unduly burdensome and disproportionate to the needs of the case. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatory, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. Tractor Supply contends that the Certificates of Insurance that UniFirst provided to Tractor Supply failed to reveal that the insurance policies did not provide Tractor Supply the coverage bargained for. Tractor Supply contends that UniFirst contracted to name Tractor Supply as an additional insured under commercial general liability insurance policies providing Tractor Supply insurance coverage on an occurrence basis for injuries involving UniFirst mats. *See* Tractor_Supply_0002003, Tractor_Supply_0002721, Tractor_Supply_0002738 (relevant portions of the 2010 and 2017 Contracts). UniFirst either (1) failed to provide coverage for all injuries involving UniFirst mats; or (2) provided the requisite coverage, but has interfered in the processing of claims for coverage, ensuring that Tractor Supply is denied indemnity coverage for claims involving its mats. *See* Tractor_Supply_00003021–Tractor_Supply_00003023 (certificate of insurance procured under the 2010 Contract) Tractor_Supply_00003016–Tractor_Supply_00003018 (certificate of insurance procured under the 2017 Contract); *see, e.g.*, Citations in Supplemental Response to Interrogatory No. 9.

**Interrogatory No. 13.** State in detail each and every fact supporting the allegations in Paragraph 47 of the Third Amended Complaint, identify each person with knowledge of each fact stated and specify what specific fact is known by each such person, and identify each document supporting each such specific fact.

**Answer**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome, insofar as it seeks "each and every fact" of, the identification of each person with knowledge of, what those persons know, and each supporting document pertaining to the allegations in Paragraph 47 of the Third Amended Complaint. Subject to the forgoing objections, the documents produced, including the certificates of insurance, the claim files for each claimant, and emails between the parties and their agents show that Tractor Supply was entitled to insurance coverage and/or indemnity for each of the myriad incidents in

which a customer tripped, stumbled, or fell on a UniFirst mat. Specifically, the certificates show that the insurance policies subjected each claim to a deductible, requiring UniFirst to reimburse ACE for its expenses up to the amount of the deductible. The claim files, and the correspondence included therein, demonstrate a clear pattern in which UniFirst and/or ESIS would deny coverage through UniFirst's refusal to pay the deductible, characterizing it as an "insured controlled deductible," an artifice not recognized by contract. Neither ACE nor ESIS appear to have ever objected to the practice, despite Tractor Supply's repeated objections, demonstrating their knowledge and a clear pattern of their cooperation. To the extent UniFirst seeks each document supporting each specific fact, pursuant to Federal Rule of Civil Procedure 33(d), the documents have been or will be produced and all productions will be supplemented as appropriate should further documents be discovered. To the extent UniFirst seeks the persons with knowledge of the foregoing, the documents denote the individuals privy to the aforementioned conduct, and Tractor Supply incorporates Responses to Interrogatories Nos. 1–3. Tractor Supply cannot state each fact known to those persons without having yet deposed them, and Tractor Supply will supplement this Interrogatory as appropriate as it conducts additional discovery.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to Interrogatory No. 13—insofar as it seeks each and every fact supporting the allegations of Paragraph 47 of the Third Amended Complaint—as unduly burdensome and disproportionate to the needs of the case. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatory, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. As highlighted in the preceding Interrogatory responses, Tractor Supply contends that UniFirst retained the ability to deny Tractor Supply's claims for coverage, indicating that the deductible was being administered as a self-insured retention, and actively taking steps to ensure that Tractor Supply would not receive its indemnity insurance coverage benefits until UniFirst took affirmative action to see that any insurance claims were paid, contrary to how a deductible must be administered. *See* Citations in Supplemental Response to Interrogatory No. 9.

**Interrogatory No. 19.** State in detail each and every fact supporting the allegations in Paragraph 114 of the Third Amended Complaint, identify each person with knowledge of each fact stated and specify what specific fact is known by each such person, and identify each document supporting each such specific fact.

**Answer**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome, insofar as it seeks "each and every fact" of, the identification of each person with knowledge of, what those persons know, and each supporting document pertaining to the allegations in Paragraph 114

13

of the Third Amended Complaint. Subject to the forgoing objections, the documents produced, including the certificates of insurance, the claim files for each claimant, and emails between the parties and their agents show that Tractor Supply was entitled to insurance coverage and/or indemnity for each of the myriad incidents in which a customer tripped, stumbled, or fell on a UniFirst mat. Despite the clear policy language to the contrary, and UniFirst's obligation to pay a deductible for each claim, Defendants created the artifice of an "insured controlled deductible," which purportedly gave UniFirst discretion whether to pay any deductible, resulting in Tractor Supply's failure to obtain the promised insurance coverage benefits, a consequence of Defendants' misrepresentation regarding the CGL Policies' guarantees. The documents repeatedly show Tractor Supply tendering these claims pursuant to the CGL Policies. The documents also show, time and time again, the Defendants delaying or refusing to pay the claim, establishing a clear pattern of doing so. To the extent UniFirst seeks each document supporting each specific fact, pursuant to Federal Rule of Civil Procedure 33(d), the documents have been or will be produced, and all productions will be supplemented as appropriate should further documents be discovered. To the extent UniFirst seeks the persons with knowledge of the foregoing, the documents denote the individuals privy to the aforementioned conduct, and Tractor Supply incorporates Responses to Interrogatories Nos. 1–3. Tractor Supply cannot state each fact known to those persons without having yet deposed them, and Tractor Supply will supplement this Interrogatory as appropriate as it conducts additional discovery.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to Interrogatory No. 19—insofar as it seeks each and every fact supporting the allegations of Paragraph 114 of the Third Amended Complaint—as unduly burdensome and disproportionate to the needs of the case. Tractor Supply has directed UniFirst to communications supporting the allegations of Paragraph 114, and UniFirst may depose the individuals included on the communications, and those individuals have knowledge of the scheme involved. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatory, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. Tractor Supply's contention in response to Interrogatory No. 19 is substantially similar to its response to Interrogatory No. 13— Tractor Supply contends that UniFirst did not inform Tractor Supply that UniFirst retained the ability to deny Tractor Supply's claims for coverage, contrary to the deductible term of the applicable policies. As Tractor Supply's ability to attain the requested coverage was material to Tractor Supply's decision to enter the 2010 and 2017 Contracts, and UniFirst knew or should have known that the issue was material to Tractor Supply, UniFirst's misrepresentation or concealment was fraudulent.

**Interrogatory No. 20.** State in detail each and every fact supporting the allegations in Paragraph 131 of the Third Amended Complaint, identify each person with

14

knowledge of each fact stated and specify what specific fact is known by each such person, and identify each document supporting each such specific fact.

**Answer**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome, insofar as it seeks "each and every fact" of, the identification of each person with knowledge of, what those persons know, and each supporting document pertaining to the allegations in Paragraph 131 of the Third Amended Complaint. Subject to the forgoing objections, the documents produced, including the certificates of insurance, the claim files for each claimant, and emails between the parties and their agents show that Tractor Supply was entitled to insurance coverage and/or indemnity for each of the myriad incidents in which a customer tripped, stumbled, or fell on a UniFirst mat. Despite the clear policy language to the contrary, and UniFirst's obligation to pay a deductible for each claim, Defendants created the artifice of an "insured controlled deductible," which purportedly gave UniFirst discretion whether to pay any deductible, resulting in Tractor Supply's failure to obtain the promised insurance coverage benefits, a consequence of Defendants' misrepresentation or omission regarding the CGL Policies' guarantees. The documents repeatedly show Tractor Supply tendering these claims pursuant to the CGL Policies. The documents also show, time and time again, the Defendants delaying or refusing to pay the claim, establishing a clear pattern of doing so. To the extent UniFirst seeks each document supporting each specific fact, pursuant to Federal Rule of Civil Procedure 33(d), the documents have been or will be produced and all productions will be supplemented as appropriate should further documents be discovered. To the extent UniFirst seeks the persons with knowledge of the foregoing, the documents denote the individuals privy to the aforementioned conduct, and Tractor Supply incorporates Responses to Interrogatories Nos. 1–3. Tractor Supply cannot state each fact known to those persons without having yet deposed them, and Tractor Supply will supplement this Interrogatory as appropriate as it conducts additional discovery.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to Interrogatory No. 20—insofar as it seeks each and every fact supporting the allegations of Paragraph 131 of the Third Amended Complaint—as unduly burdensome and disproportionate to the needs of the case. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatory, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. Tractor Supply's contention in response to Interrogatory No. 20 is largely the same as its response to Interrogatory No. 19—contrary to the deductible term of the applicable insurance policies, UniFirst concealed its ability to control whether Tractor Supply would be entitled to receive indemnity insurance coverage benefits for injuries at Tractor Supply stores that involved UniFirst mats. If the misrepresentation/concealment was not intentional, then it was made negligently, as UniFirst had a duty to disclose the information to Tractor Supply.

15

(Docket No. 119-1 at 10-12, 16-18, and 41-50.)

As to these interrogatories, the Court overrules Tractor Supply's objections with respect to proportionality for the reasons stated above. Further, the Court does not find these interrogatories to be overly broad or unduly burdensome. The interrogatories are appropriately limited contention interrogatories. Tractor Supply objects to the request that it supply all the facts known by potential witnesses and the specific knowledge of each witness. Tractor Supply's obligation in responding to the interrogatories is to provide all information that it knows or later discovers. This is not a guarantee that the information provided by Tractor Supply is the entire universe of information known by the witnesses. Further, to the extent that additional individuals' knowledge is expanded on in those individuals' depositions, Tractor Supply has no duty to supplement because Rule 26(e) specifically provides that supplementation is required only "if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Although Tractor Supply states in its original answers that it will produce responsive documents under Rule 33(d), the supplemental answers do not simply rely on Rule 33(d). However, the Court disagrees with Tractor Supply's contention that it can "sufficiently answer the interrogator[ies] without unnecessary expense and redundancy [] by highlighting examples of Defendants' conduct." As discussed above, if these are the only examples upon which Tractor Supply intends to rely and offer evidence of at trial, then the responses are sufficient. But, if there are other facts or "examples" that Tractor Supply intends to use at trial, it must further supplement its answers to these interrogatories to provide that information.

16

Further, to the extent there are documents included in the business records produced by Tractor Supply that support the statements made in Tractor Supply's responses to Unifirst Interrogatories Nos. 10-13, 19, and 20, or any supplemental responses, Tractor Supply must identify those documents as responsive to specific statements. Again, Tractor Supply may create a table with categories of the kinds of misconduct it alleges occurred and the Bates numbered documents responsive to each category of alleged misconduct.[5]

## ESIS Interrogatories

**INTERROGATORY NO. 7**: Identify each provision of the 2010 Contract, 2017 Contract, and any CGL Policies, which you claim were breached by ESIS, and describe in detail the facts, documents, or communications you claim support your contention that ESIS breached each identified provision of the 2010 Contract, 2017 Contract, or any CGL Policies.

**ANSWER**: Tractor Supply alleges that ESIS interfered with Tractor Supply's contractual rights with ACE and UniFirst by administering the CGL Policies' deductible as an "insured controlled deductible," unlawfully allowing ACE and UniFirst to evade paying claims for benefits through UniFirst's declination to pay the deductible as required. Furthermore, ESIS as the agent of UniFirst assumed certain duties and obligations under the contract, which ESIS subsequently breached, including the provisions concerning the obligations to defend and indemnity Tractor Supply. Further supporting this position are the documents produced, including the claim files for each claimant and the emails exchanged between the parties and their agents, which demonstrate ESIS's conduct with respect to the deductible. Pursuant to Federal Rule of Civil Procedure 33(d), rather than provide a further written response, the facts, documents, and communications supporting Tractor Supply's contentions have been or will be produced, and all productions will be supplemented as appropriate should further facts, documents, and communications be discovered.

---

[5] To be clear, the Court is not requiring that Tractor Supply respond in a table format but is merely suggesting that this might be a reasonable and, perhaps, easier method of responding. Tractor Supply may elect to respond by any means of specifying responsive documents, if it does so "in sufficient detail to enable [Unifirst and ESIS] to locate and identify them as readily as [Tractor Supply] could." Fed. R. Civ. P. 33(d)(1).

**INTERROGATORY NO. 8**: Identify and describe any obligation, or legal duty which you claim ESIS owed to you under the 2010 Contract, 2017 Contract, or CGL Policies. In doing so, identify the provision(s) of the 2010 Contract, 2017 Contract, or CGL Policies which You claim established such obligation, or legal duty owed by ESIS to You.

**ANSWER**: Tractor Supply alleges that ESIS interfered with Tractor Supply's contractual rights with ACE and UniFirst by administering the CGL Policies' deductible as an "insured controlled deductible," unlawfully allowing ACE and UniFirst to evade paying claims for benefits through UniFirst's declination to pay the deductible as required. Furthermore, ESIS as the agent of UniFirst assumed certain duties and obligations under the contract, which ESIS subsequently breached, including the provisions concerning the obligations to defend and indemnify Tractor Supply. Further supporting this position are the documents produced, including the claim files for each claimant and the emails exchanged between the parties and their agents, which demonstrate ESIS's conduct with respect to the deductible. Pursuant to Federal Rule of Civil Procedure 33(d), rather than provide a further written response, the facts, documents, and communications supporting Tractor Supply's contentions have been or will be produced , and all productions will be supplemented as appropriate should further facts, documents, and communications be discovered.

**Supplemental Answer**: Tractor Supply answers Interrogatories No. 7–8 together, as the responses thereto substantially overlap. Tractor Supply maintains its Rule 26 objections to the requests insofar as they seek all facts, documents, and communications that support the subject allegations of ESIS's duty and breach. As Tractor Supply contends that Defendants engaged in a consistent pattern of denying Tractor Supply's demands for insurance coverage, Tractor Supply may sufficiently answer the interrogatories, without unnecessary expense and redundancy, by highlighting representative examples of Defendants' conduct. Tractor Supply contends that the 2010 and 2017 Contracts imposed duties on UniFirst to provide indemnity and insurance coverage benefits to Tractor supply for claims arising from injuries involving UniFirst's products. The duties encompassed not only the requirement to provide insurance coverage to Tractor Supply on paper, but to impartially administer claims, in good faith, so that Tractor Supply could access the coverage it was owed. To the extent UniFirst retained a duty to determine whether to provide Tractor Supply coverage for each of the underlying claims—a duty that should have been ACE's alone—ESIS assumed the duty to fairly and impartially administer Tractor Supply's claims for coverage, and breached those duties by denying Tractor Supply's claims, irrespective of how the claimants sustained their injuries, repeatedly saying it was acting "on behalf of UniFirst." *See, e.g.*, ESIS 001382, ESIS 002274, ACE-TN-01028–01029, ACE- TN01533, ACE-TN02610, ACE-TN03564, ACE-TN03573–ACE-TN03574.

18

**INTERROGATORY NO. 10**: Identify and describe all communications of any kind you received from ESIS, which you contend contained any misrepresentation. In doing so, please state the following for each communication:

a)         Date and time;
b)         Method (e.g., telephone, in-person, letter, email, fact);
c)         Content, purpose, or subject matter;
d)         For telephone and in-person communications, identify who initiated, participated in, and witnessed the communication;
e)         For in-person communications, the location; and
f)         Your basis for contenting that the communication contained a misrepresentation.

**ANSWER**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome insofar as it seeks "all communications of any kind" Tractor Supply exchanged with ESIS regarding its misrepresentations. Tractor Supply also objects that the request is premature, as Tractor Supply must ascertain which of the many communications it received from ESIS contain misrepresentations through affirmative written and oral discovery of ESIS which has not been completed. Rather than provide a further written response, communications have been or will be produced pursuant to Federal Rule of Civil Procedure 33(d), and all productions will be supplemented as appropriate should further documents be discovered.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to the request insofar as it seeks all communications containing a misrepresentation, as the request is unduly burdensome and disproportionate to the needs of the case. Tractor Supply further objects to listing each detail itemized in (a)–(f), as those contents are apparent from a review of the communications. Tractor Supply contends that each time ESIS represented that there was no indication that an accident occurred on a UniFirst mat, ESIS misrepresented the facts of the underlying cases. *See, e.g.*, ESIS015502. ESIS also settled claims on UniFirst's behalf and intentionally conceal the settlement from Tractor Supply. *See, e.g.*, ESIS010028–010030.

**INTERROGATORY NO. 15**: For each distinct PI Claim identified in Plaintiff's Third Amended Complaint, ECF 89, at ¶¶ 22, 23, 38, and 205, identify and describe any documents, communications, or facts which You claim support Your contention that the damages alleged by the claimant(s) in each distinct PI Claim were "a direct result of UniFirst's product." See ECF 89, ¶ 28.

**ANSWER**: In addition to its general objections, Tractor Supply further objects to this request as overly broad and unduly burdensome insofar as it seeks "any documents, communications, or facts" supporting the claims were a direct result of UniFirst's product. Subject to the forgoing objections, the documents produced, including the claim files for each claimant, show that the floor mats developed

19

"waves," would roll up, would not stay in place, became tripping hazards, and the sheer number of incidents suggests the mats were defective. Pursuant to Federal Rule of Civil Procedure 33(d), rather than provide a further written response, documents and communications, to the extent they exist, have been or will be produced, and all productions will be supplemented as appropriate should further documents be discovered.

**Supplemental Answer**: Tractor Supply maintains its Rule 26 objection to the interrogatory insofar as it seeks all communications, and facts that support the contention that each claim was a direct result of UniFirst's product. Rather than addressing each underlying claim, which would be unduly burdensome and disproportionate to the needs of the case, Tractor Supply provides the following examples:

• **Kenneth Downey**: The rug was defective as it developed dramatic ripples, and would not stay flat, after just one day of Tractor Supply being in possession of the rug. The ripples created a two-inch lip on the edge of the rug upon which Mr. Downey tripped, causing his injury. *See* Tractor_Supply_0006305– Tractor_Supply_0006307 (depicting the rug), Tractor_Supply_0007106– Tractor_Supply_0007116 (describing the rug and injury).

• **Barbara Jean-Justice**: The rug was defective because it developed ripples and would not stay flat, a recurring problem with this particular rug. The rug had been straightened by a Tractor Supply team member just minutes before the accident. Claimant's foot hit one of the wrinkles in the rug, causing her to trip and fall, shattering the glass bottles of soda she had just purchased in the process. The impact of the fall and the resulting glass shards caused injuries to claimant's chest, knees, the palms of her hands, and her left arm. *See* Tractor_Supply_0010419– Tractor_Supply_0010423 (depicting the rug); Tractor_Supply_0010492– Tractor_Supply_10504 (describing the rug and injury).

• **Joyce Furman**: The rug was defective because it would not stay flat, developing ruffles and wrinkles, upon which Ms. Furman tripped. Ms. Furman's fall caused her to fracture her lower left leg and sustain injuries to her hands, back, left ankle, and left knee. *See* Tractor_Supply_0014722 (depicting the rug); Tractor_Supply_14953–Tractor_Supply_0014955 (describing the rug and injury).

• **Bettie Hataway**: The rug was defective because it generated dramatic wrinkles and would not stay flat. The wrinkles also resulted from UniFirst's work, as the mats were rolled up when they were delivered (as opposed to lying flat), causing the ripples. Claimant tripped on the mat's ripples, causing her to fall. Claimant struck her head on the glass door and fell on her right elbow and right hip. The mat was delivered by UniFirst the morning of the incident, indicating that it was defective when it arrived. *See* Tractor_Supply_0009257 (depicting the rug); Tractor_Supply_009835–Tractor_Supply_0009838 (describing the rug and injury).

• **Patricia Padgett**: The rug was defective because it developed wrinkles, causing claimant—who walked with a cane—to catch her foot underneath the rug and trip and fall. The rug would not stay flat against the floor, causing it to bump up against the threshold. *See* Tractor_Supply_0011589 (depicting the rug);

20

Tractor_Supply_0011755– Tractor_Supply_0011761 (describing the rug and injury).

As to these ESIS interrogatories, the Court again overrules Tractor Supply's proportionality objections for the same reasons previously discussed. Further, the Court does not find these interrogatories to be overly broad or unduly burdensome for the reasons discussed above. The interrogatories are appropriately limited contention interrogatories. For the same reasons discussed above, Tractor Supply may rely on the examples as sufficient only if this is the entirety of examples upon which Tractor Supply intends to rely and offer evidence of at trial. But, if there are other facts or "examples" that Tractor Supply intends to use at trial, it must, as directed above, further supplement its answers to these interrogatories to provide that information. Further, to the extent there are documents included in the business records produced by Tractor Supply that support the statements made in Tractor Supply's responses to ESIS Interrogatories No. 7, 8, 10, and 15, or in any supplemental responses, Tractor Supply must identify those documents as responsive to specific statements.[6]

## Conclusion

For the reasons discussed above, the parties' motion for a discovery conference (Docket No. 118) is GRANTED and the discovery dispute is resolved as discussed above. Further, the parties' second motion for a discovery conference (Docket No. 120) and related joint discovery dispute statement (Docket No. 121) and an earlier-filed joint discovery dispute statement (Docket No. 117) are duplicative of the discovery dispute described in the joint discovery dispute statement

---

[6] Again, Tractor Supply may create a table with categories of the kinds of misconduct it alleges occurred and the Bates numbered documents responsive to each category of alleged misconduct or may otherwise specify responsive documents by any other means, as long as Tractor Supply does so "in sufficient detail to enable [Unifirst and ESIS] to locate and identify them as readily as [Tractor Supply] could." Fed. R. Civ. P. 33(d)(1).

at Docket No. 119.  Accordingly, the second motion for a discovery conference (Docket No. 120) is DENIED, and the related filings (Docket Nos. 117 and 121) are disregarded.

Tractor Supply must further supplement its responses to Unifirst Interrogatories No. 5, 10-13, 19 and 20 and ESIS Interrogatories No. 7-8, 10, and 15 as instructed above.  The supplemental responses must be provided by no later than **August 22, 2022**, unless the parties agree to a later date.[7]

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[7] The parties are reminded of the October 27, 2022 fact discovery cut-off date.  (Docket No. 116.)  Plenty of time remains after Tractor Supply's completion of the supplemental discovery directed above for the parties to fully comply with this deadline.  The parties can – and should – proceed with scheduling of depositions of individuals already identified in discovery for dates after August 22, 2022.  Any discovery of new individuals with knowledge about this case should be minimal, given Tractor Supply's comprehensive identification of such individuals in previously-provided discovery responses.

22