IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:21-cv-00619 |
| ACE AMERICAN INSURANCE COMPANY, UNIFIRST CORPORATION, and ESIS, INC., | ) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant Ace American Insurance Company's ("Ace") Motion to Dismiss Counts 26, 27, and 28 of the Third Amended Complaint. (Doc. No. 96). Plaintiff Tractor Supply Company ("Tractor Supply") filed a response in opposition (Doc. No. 102), and Ace filed a reply (Doc. No. 105). For the reasons discussed below, the motion will be **GRANTED**.

### I. PROCEDURAL BACKGROUND

Tractor Supply originally filed this suit against Ace in the United States District Court for the Middle District of Florida. (*See* Doc. No. 1). The Middle District of Florida granted Ace's motion to transfer the action to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a). (Doc. No. 33). On January 13, 2022, Tractor Supply filed a Third Amended Complaint. (Doc. No. 89). On January 26, 2022, Ace filed the pending motion to dismiss. (Doc. No. 96).

### II. ANALYSIS

Counts 26, 27, and 28 of the Third Amended Complaint allege statutory bad faith claims against Ace under Fla. Stat. § 624.155. (Doc. No. 89). Ace and Tractor Supply agree these claims are premature because Tractor Supply's claim for insurance coverage has not yet been adjudicated.

(*See* Doc. No. 96; Doc. No. 102 at 2; *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1269 (M.D. Fla. 2014) ("Under Florida law, a final determination as to coverage and damages for the underlying insurance claim must be made before a statutory bad faith claim can proceed."))[1] Ace and Tractor Supply further agree the only question for the Court to decide on Ace's pending motion is whether Counts 26, 27, and 28 should be dismissed without prejudice or abated until resolution of the underlying coverage dispute. (Doc. No. 97 ¶ 9; Doc. No. 102 at 2). The decision of whether to abate or dismiss without prejudice rests in the sound discretion of the Court. *See Vanguard Fire & Cas. Co. v. Golmon*, 955 So.2d 591, 595 (Fla. Dist. Ct. App. 2006).

The Court, in exercising its discretion, will dismiss without prejudice, rather than abate, Counts 26, 26, 28 as they are premature at this juncture and may never accrue. *See Terenzio v. LM Gen. Ins.*, 423 F. Supp. 3d 1354, 1357 (S.D. Fla. 2019) ("The Court finds that dismissal is a better remedy than abatement. For one, it appears that a majority of federal courts in Florida have ruled in favor of dismissal" (citing *Gilbert v. State Farm Mut. Auto. Ins.*, 95 F. Supp. 3d 1358, 1364 (M.D. Fla. 2015))); *Bele v. 21st Century Centennial Ins.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015) (dismissing without prejudice plaintiff's premature bad faith claim); *see also Dove v. USAA Cas. Ins. Co.*, 2021 WL 2015193, at *2 (M.D. Fla. May 20, 2021) (same).

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Ace and Tractor Supply also agree Florida law applies to Counts 26, 27, and 28. *See Van Dusen v. Barrack*, 376 U.S. 612, 632–37 (1964) (when a lawsuit is transferred from one federal court to another pursuant to 28 U.S.C. § 1404(a), the transferee court should apply the substantive law, including the choice-of-law rules, that the transferor court would have applied.).