IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:21-cv-00619 |
| | ) |
| ACE AMERICAN INSURANCE | ) JUDGE CAMPBELL |
| COMPANY, UNIFIRST CORPORATION, | ) MAGISTRATE JUDGE HOLMES |
| and ESIS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court is UniFirst Corporation's ("UniFirst") Motion to Compel Arbitration and Motion to Dismiss. (Doc. No. 94). Plaintiff Tractor Supply Company ("Tractor Supply") filed a response in opposition (Doc. No. 101), and UniFirst filed a reply (Doc. No. 106). For the reasons discussed below, the motion is **DENIED** as to the request to compel arbitration.

## I. BACKGROUND

Tractor Supply contracted with UniFirst on or about September 1, 2017, for the purpose of UniFirst supplying to Tractor Supply certain rental items, including rugs and mats to be used in Tractor Supply's stores throughout the United States (the "2017 Contract"). (Doc. No. 89 ¶ 15 Doc. No. 94-1 at PageID # 2300-09). The 2017 Contract does not contain an arbitration clause. (Doc. No. 89 ¶ 16; *see also* Doc. No. 94-1 at PageID # 2303 ("any action arising out of this Agreement… venue shall be proper only in a court of competent jurisdiction located in the county and state in which [Tractor Supply]'s corporate offices are located."))[1].

---

[1] The parties had entered into a similar contract in 2010 ("2010 Contract"). (Doc. No. 89 ¶ 10). The 2010 Contract contained an arbitration clause. (*Id*. ¶ 16; Doc. No. 94-1 at PageID # 2283). The 2010 Contract expired on August 31, 2017. (Doc. No. 89 ¶ 15).

Under the 2017 Contract, UniFirst and Tractor Supply agreed to "defend, indemnify, and hold harmless" each other "from and against all liabilities, costs, losses, damages and expenses…arising as a result of the negligent acts or willful misconduct" in their performing their respective obligations under the 2017 Contract. (Doc. No. 89 ¶ 18; Doc. No. 94-1 at PageID # 2301). UniFirst agreed to obtain and maintain, at all times during the term of the 2017 Contract and at its own expense, commercial general liability insurance on an occurrence basis, naming Tractor Supply as an additional insured with coverage limits of not less than $1,000,000 per occurrence/$2,000,000 aggregate. (Doc. No. 89 ¶ 19; Doc. No. 94-1 at PageID # 2302, 2309). UniFirst further agreed that such insurance would "be endorsed to provide that the insurance shall be primary to and not contributory to any other coverages or self-insured programs maintained by [Tractor Supply.]" (*See id.*).

The Third Amended Complaint brings sixteen claims against UniFirst that seek relief only on such matters that occurred from September 1, 2017, to present. (*See* Doc. No. 89 ¶ 16). Nevertheless, UniFirst moves to compel Tractor Supply's claims for breach of contract (Counts 4-5), fraudulent misrepresentation and fraudulent concealment (Count 11), negligent misrepresentation (Count 13), negligence (Count 15), and declaratory judgment (Counts 19-20, 22) to arbitration on the basis that the Third Amended Complaint refers to and relies on provisions of the 2010 Contract, which contains an arbitration provision, as the basis for these Counts.

## II. LAW AND ANALYSIS

Before compelling an unwilling party to arbitrate, the court must determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the substantive scope of that agreement. *See NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 812 (6th Cir. 2008). "As a matter of federal law, any doubts concerning the scope of arbitrable issues

should be resolved in favor of arbitration." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (citation omitted). "However, this presumption 'is not so broad that it compels the arbitration of issues not within the scope of the parties' arbitration agreement.'" *Matalka v. Home Point Fin. Corp.*, 753 F. App'x 372, 378 (6th Cir. 2018) (quoting *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008)). "A longstanding principle of this Circuit is that no matter how strong federal policy favors arbitration, 'arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" *Id.* (quoting *Simon v. Pfizer Inc.*, 398 F.3d 765 (6th Cir. 2005)). "To find that the parties intended to resolve [a particular] dispute in arbitration, [the court] must confirm that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Solo v. United Parcel Serv. Co.*, 947 F.3d 968, 972 (6th Cir. 2020) (citation and internal quotations omitted).

There is no dispute that the 2010 Contract contained a valid arbitration provision. (*See* Doc. No. 101 at 6; 106 ¶ 1). The question before the Court is whether Tractor Supply's claims against UniFirst in Counts 4, 5, 11, 13, 15, 19, 20, 22 fall within the scope of the 2010 Contract's arbitration provision.[2] Under Sixth Circuit precedent, the answer depends on whether reference the 2010 Contract (*i.e.,* the agreement containing the arbitration clause) is necessary to the resolution of the claims. *See NCR Corp.*, 512 F.3d at 814.[3] "If such a reference is not necessary to the resolution of a particular claim, then compelled arbitration is inappropriate, unless the intent

---

[2] The 2010 Contract's arbitration clause provides: "[a]ll controversies, claims or disputes of whatever kind between [UniFirst] and [Tractor Supply] based upon past, present or future acts, whether known or unknown, and arising out of or relating to the negotiation, formation or performance of this Agreement shall be resolved exclusively by final and binding arbitration." (Doc. No. 94-1 at PageID # 2283).

[3] Neither UniFirst nor Tractor Supply provide meaningful analysis on this point in their briefs. (*See* Doc. 95 at 11-14; Doc. No. 101 at 5-8; Doc. No. 106 ¶¶ 1-4).

of the parties indicates otherwise." *Id*.: *see also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003) (A dispute falls outside the scope of an arbitration agreement if the "action could be maintained without reference to the contract or relationship at issue.").

The Third Amended Complaint, 2010 Contract, and 2017 Contract confirm that reference to the 2010 Contract is not necessary to the resolution of Counts 4, 5, 11, 13, 15, 19, 20, 22. These claims arise out of conduct that occurred after the expiration of the 2010 Contract. (*See* Doc. No. 89 ¶ 16). While UniFirst's obligations to defend, indemnify, and obtain insurance as to Tractor Supply are addressed in different sections of the respective contracts, the obligations themselves are materially the same under both contracts. UniFirst does not argue otherwise. As such, "compelled arbitration is inappropriate, unless the intent of the parties indicates otherwise." *NCR Corp.*, 512 F.3d at 814. Here, the Court finds that the parties did not intend to arbitrate disputes concerning the 2017 Contract because that contract does not contain any arbitration clause. *See Alticor, Inc. v. National Union Fire Ins. Co.*, 411 F.3d 669, 672 (6th Cir. 2005) ("[if the party] had intended to subject this dispute to the arbitration provision, it could easily, clearly and unequivocally have done so, … by including an arbitration provision [.]"). Accordingly, UniFirst's Motion to Compel Arbitration (Doc. No. 94) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE