IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-cv-00619 |
| ) | |
| ACE AMERICAN INSURANCE ) | JUDGE CAMPBELL |
| COMPANY, UNIFIRST CORPORATION, ) | MAGISTRATE JUDGE HOLMES |
| and ESIS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Defendant ESIS, Inc.'s ("ESIS") Motion to Dismiss. (Doc. No. 91). Plaintiff Tractor Supply Company ("Tractor Supply") filed a response in opposition (Doc. No. 100), and ESIS filed a reply (Doc. No. 107). For the reasons discussed below, ESIS's motion to dismiss will be **DENIED**.

### I.     BACKGROUND

This is a case about insurance coverage and indemnification benefits, involving Tractor Supply, ESIS, UniFirst Corporation ("UniFirst"), and ACE American Insurance Company ("ACE"). In 2010 and 2017, Tractor Supply contracted with UniFirst to supply Tractor Supply certain rental items, including rugs and mats, to be used in Tractor Supply's stores throughout the United States (the "2010 Contract" and the "2017 Contract"). (Doc. No. 89 ¶¶ 10, 15).[1]

UniFirst and Tractor Supply agreed to "defend, indemnify, and hold harmless" each other "from and against all liabilities, costs, losses, damages and expenses…arising as a result of the negligent acts or willful misconduct" in their performance of their respective obligations. (Doc.

---

[1]     The 2010 Contract expired on August 31, 2017. (Doc. No. 89 ¶ 15).

No. 89 ¶ 18). UniFirst further agreed to obtain and maintain a commercial general liability insurance policy on an occurrence basis with coverage limits of not less than $1,000,000 per occurrence/$2,000,000 aggregate, and that UniFirst would name Tractor Supply as an additional insured under the policy. (*Id*.¶ 19). UniFirst obtained a commercial general liability insurance policy through ACE, and provided Tractor Supply a Certificate of Liability Insurance stating that Tractor Supply was named as an additional insured on the policy. (*Id*. ¶ 20, 24). ESIS functioned as UniFirst's third-party administrator for UniFirst's insurance policies. (*Id*. ¶ 15).

On May 22, 2019, a customer was injured in the Tractor Supply store in Crossville, Tennessee, when he slipped on a mat provided by UniFirst under the contract. (*Id*. ¶ 22). On the same day, a customer was injured in the Tractor Supply store in Clewiston, Florida, when she slipped on a mat provided by UniFirst under the contract. (Doc. No. ¶ 23). Tractor Supply tendered the Crossville claim to UniFirst and ESIS on April 28, 2020, demanding both indemnity under the 2017 Contract and that ACE assume defense of the claims pursuant to Tractor Supply's status as an additional insured on the UniFirst policy. (*Id*. ¶ 27). Tractor Supply tendered the Clewiston claim directly to ACE with the same demands. (*Id*. ¶ 28). By letter on May 1, 2020, ESIS, on behalf of UniFirst, denied UniFirst's indemnification obligations under the contract and denied Tractor Supply access to the insurance policy. (*Id*. ¶ 32). Subsequently, Tractor Supply expended its own funds to settle the Crossville claim. (*Id*. ¶ 33). ACE denied Tractor Supply's Clewiston claim without explanation. (*Id*. ¶ 34).

Between September 1, 2017, and August 31, 2020, more than fifty Tractor Supply customers fell on floor mats supplied by UniFirst. (*Id*. ¶ 38). ESIS, UniFirst, and ACE have denied all of Tractor Supply's tenders and claims related to the same. (*Id*.). Tractor Supply alleges that ESIS, UniFirst, and ACE have established a pattern and practice of rejecting Tractor Supply's

demands for defense and indemnity and systematically denying Tractor Supply's claims without any legal justification. (*Id*. ¶¶ 39-40). Tractor Supply alleges that UniFirst and ESIS arranged a process, that ACE acquiesced to, wherein UniFirst denies Tractor Supply access to UniFirst's insurance policy maintained through ACE. (*Id*. ¶ 44). The process allegedly involves the use of an "insured controlled deductible" such that neither ACE nor ESIS act on a claim submitted by Tractor Supply until after UniFirst has paid its deductible. (*Id*. ¶ 47). Tractor Supply alleges that ESIS refusing to process a claim and ACE refusing to defend and indemnify a claim without the effective permission of UniFirst through the pre-payment of the deductible has the effect of denying Tractor Supply access to the insurance policy. (*Id*. ¶ 48). Tractor Supply alleges that ESIS knowingly assisted UniFirst in the foregoing conduct. (*Id*. ¶ 51).

Tractor Supply brings claims against ESIS for breach of contract (Counts 4-6), tortious interference (Count 7), inducement of breach of contract (Count 8), breach of fiduciary duty (Count 9), civil conspiracy (Count 24), punitive damages (Count 25), and statutory bad faith (Count 29). Through its pending motion, ESIS moves to dismiss all claims against it.[2]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference

---

[2] ESIS also argues Counts 11 and 13 should be dismissed. (Doc. No. 91 at 3; Doc. No. 92 ¶¶ 30-35; Doc. No. 107 ¶ 2). The Court declines to consider its arguments for dismissal as to these Counts because they are brought against UniFirst, not ESIS.

that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

### A. Breach of Contract Claims (Counts 4-6)

ESIS argues Counts 4, 5, and 6 for breach of contract fail to state a claim against it because it was not a party to the 2010 Contract or the 2017 Contract. (Doc. No. 92 ¶¶ 14-17). In its response, Tractor Supply argues that, under Tennessee law, "the agent of a party to a contract may be liable under the contract where the agent for a named principal assumes the principal's obligations under the contract." (Doc. No. 100 at 8 (citing *Hammond v. Herbert Hood Co.*, 221 S.W.2d 98, 103 (Tenn. 1948); *Holt v. Am. Progressive Life Ins. Co.*, 731 S.W.2d 923, 925 (Tenn. Ct. App. 1987) (explaining that a known agent is bound by the contracts of the principal when the "circumstances show that the agent…assumed the obligations under the contract"); *Menuskin v. Williams*, 145 F.3d 755, 770 (6th Cir. 1998) (same))).

Tractor Supply submits that the Third Amended Complaint alleges that ESIS controlled the access to the insurer and the insurance policy to which Tractor Supply was entitled. (Doc. No. 100 at 9 (citing Doc. No. 89 ¶¶ 25, 27, 32, 44–48)). Tractor Supply further submits that, with respect to the processing of claims, ESIS assumed and breached the duty by acting to ensure Tractor Supply's claims would be denied and Tractor Supply's coverage would not conform to its contract with UniFirst. (*See id*. (citing Doc. No. 89 ¶¶ 32, 35, 41–48, 52, 73–74, 77–78, 81–82)).

4

Accordingly, Tractor Supply argues it has plausibly alleged ESIS undertook responsibilities for UniFirst related to processing Tractor Supply's insurance coverage claims. The Court agrees. Therefore, ESIS's motion to dismiss will be denied as to Counts 4-6.

**B. Tortious Interference (Count 7) and Inducement of Breach of Contract (8)**

As an initial matter, Tractor Supply argues that ESIS raises new arguments regarding the sufficiency of its allegations as to Counts 7 and 8 that are procedurally barred by Rule 12(g)(2) because they were available to ESIS when it filed its Motion to Dismiss the Second Amended Complaint but were not raised. (*See* Doc. No. 100 at 5-7; *see also* ESIS's Motion to Dismiss the Second Amended Complaint, Doc. No. 78). Specifically, ESIS argues through its pending motion that "Counts Seven and Eight for inducement of breach of contract fail to state a claim" because "the Complaint fails to specifically allege that ESIS intended to induce a breach of the Contracts, acted with malice in inducing [Tractor Supply]'s insurer to deny [Tractor Supply]'s claims, and proximately caused the breach[.]" (Doc. No. 92 ¶ 23). Whereas in ESIS's Motion to Dismiss the Second Amended Complaint it argued Counts 7 and 8 failed to state a claim only "[b]ecause the Complaint fails to specifically allege that ESIS acted with malice in inducing [Tractor Supply]'s insurer to deny [Tractor Supply]'s claims[.]" (Doc. No. 79 ¶ 22).

Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3),[3] a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 648 (6th Cir. 2016)

---

[3] Rule 12(h)(2) allows for a failure-to-state-a-claim defense under 12(b)(6) that is not asserted in the first motion to dismiss under Rule 12 to be raised later, "but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial." *Dowell v. Bernhardt*, No. 3:19-CV-00105, 2019 WL 6909461, at *5 (M.D. Tenn. Dec. 19, 2019) (citing *In re Apple Iphone Antitrust Litigation*, 846 F.3d 313, 318 (9th Cir. 2017)). Rule 12(h)(3) allows for the defense of lack of subject-matter jurisdiction to be raised at any time.

5

(noting that Rule 12(g)(2) "require[es] a party making a Rule 12 motion to raise all defenses or objections available to the party at the time of the motion"). The Court finds that ESIS's arguments regarding sufficiency of allegations as to the elements of intent and proximate cause as to Tractor Supply's claims in Counts 7 and 8 are barred by Rule 12(g) because those arguments could have been raised in its second motion to dismiss brought under Rule 12(b)(6) but were not. Accordingly, the Court will not consider them now.

1. Tortious Interference (Count 7)

As noted above, ESIS argues dismissal of Count 7 is appropriate because it fails to state a claim for inducement of breach of contract. (Doc. No. 92 ¶ 23). ESIS's motion will be denied as to Count 7 because it does not bring a claim for inducement of breach of contract. Rather, this Count brings the legally distinct claim of tortious interference with business relationships. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002) ("we expressly adopt the tort of intentional interference with business relationships").[4]

2. Inducement of Breach of Contract (Count 8)

Count 8 brings a claim for inducement of breach of contract, which "allows recovery when a third party causes a breach of contract." *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 174 (Tenn. Ct. App. 2007) (citing *Quality Auto Parts Co., Inc. v. Bluff City Buick Co. Inc.*, 876 S.W.2d 818, 822 (Tenn. 1994)). ESIS argues Count 8 fails to state a claim because the Third Amended Complaint fails to allege that ESIS acted with malice in inducing ACE to deny Tractor Supply's claims. (Doc. No. 92 ¶ 23). "To prevail on a common law theory of inducement

---

[4] To state a claim for the tort of intentional interference with business relationships under Tennessee law, a plaintiff must allege: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from tortious interference. *See id*.

6

of breach of contract, the plaintiff must show (1) the existence of a legal contract between the plaintiff and a third party, (2) the defendant's awareness of the contract, (3) the defendant's malicious intent to induce breach of the contract, (4) that the defendant's actions proximately caused the breach of contract, and (5) resulting damages to the plaintiff." *F.S. Sperry Co. v. Schopmann*, 304 F. Supp. 3d 694, 703 (E.D. Tenn. 2018).

Here, the Third Amended Complaint alleges that ESIS, for its own reasons and through intentional acts, sought to induce ACE to breach the contract by wrongfully denying Tractor Supply coverage. (Doc. No. 89 ¶¶ 95-96). The Court finds these allegations are sufficient to survive ESIS's motion to dismiss. *See Freeman Mgmt. Corp. v. Shurgard Storage Centers, LLC*, 461 F. Supp. 2d 629, 639 (M.D. Tenn. 2006) (allegations that "the actions of Public Storage were motivated by malice and constituted interference with prospective contract or interference with existing contractual relationships" were "clearly adequate to satisfy the pleading requirements here, particularly given that in the context of a claim for tortious interference with contract"); *see also id.* (noting that a general allegation of malice is sufficient under Rule 9(b)).

## C.  Breach of Fiduciary Duty (Count 9)

To state a claim for breach of fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary duty (2) that was breached (3) proximately causing damages." *Pagliara v. Johnston Barton Proctor & Rose, LLP*, 708 F.3d 813, 818 (6th Cir. 2013) (citing *Morrison v. Allen*, 338 S.W.3d 417, 438 (Tenn. 2011)). ESIS challenges the first element of the claim – the existence of a fiduciary duty. ESIS's first argument is that it "cannot owe [Tractor Supply] a fiduciary duty based on contracts to which it is not party." (Doc. No. 92 ¶ 25). ESIS cites *Howard Indus., Inc. v. Ace Am. Ins. Co.*, No. 2:13-CV-0677, 2014 WL 978445, at *3-5 (S.D. Ohio Mar. 12, 2014) as the sole legal authority in support of its contention. Although *Howard* addressed agency, insurance,

7

and contracts, it did so in the context of Ohio law, whereas the present case is governed by Tennessee law. ESIS does not address the differences or similarities between Ohio law and Tennessee law on fiduciary duties, agency, insurance, or contracts. Accordingly, the Court is unpersuaded by ESIS's first argument for dismissal of Count 9.

Next, ESIS argues the Third Amended Complaint fails to allege a confidential relationship between it and Tractor Supply. (Doc. No. 92 ¶ 27). "Because confidential relationships can assume a variety of forms, the courts have been hesitant to define precisely what a confidential relationship is[.]" *Innerimages, Inc. v. Newman*, 579 S.W.3d 29, 49–50 (Tenn. Ct. App. 2019); *see also Pagliara*, 708 F.3d at 818 ("Under Tennessee law, a fiduciary relationship may arise between two parties in any number of circumstances, both formal and informal, including whenever confidence is reposed by one party in another who exercises dominion and influence.") (citation and internal quotation omitted). ESIS contends that Tractor Supply fails to allege ESIS held influence or control over Tractor Supply. (Doc. No. 92 ¶ 26). Viewing the facts alleged in the light most favorable to Tractor Supply, the Third Amended Complaint alleges that ESIS held influence and control over Tractor Supply as to insurance coverage. Thus, ESIS's motion will be denied as to Count 9.

**D. Civil Conspiracy (Count 24) and Punitive Damages (Count 25)**

In Count 24, Tractor Supply asserts a civil conspiracy claim against all defendants. ESIS does not attack the sufficiency of Tractor Supply's allegations, but rather contends that the conspiracy claim must be dismissed because the underlying tort claims must be dismissed. (Doc. No. 93 ¶¶ 36-39). "The elements of a cause of action for civil conspiracy under Tennessee common law are: (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage." *Freeman Mgmt.*

8

*Corp. v. Shurgard Storage Ctrs., LLC*, 461 F. Supp. 2d 629, 642 (M.D. Tenn. 2006) (citing *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993)). A claim for civil conspiracy must have an underlying predicate tort committed in the course of the conspiracy. *Id*.

Because underlying tort claims remain, including the claim for tortious interference with business relationships, dismissal of Tractor Supply's civil-conspiracy claim would be inappropriate. Tractor Supply also argues that dismissal of its claim for punitive damages would be premature. (*See* Doc. No. 100 at 22). ESIS does not argue otherwise in its reply. (*See* Doc. No. 107). The Court agrees that dismissal of Count 25 would be premature.

E.  **Statutory Bad Faith (Count 29)**

In Count 29, Tractor Supply asserts a statutory bad faith claim pursuant to Tennessee Code Annotated Section 56-7-105. The statute "is penal in nature" and, therefore, "must be strictly construed[.]" *Giles v. Geico Gen. Ins. Co.*, 643 S.W.3d 171, 175 (Tenn. Ct. App. 2021). ESIS argues Section 56-7-105 only applies to insurance companies and other companies "doing an insurance or fidelity bonding business" in Tennessee. (Doc. No. 92 ¶ 41 (quoting Tenn. Code Ann. § 56-7-105(a))). ESIS asserts that it is not an insurance company and denies doing business in fidelity bonding. Thus, ESIS argues Count 29 fails to state a claim because Section 56-7-105 does not apply to companies acting as third-party administrators of insurance policies, such as itself.

In its response, Tractor Supply argues this claim should survive ESIS's motion to dismiss because it alleges that Tractor Supply made demands to ESIS, as an agent for the insurance company, to accept and pay its losses. (Doc. No. 100 at 22 (citing Doc. No. 89 ¶ 235)). In its reply, ESIS cites *Triolo v. Treadwell & Harry, Inc.*, 371 S.W.2d 169, 173–74 (1963) for the proposition that Section 56-7-105 does not apply to an insurer's agent. (*See* Doc. No. 107 at 5). In *Triolo*, the court found that Section 56-7-105 was not applicable against the agency which issued the policy

9

on behalf of the insurer. *See* 371 S.W.2d at 173–74. Given the nature of the agency allegations in the Third Amended Complaint, the Court is not persuaded at this juncture that Section 56-7-105 is inapplicable to ESIS as a matter of law. Accordingly, ESIS's motion to dismiss will not be granted as to Count 29.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE