IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:21-cv-00619 |
| ACE AMERICAN INSURANCE | ) JUDGE CAMPBELL |
| COMPANY, UNIFIRST CORPORATION, | ) MAGISTRATE JUDGE HOLMES |
| and ESIS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant UniFirst Corporation's ("UniFirst") Motion to Dismiss. (Doc. No. 94). Plaintiff Tractor Supply Company ("Tractor Supply") filed a response in opposition (Doc. No. 101), and UniFirst filed a reply (Doc. No. 106). For the reasons discussed below, UniFirst's motion to dismiss will be **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

This is a case about insurance coverage and indemnification benefits, involving Tractor Supply, UniFirst, ESIS, Inc. ("ESIS"), and ACE American Insurance Company ("ACE"). Tractor Supply contracted with UniFirst on or about September 1, 2017, for the purpose of UniFirst supplying to Tractor Supply certain rental items, including rugs and mats, to be used in Tractor Supply's stores throughout the United States (the "2017 Contract"). (Doc. No. 89 ¶ 15 Doc. No. 94-1 at PageID # 2300-09). UniFirst represented and warranted on an ongoing basis, *inter alia*, that "[a]ll items of Merchandise supplied by [UniFirst] hereunder...will be processed, mended and finished in accordance with generally accepted standards of the textile rental industry [and] [s]ervices provided will be performed in a good and workmanlike manner by a skilled and qualified

staff in accordance with the highest textile rental industry standards. (Doc. No. 89 ¶ 17; Doc. No. 94-1 at PageID # 2300). UniFirst and Tractor Supply further agreed to "defend, indemnify, and hold harmless" each other "from and against all liabilities, costs, losses, damages and expenses…arising as a result of the negligent acts or willful misconduct" in their performance of their respective obligations under the 2017 Contract. (Doc. No. 89 ¶ 18). The 2017 Contract provided that UniFirst would, at its own expense, obtain and maintain a commercial general liability insurance policy on an occurrence basis with coverage limits of not less than $1,000,000 per occurrence/$2,000,000 aggregate, and that UniFirst would name Tractor Supply as an additional insured under the policy. (*Id*. ¶ 19). UniFirst obtained a commercial general liability insurance policy through ACE, and provided Tractor Supply a Certificate of Liability Insurance stating that Tractor Supply was named as an additional insured on the policy. (*Id*. ¶ 20, 24). ESIS functioned as UniFirst's third-party administrator for UniFirst's insurance policies. (*Id*. ¶ 15).

On May 22, 2019, a customer was injured in the Tractor Supply store in Crossville, Tennessee, when he slipped on a mat provided by UniFirst under the contract. (*Id*. ¶ 22). On the same day, a customer was injured in the Tractor Supply store in Clewiston, Florida, when she slipped on a mat provided by UniFirst under the contract. (Doc. No. ¶ 23). Tractor Supply tendered the Crossville claim to UniFirst and ESIS on April 28, 2020, demanding indemnity under the 2017 Contract and that ACE assume defense of the claims pursuant to Tractor Supply's status as an additional insured on the UniFirst policy. (*Id*. ¶ 27). Tractor Supply tendered the Clewiston claim directly to ACE with the same demands. (*Id*. ¶ 28). By letter on May 1, 2020, ESIS, on behalf of UniFirst, denied UniFirst's indemnification obligations under the contract and denied Tractor Supply access to the insurance policy. (*Id*. ¶ 32). Subsequently, Tractor Supply expended its own

funds to settle the Crossville claim. (*Id*. ¶ 33). ACE denied Tractor Supply's Clewiston claim without explanation. (*Id*. ¶ 34).

Between September 1, 2017, and August 31, 2020, more than fifty Tractor Supply customers fell on floor mats supplied by UniFirst. (*Id*. ¶ 38). ESIS, UniFirst, and ACE denied all of Tractor Supply's tenders and claims related to the same. (*Id*.). Tractor Supply alleges that ESIS, UniFirst, and ACE have established a pattern and practice of rejecting Tractor Supply's demands for defense and indemnity and systematically denying Tractor Supply's claims without any legal justification. (*Id*. ¶¶ 39-40). Tractor Supply alleges that UniFirst and ESIS arranged a process, that ACE acquiesced to, wherein UniFirst denies Tractor Supply access to UniFirst's insurance policy maintained through ACE. (*Id*. ¶ 44). The process allegedly involves the use of an "insured controlled deductible" such that neither ACE nor ESIS act on a claim submitted by Tractor Supply until after UniFirst has paid its deductible. (*Id*. ¶ 47). Tractor Supply alleges that ESIS refusing to process a claim and ACE refusing to defend and indemnify a claim without the effective permission of UniFirst through the pre-payment of the deductible has the effect of denying Tractor Supply access to the insurance policy. (*Id*. ¶ 48). Tractor Supply alleges that ESIS knowingly assisted UniFirst in the foregoing conduct. (*Id*. ¶ 51).

The Third Amended Complaint brings claims against UniFirst for breach of contract (Counts 4-6), tortious interference (Count 7), inducement of breach of contract (Count 8), breach of fiduciary duty (Count 9), fraudulent misrepresentation and/or fraudulent concealment (Count 11), negligent misrepresentation (Count 13), negligence (Count 15), declaratory judgment (Counts 19-22), promissory estoppel (Count 23), civil conspiracy (Count 24), and punitive damages (Count 25). (*See* Doc. No. 89). UniFirst moves to dismiss all claims against it.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

While the Court's decision to grant or deny a motion to dismiss "rests primarily upon the allegations of the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation and internal quotations omitted). The Court may also consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (citation omitted).

## III. ANALYSIS

**A. Indemnity Provision**

The Court first addresses UniFirst's contention that the 2017 Contract's indemnity provision bars Tractor Supply's claims against it as a matter of law. (*See* Doc. No. 95 at 14-16). UniFirst's attempt to avoid liability under the 2017 Contract's indemnity provision is an affirmative defense. A motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon an affirmative defense. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "But a court may grant a motion to dismiss based on an affirmative defense if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Golden Star Wholesale, Inc. v. ZB Importing, Inc.*, 531 F. Supp. 3d 1231, 1254 (E.D. Mich. 2021) (citation and internal quotations omitted).

Here, UniFirst argues the indemnity provision applies because Tractor Supply's claims against it are based on Tractor Supply's use of the floor mats. (*See* Doc. No. 95 at 14-16). Tractor Supply asserts that its claims arise from UniFirst's role in ACE's failure to pay Tractor Supply's claims for insurance coverage benefits, and UniFirst's failure to fulfill its contractual obligations. (*See* Doc. No. 101 at 9 (citing Doc. No. 89 ¶¶ 74, 82, 89, 95, 101, 108, 114, 130–33, 144, 166–68, 172, 181, 184)). Viewing the facts alleged in the light most favorable to Tractor Supply, as the Court is required to do on a motion to dismiss, the Court does not find that Tractor Supply's allegations show that the indemnity provision bars Tractor Supply's claims against UniFirst. Accordingly, UniFirst's motion to dismiss will not be granted on its indemnity affirmative defense.

5

## B. Tort Claims (Counts 7-8, 11, 13, 15)

UniFirst argues that Tractor Supply's claims for tortious interference with business relationships (Count 7), inducement of breach of contract (Count 8), fraudulent misrepresentation and fraudulent concealment (Count 11), negligent misrepresentation (Count 13), and negligence (Count 15) must all be dismissed because the Third Amended Complaint does not allege any tort-related duties independent of the contractual relationship between the parties that would form the basis of these claims. UniFirst is correct that a plaintiff cannot use a contractual duty to establish a duty for negligence—there must be a duty under the common law.[1] However, a common law duty is not an element of Tractor Supply's claims for tortious interference with business relationships,[2] inducement of breach of contract,[3] fraudulent misrepresentation,[4] fraudulent

---

[1] In context of a negligence claim, duty "is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." *Giggers v. Memphis Housing Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009).

[2] To state a claim for the tort of intentional interference with business relationships under Tennessee law, a plaintiff must allege: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from tortious interference. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002).

[3] "To prevail on a common law theory of inducement of breach of contract, the plaintiff must show (1) the existence of a legal contract between the plaintiff and a third party, (2) the defendant's awareness of the contract, (3) the defendant's malicious intent to induce breach of the contract, (4) that the defendant's actions proximately caused the breach of contract, and (5) resulting damages to the plaintiff." *F.S. Sperry Co. v. Schopmann*, 304 F. Supp. 3d 694, 703 (E.D. Tenn. 2018).

[4] To state a claim for fraudulent misrepresentation, a plaintiff must allege: "(1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation." *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012).

6

concealment,[5] or negligent misrepresentation.[6] Therefore, these claims (Counts 7-8, 11, 13) will not be dismissed on this argument.

With respect to its negligence claim (Count 15), Tractor Supply submits that the Third Amended Complaint states a duty independent from the contract because Tennessee law authorizes claims for negligent performance of contractual duties. (Doc. No. 101 at 11). Although Tractor Supply is correct that Tennessee law recognizes a duty to perform the obligations of a contract with reasonable care, *see Underwood v. Nat'l Alarm Sys., Inc.*, 2007 WL 1412040, at *4 (Tenn. Ct. App. May 14, 2007), the Third Amended Complaint does not allege that UniFirst had an independent legal duty to perform its obligations under the contract with reasonable care. Instead, it alleges that "UniFirst had a duty to obtain and provide Tractor Supply insurance coverage … under the contract. Unifirst negligently failed to obtain the proper and/or adequate insurance coverage." (Doc. No. 89 ¶ 143). Tractor Supply's failure to allege that UniFirst had a duty to perform its obligations under the contract with reasonable care is fatal to its claim for negligence. *See e.g.*, *Eldridge v. Shelby Cnty., Tennessee*, 2020 WL 1962988, at *14 (W.D. Tenn. Apr. 23, 2020) (plaintiffs sufficiently alleged defendant owed an independent legal duty where they alleged that defendant "assumed a duty both independently and contractually to Mr. Eldridge ... to ensure that Mr. Eldridge promptly received the necessary mental health care."); *Lansky v. Prot. One*

---

[5] In Tennessee, "'the tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury.'" *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) (quoting *Chrisman v. Hill Home Dev., Inc.*, 978 S.W.2d 535, 538–39 (Tenn. 1998)).

[6] The tort of negligent misrepresentation concerns "business or professional persons who negligently supply false information for the guidance of others in their business transactions." *Hodge*, 382 S.W.3d at 345. To state a claim, a plaintiff must plausibly allege: (1) the defendant was acting in the course of business, profession, or employment, or in a transaction in which they had a pecuniary interest; (2) the defendant supplied faulty information meant to guide others in their business transactions; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied upon the information. *Id*. at 344.

*Alarm Monitoring, Inc.*, 2018 WL 3077803, at *6 (W.D. Tenn. June 21, 2018) (plaintiff sufficiently alleged negligence where they alleged "that ADT had a duty to perform its obligations under the Contract with reasonable care, and that ADT breached that duty by negligently monitoring the alarm system."). Accordingly, UniFirst's motion to dismiss will be granted as to Count 15.

### C. Breach of Contract (Count 6)

UniFirst argues Count Six does not state claim for breach of contract because its allegations are merely duplicative of the alleged tortious interference claim in Count 7. (Doc. No. 95 at 16). In its response, Tractor Supply argues Count 6 "states a claim arising from the implied covenant of good faith and fair dealing." (Doc. No. 101 at 10-11 ("The allegations sound in bad faith and state a plausible claim to relief for breach of contract")). UniFirst does not argue otherwise in its reply. (*See* Doc. No. 106). Accordingly, UniFirst's motion to dismiss will be denied as to the breach of contract claim in Count 6.

### D. Tortious Interference with Business Relationships (Count 7)

UniFirst's motion and supporting memorandum refer to Count 7 as a claim for tortious interference with contract and rely on authority pertaining to the same. (*See, e.g.,* Doc. No. 94 at 2-3; Doc. No. 95 at 2-3, 16, 19; *see id*. at 19 (citing *Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 759 (M.D. Tenn. 2019) (addressing tort of tortious interference with contract))). While Count 8 brings a claim for tortious interference with contract, *i.e.*, inducement of breach of a contract, Count 7 brings the legally distinct claim of tortious interference with business relationships. *See Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 174-177 (Tenn. Ct. App. 2007) (discussing tort for inducement of breach of contract and the tort of intentional interference with existing or prospective business relationships). As UniFirst does not

8

advance any argument for dismissal of Tractor Supply's claim of tortious interference with business relationships, its motion to dismiss will be denied as to Count 7.

### E. Inducement of Breach of Contract (Count 8)

UniFirst argues dismissal of this claim is appropriate because the Third Amended Complaint alleges that UniFirst is a party to the insurance policy at issue. (*See* Doc. No. 95 at 19 (citing *Cambio Health Sols., LLC v. Reardon*, 213 S.W.3d 785, 789 (Tenn. 2006); *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn. 1977) ("a party to a contract cannot be held liable for procuring its own breach"))). UniFirst is correct that a party to a contract cannot be liable for tortious interference with the performance of that contract under Tennessee law. *Cambio*, 213 S.W.3d at 789-90. In its response, Tractor Supply argues the foregoing principle does not extend to multi-party contracts where two or more parties lack a unity of interest. (*See* Doc. No. 101 at 14 ("although Tractor Supply and UniFirst are both beneficiaries under the same insurance policy with ACE, they lack a unity of interest, and each may be liable for tortiously interfering with obligations ACE owes to the other.")). However, the purpose of this tort (inducement of breach of contract) "is to deter *third* parties from interfering with the contractual relations of parties to a contract." *Cambio*, 213 S.W.3d at 789 (emphasis in original). Because UniFirst, Tractor Supply, and ACE are parties to the same insurance policy, UniFirst is immune from liability for tortious interference with that insurance policy. *See id*. at 788 (parties to contract enjoy immunity from tortious interference). Accordingly, UniFirst's motion to dismiss will be granted as to the inducement of breach of contract claim against it in Count 8.

### F. Breach of Fiduciary Duty (Count 9)

To state a claim for breach of fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary duty (2) that was breached (3) proximately causing damages." *Pagliara v. Johnston*

*Barton Proctor & Rose, LLP*, 708 F.3d 813, 818 (6th Cir. 2013) (citing *Morrison v. Allen*, 338 S.W.3d 417, 438 (Tenn. 2011)). UniFirst argues the Third Amended Complaint fails to state a claim for breach of fiduciary duty because it fails to allege a factual basis that would form the basis of fiduciary relationship. (*See* Doc. No. 95 at 20).

"Tennessee law recognizes two types of fiduciary relationships: relationships that are fiduciary per se (e.g., attorney/client, guardian/ward) and relationships that are 'confidential' due to one party's ability to exercise 'dominion and control' over another party." *Innerimages, Inc. v. Newman*, 579 S.W.3d 29, 49 (Tenn. Ct. App. 2019); *see also Oak Ridge Precision Indus., Inc. v. First Tennessee Bank Nat. Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992) ("fiduciary relationships may arise whenever confidence is reposed by one party in another who exercises dominion and influence"). Tractor Supply argues the Third Amended Complaint alleges that the 2017 Contract placed Tractor Supply and UniFirst in a special relationship wherein UniFirst had complete control over the insurance coverage under which Tractor Supply would be named an additional insured. (Doc. No. 101 at 15 (citing Doc. No. 89 ¶ 19).

In its reply, UniFirst contends the contractual relationship did not create an agency relationship because Section 8.7 of the 2017 Contract provides that neither party is an agent of the other. (Doc. No. 106 ¶ 13). Section 8.7 of the 2017 Contract states that "[t]he parties are independent contractors and neither party is an employee, agent, servant, representative, partner, or joint venture of the other or has any authority to assume or create any obligation or liability of any kind on behalf of the other." (Doc. No. 94-1 at PageID # 2303). However, "[t]he existence of an agency relationship is not dependent upon a contract, an explicit agreement, or an understanding between the parties." *Bostic v. Dalton*, 158 S.W.3d 347, 351 (Tenn. 2005). "Rather, the existence of an agency relationship is a question of fact under the circumstances of a particular case based

10

upon an examination of the agreements among the parties or of the parties' conduct." *Id*. (citations and internal quotations omitted). Moreover, "confidential relationships can assume a variety of forms[.]" *Innerimages, Inc.*, 579 S.W.3d at 49–50. At this juncture, and accepting Tractor Supply's allegations as true, the Court finds the Third Amended Complaint alleges a factual basis sufficient to form the basis of a fiduciary relationship. Accordingly, UniFirst's motion will be denied as to Tractor Supply's claim against it in Count 9.

### G. Fraudulent Misrepresentation and Fraudulent Concealment (Count 11)

First, UniFirst argues Tractor Supply's claims in Count 11 for fraudulent misrepresentation and fraudulent concealment are barred by the holding in *Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125 (Tenn. 2021) concerning the economic loss doctrine. (Doc. No. 94 at 3; Doc. No. 95 at 21). In *Milan Supply Chain*, the Tennessee Supreme Court considered "how, if at all, the economic loss doctrine…applies in Tennessee to claims of fraudulent inducement." 627 S.W.3d at 129. The Court "decline[d] to announce a broad rule either extending the economic loss rule to all fraud claims or exempting all fraud claims from the economic loss rule." *Id*. at 153. Instead, it issued a narrow holding "for situations … involving a contract between sophisticated commercial business entities and a fraudulent inducement claim seeking recovery of economic losses only[.]" *Id*. at 153–54. As the present case is not a situation involving a fraudulent inducement claim,[7] *Milan Supply Chain* is not applicable. Therefore, the fraudulent misrepresentation and fraudulent concealment claims will not be dismissed on this argument.

---

[7] To state a claim for fraud in the inducement to contract, a plaintiff must allege the defendant: (1) made a false statement concerning a fact material to the transaction; (2) with knowledge of the statement's falsity or utter disregard for its truth; (3) with the intent of inducing reliance on the statement; (4) the plaintiff reasonably relied on the statement; and (5) the reliance resulted in an injury. *See Baugh v. Novak*, 340 S.W.3d 372, 388 (Tenn. 2011).

11

Alternatively, UniFirst argues the fraudulent misrepresentation claim should be dismissed for failure to plead with particularity because the Third Amended Complaint fails to allege facts indicating the time, place, or content of the alleged misrepresentations. (Doc. No. 95 at 22). In its response, Tractor Supply submits that the Third Amended Complaint alleges that UniFirst intentionally misrepresented and/or concealed the limitations on Tractor Supply's insurance coverage; UniFirst knowingly made the misrepresentation and/or concealment given that it took over the claims processing role with the intent that ACE deny all of Tractor Supply's claims; Tractor Supply relied on the misrepresentation and/or concealment in entering the 2017 Contract; and the misrepresentation related to the then-existing nature of the insurance coverage that Tractor Supply would receive. (Doc. No. 101 at 16 (citing Doc. No. 89 ¶¶ 105–109)). UniFirst does not argue otherwise in its reply. (*See* Doc. No. 106). Accordingly, UniFirst's motion to dismiss will be denied as to the fraudulent misrepresentation claim in Count 11.

UniFirst submits the fraudulent concealment claim must be dismissed on the alternative basis that the Third Amended Complaint does not plead that a duty to disclose arose. (*See id*. at 22-23). Tractor Supply argues the Court should not dismiss the fraudulent concealment portion of this claim because it has adequately alleged UniFirst owed it fiduciary duties. (*See* Doc. No. 101 at 16). The Court agrees. *See supra* § F. Accordingly, UniFirst's motion to dismiss will also be denied as to the fraudulent concealment claim in Count 11.

**H. Declaratory Judgment claims (Counts 19-22)**

When determining whether to exercise jurisdiction over a request for declaratory relief, the court consider the five factors articulated in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984): "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in

12

issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 29 F.4th 792, 796–97 (6th Cir. 2022) (quoting *Grand Trunk*, 746 F.2d at 326).

UniFirst argues that the Court should dismiss Tractor Supply's claims for declaratory judgment as redundant of its breach of contract claims in Counts 4-5. (*See* Doc. No. 94 at 3; Doc. No. 95 at 23-24). UniFirst argues the declaratory judgment claims would not serve a useful purpose in clarifying the legal relations in issue (the second *Grand Trunk* factor) because the 2017 Contract allegedly ended in August 2020, and as such there is no future contractual performance to be determined by declaratory judgment. (*See* Doc. No. 95 at 24 (citing Doc. No. 89 ¶ 15)). In its response, Tractor Supply argues the declaratory judgment claims should not be dismissed because they seek prospective relief. (*See* Doc. No. 101 at 16-17). Tractor Supply submits that each declaratory judgment claim seeks declarations of UniFirst's obligations relating to "all future claims under the contract." (*Id*. at 17 (citing Doc. No. 89 ¶¶ 169, 174, 178, 182)). Tractor Supply notes that "[w]hile the Third Amended Complaint alleges the 2017 Contract has expired, it does not allege that UniFirst's obligations have terminated with respect to claims arising from events preceding the contract's expiration." (*Id*.). Therefore, Tractor Supply submits that resolution of its declaratory judgment claims should be left for summary judgment. UniFirst does not argue otherwise in its reply. (*See* Doc. No. 106). Accordingly, UniFirst's motion to dismiss will be denied as to Counts 19, 20, 21, and 22.

13

### I. Promissory Estoppel (Count 23)

UniFirst argues Tractor Supply's claim for promissory estoppel should be dismissed as moot because the existence and enforceability of the 2010 and 2017 Contracts are not disputed. (*See* Doc. No. 95 at 24). Tractor Supply disagrees, arguing its promissory estoppel claim is pleaded in the alternative and that duplicative contract and promissory estoppel claims are not sufficient to warrant dismissal until a valid contract between the parties is found as a matter of law. (*See* Doc. No. 101 at 17 (citing *Alsbrook v. Concorde Career Colleges, Inc.*, 469 F. Supp. 3d 805, 851 (W.D. Tenn. 2020))). Thus, Tractor Supply argues dismissal would be premature as UniFirst has not yet filed its answer and the Court could find that the parties did not have valid contract. The Court agrees that dismissal of Tractor Supply's alternative claim for promissory estoppel would be premature at this stage. Accordingly, UniFirst's motion to dismiss will be denied as to Count 23.

### J. Civil Conspiracy (Count 24) and Punitive Damages (Count 25)

In Count 24, Tractor Supply asserts a civil conspiracy claim against all defendants. UniFirst does not attack the sufficiency of Tractor Supply's allegations, but rather contends that the conspiracy claim must be dismissed because the underlying tort claims must be dismissed. (*See* Doc. No. 94 at 3; Doc. No. 95 at 24-25). "The elements of a cause of action for civil conspiracy under Tennessee common law are: (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage." *Freeman Mgmt. Corp. v. Shurgard Storage Ctrs., LLC*, 461 F. Supp. 2d 629, 642 (M.D. Tenn. 2006) (citing *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993)). A claim for civil conspiracy must have an underlying predicate tort committed in the course of the conspiracy. *Id*.

UniFirst's argument fails because the underlying tort claims have not been completely dismissed. Because underlying tort claims remain, including the claim for tortious interference with business relationships, dismissal of Tractor Supply's civil-conspiracy claim would be inappropriate. Tractor Supply also argues that dismissal of its claim for punitive damages would be premature. (*See* Doc. No. 101 at 18). UniFirst does not argue otherwise in its reply. (*See* Doc. No. 106). The Court agrees that dismissal of Count 25 would be premature.

### IV. CONCLUSION

For the foregoing reasons, UniFirst's motion to dismiss will be **GRANTED** as to Tractor Supply's claims against it in Counts 8 and 15 and **DENIED** as to all other claims.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

15

Case 3:21-cv-00619   Document 140   Filed 09/30/22   Page 15 of 15 PageID #: 2939