# UNITED STATED DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TRACTOR SUPPLY COMPANY,

      Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY, UNIFIRST CORPORATION,
and ESIS, INC.,

      Defendants.

UNIFIRST CORPORATION,

      Counterplaintiff,

v.

TRACTOR SUPPLY COMPANY,

      Counterdefendant.

Case No. 3:21-cv-00619
Judge William Campbell
Magistrate Judge Holmes

Jury Demanded.

---

## DEFENDANT UNIFIRST CORPORATION'S
## ANSWER, DEFENSES, AND COUNTERCLAIMS

---

### ANSWER AND DEFENSES

Defendant UniFirst Corporation ("UniFirst"), through its undersigned attorneys, files this Answer and Defenses to Plaintiff's Third Amended Complaint (D.E. 89), subject to the Court's Order (D.E. 140) dismissing Counts 8 and 15 of that Complaint. Subject to that Order, UniFirst responds to the specific allegations of Plaintiff's Third Amended Complaint (the "Complaint") in accordance with the order and number of the paragraphs in which they are set out, as follows:

## Introduction

1.      UniFirst denies the allegations contained in Paragraph 1 of the Complaint.

## Parties

2.      UniFirst lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Tractor Supply's corporate organization, principal place of business, and citizenship.  Any remaining allegations of Paragraph 2 are denied.

3.      UniFirst lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant ACE American Insurance Company's corporate organization, principal place of business, and citizenship. Any remaining allegations of Paragraph 3 are denied.

4.      In response to Paragraph 4 of the Complaint, UniFirst admits that it is a Citizen of Massachusetts for the purposes of 28 U.S.C. § 1332.

5.      UniFirst lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning ESIS's corporate organization, principal place of business, and citizenship.  Any remaining allegations of Paragraph 5 are denied.

## Jurisdiction and Venue

6.      In response to Paragraph 6 of the Complaint, UniFirst admits that there is diversity of citizenship between it and Plaintiff.  UniFirst denies that Plaintiff is entitled to "millions of dollars" but admits this Court's jurisdictional minimum is satisfied.  Any remaining allegations of Paragraph 6 are denied.

7.      UniFirst denies the allegations in Paragraph 7 of the Complaint.

8.    UniFirst admits that it regularly does business in the State of Tennessee, and on that ground has sufficient minimum contacts with Tennessee to subject it to personal jurisdiction here. UniFirst denies the remaining allegations of Paragraph 8 of the Complaint.

9.    UniFirst admits that this Court has venue over this case but denies that a "substantial part of the events or omissions giving rise to the claim" as against UniFirst occurred in the Middle District of Tennessee. UniFirst further denies that it has "committed extensive acts within this District."

**Facts**

10.    UniFirst admits that Plaintiff entered into a contract with UniFirst dated August 16, 2010 (the "2010 Contract"). That 2010 Contract speaks for itself. UniFirst admits that ESIS operated as UniFirst's third-party administrator related to certain claims arising under the 2010 Contract.  UniFirst is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 10 are denied.

11.    UniFirst admits that the referenced 2010 Contract contains the quoted language. However, the terms of any referenced 2010 Contract speak for themselves.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 11 are denied.

12.    UniFirst admits that the referenced 2010 Contract contains the quoted language. However, the terms of any referenced 2010 Contract speak for themselves.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 12 are denied.

13.     UniFirst admits that it complied with the contracts between UniFirst and Plaintiff by providing the required certificates of insurance.  UniFirst states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage. UniFirst denies the remaining allegations of Paragraph 13.

14.     UniFirst states that the terms of any referenced certificates of insurance speak for themselves and denies that the certificates are evidence of coverage. UniFirst is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint. The allegations appear to relate to Defendant ACE. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 14 are denied.

15.     UniFirst admits that the 2010 Contract expired by its own terms of August 31, 2017 and that a new contract between UniFirst and Plaintiff ran from September 1, 2017 through August 31, 2020 (the "2017 Contract").  Any remaining allegations in Paragraph 15 of the Complaint are denied.

16.     UniFirst states that the terms of the referenced contracts speak for themselves, but admits that the 2010 Contract provides for arbitration of disputes. To the extent the allegations in Paragraph 16 of the Complaint call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 16 are denied, including specifically that Plaintiff states any claims against UniFirst under any contract.

17.     UniFirst states that the terms of the referenced 2017 Contract speak for themselves. UniFirst also denies that the attempted quote in Paragraph 17 of the Complaint is accurate in that it does not contain a close of the quote or quote the entire provision.  Any remaining allegations of Paragraph 17 are denied.

4

18.     UniFirst states that the terms of the referenced 2017 Contract speak for themselves. UniFirst also denies that the attempted quote in Paragraph 18 of the Complaint is accurate in that it does not quote the entire provision.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 18 are denied.

19.      UniFirst states that the terms of the referenced 2017 Contract speak for themselves. UniFirst also denies that the attempted quote in Paragraph 19 of the Complaint is accurate in that it does not quote the entire provision of Exhibit B.  To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 19 are denied.

20.     UniFirst states that the terms of any referenced 2017 Contract and certificates of insurance speak for themselves and denies that certificates are evidence of coverage.  UniFirst admits that it complied with the 2017 Contract and provided certificates of insurance to Plaintiff. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 20 are denied.

21.     UniFirst states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage.  To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 21 are denied.

22.     UniFirst is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis demands strict proof thereof.  Any remaining allegations of Paragraph 22 are denied.

23.     UniFirst is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis demands strict proof thereof.  Any remaining allegations of Paragraph 23 are denied.

5

24.     UniFirst admits that UniFirst was the named insured on a Commercial General Liability (CGL) policy issued by ACE, and that that policy was in effect at the time of the alleged incidents on May 22, 2019.  UniFirst states that policy is a document which speaks for itself and is the best evidence of the terms, exclusions, conditions, endorsements, and any other provisions contained therein. UniFirst states that the terms of any referenced certificates of insurance speak for themselves, and further denies that a Certificate of Liability of Insurance represents or is evidence of coverage. UniFirst is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint. To the extent the allegations call for a legal conclusion, no response is required.  Any remaining allegations of Paragraph 24 are denied.

25.     UniFirst admits that ESIS has acted as UniFirst's third-party administrator at all relevant times under the 2017 Contract.  UniFirst admits that ESIS is an independent contractor in all such work.  Any remaining allegations of Paragraph 25 are denied.

26.     UniFirst is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis demands strict proof thereof.

27.     UniFirst admits that Plaintiff has tendered claims to UniFirst demanding additional insured coverage and indemnification.  UniFirst denies that Plaintiff has qualified for additional insured coverage or indemnification under the terms of the 2017 Contract and the relevant CGL policies.  Any remaining allegations of Paragraph 27 are denied.

28.     UniFirst is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that basis demands

strict proof thereof. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 28 are denied.

29.　　UniFirst states that the terms of the applicable CGL policies speak for themselves and are the best evidence of the terms, exclusions, conditions, and any other provisions contained therein. UniFirst admits that the deductible amount for some of the applicable CGL policies was $500,000.00. All remaining allegations of Paragraph 29 are denied, including specifically the portion of the allegation that states that any requirements under the policy were "far in excess of the norm."

30.　　UniFirst states that this Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, UniFirst denies the allegations in Paragraph 30 of the Complaint.

31.　　UniFirst states that this Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, UniFirst denies the allegations in Paragraph 31 of the Complaint.

32.　　UniFirst is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis demands strict proof thereof. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 32 are denied.

33.　　UniFirst denies the allegations of Paragraph 33 of the Complaint.

34.　　UniFirst is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and on that basis demands strict proof thereof. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 34 are denied.

35. UniFirst denies the allegations of Paragraph 35 of the Complaint.

36. UniFirst states that Paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is required, UniFirst denies the allegations in Paragraph 36 of the Complaint.

37. UniFirst denies the allegations of Paragraph 37 of the Complaint.

38. UniFirst denies any allegations contained in Paragraph 38 of the Complaint, and in its subparagraphs A through JJJ, that UniFirst has committed gross misconduct in connection with any of the listed claims. UniFirst likewise denies any allegation that Plaintiff was or is entitled to coverage simply because the underlying incidents occurred. Rather, coverage for each claim must be determined individually based on the terms and conditions of the applicable CGL policy. UniFirst is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraphs A through JJJ of Paragraph 38 of the Complaint, and on that basis demands strict proof thereof.

39. UniFirst denies the allegations of Paragraph 39 of the Complaint.

40. UniFirst denies the allegations of Paragraph 40 of the Complaint.

41. UniFirst denies the allegations of Paragraph 41 of the Complaint.

42. UniFirst states that the terms of the 2010 Contract and/or insurance policies speak for themselves. UniFirst denies that Plaintiff can pursue any claims in this action under the 2010 Contract because of the arbitration provision in that contract. UniFirst denies all remaining allegations of Paragraph 42 of the Complaint.

43. UniFirst states that the terms of the 2010 Contract and/or insurance policies speak for themselves. UniFirst denies that Plaintiff can pursue any claims in this action under the 2010

Contract because of the arbitration provision in that contract. UniFirst denies all remaining allegations of Paragraph 43 of the Complaint.

44. UniFirst states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. To the extent the allegations call for a legal conclusion, no response is required. UniFirst denies all remaining allegations of Paragraph 44 of the Complaint.

45. UniFirst states that Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, UniFirst denies the allegations in Paragraph 45 of the Complaint.

46. UniFirst states that Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, UniFirst denies the allegations in Paragraph 46 of the Complaint.

47. UniFirst denies the allegations of Paragraph 47 of the Complaint.

48. UniFirst denies the allegations of Paragraph 48 of the Complaint.

49. UniFirst denies the allegations of Paragraph 49 of the Complaint.

50. UniFirst denies the allegations of Paragraph 50 of the Complaint.

51. UniFirst states that Paragraph 51 asserts legal conclusions to which no response is required. To the extent a response is required, UniFirst denies the allegations in Paragraph 51 of the Complaint.

52. UniFirst denies the allegations of Paragraph 52 of the Complaint.

53. UniFirst denies the allegations of Paragraph 53 of the Complaint.

## Count One: Breach of Contract (as to ACE)

54.     UniFirst incorporates and realleges its responses to paragraphs 1-53 of the Complaint.

55.     UniFirst states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. To the extent the allegations call for a legal conclusion, no response is required. Any remaining allegations of Paragraph 55 are denied.

56.     UniFirst denies the allegations of Paragraph 56 of the Complaint.

57.     UniFirst denies the allegations of Paragraph 57 of the Complaint.

58.     UniFirst denies the allegations of Paragraph 58 of the Complaint.

59.     UniFirst denies the allegations of Paragraph 59 of the Complaint.

60.     UniFirst denies the allegations of Paragraph 60 of the Complaint.

61.     UniFirst denies the allegations of Paragraph 61 of the Complaint.

## Count Two: Breach of Contract (as to ACE)

62.     UniFirst incorporates and realleges its responses to paragraphs 1-61 of the Complaint.

63.     UniFirst denies the allegations of Paragraph 63 of the Complaint.

64.     UniFirst denies the allegations of Paragraph 64 of the Complaint.

65.     UniFirst denies the allegations of Paragraph 65 of the Complaint.

66.     UniFirst denies the allegations of Paragraph 66 of the Complaint.

## Count Three: Breach of Contract (as to ACE)

67.     UniFirst incorporates and realleges its responses to paragraphs 1-66 of the Complaint.

68.     UniFirst denies the allegations of Paragraph 68 of the Complaint.

69.     UniFirst denies the allegations of Paragraph 69 of the Complaint.

70.     UniFirst denies the allegations of Paragraph 70 of the Complaint.

71.     UniFirst denies the allegations of Paragraph 71 of the Complaint.

**Count Four: Breach of the Contract (As to UniFirst and ESIS)**

72.     UniFirst incorporates and realleges its responses to paragraphs 1-71 of the Complaint.

73.     UniFirst denies the allegations of Paragraph 73 of the Complaint.

74.     UniFirst denies the allegations of Paragraph 74 of the Complaint.

75.     UniFirst denies the allegations of Paragraph 75 of the Complaint.

**Count Five: Breach of the Contract (As to UniFirst and ESIS)**

76.     UniFirst incorporates and realleges its responses to paragraphs 1-75 of the Complaint.

77.     UniFirst denies the allegations of Paragraph 77 of the Complaint.

78.     UniFirst denies the allegations of Paragraph 78 of the Complaint.

79.     UniFirst denies the allegations of Paragraph 79 of the Complaint.

**Count Six: Breach of the Contract (As to UniFirst and ESIS)**

80.     UniFirst incorporates and realleges its responses to paragraphs 1-79 of the Complaint.

81.     UniFirst denies the allegations of Paragraph 81 of the Complaint.

82.     UniFirst denies the allegations of Paragraph 82 of the Complaint.

83.     UniFirst denies the allegations of Paragraph 83 of the Complaint.

84.     UniFirst denies the allegations of Paragraph 84 of the Complaint.

## Count Seven: Tortious Interference (As to UniFirst and ESIS)

85.     UniFirst incorporates and realleges its responses to paragraphs 1-84 of the Complaint.

86.     UniFirst admits that it provided Plaintiff with the additional insured insurance required by the 2017 Contract, but denies that such certificates are evidence of coverage. UniFirst denies the remaining allegations of Paragraph 86 of the Complaint, including specifically denying that Plaintiff was a named additional insured and that Plaintiff qualified as an additional insured under any of the CGL policies regarding the claims at issue in this case. Any remaining allegations of Paragraph 86 are denied.

87.     UniFirst admits that it provided Plaintiff with the additional insurance required by the 2017 Contract, that UniFirst was the named insured under such policies, and that ESIS was UniFirst's third-party administrator regarding claims asserted related to such policies. Any remaining allegations of Paragraph 87 are denied.

88.     UniFirst denies the allegations of Paragraph 88 of the Complaint.

89.     UniFirst denies the allegations of Paragraph 89 of the Complaint.

90.     UniFirst denies the allegations of Paragraph 90 of the Complaint.

91.     UniFirst denies the allegations of Paragraph 91 of the Complaint.

## Count Eight: Inducement of Breach of Contract (As to UniFirst and ESIS)

92.     UniFirst incorporates and realleges its responses to paragraphs 1-91 of the Complaint.

93.     The Court has dismissed this Count against UniFirst. Therefore, no response is required.

94.     The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

95.     The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

96.     The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

97.     The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

98.     The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

**Count Nine: Breach of Fiduciary Duty (as to UniFirst and ESIS)**

99.     UniFirst incorporates and realleges its responses to paragraphs 1-98 of the Complaint.

100.    UniFirst denies the allegations of Paragraph 100 of the Complaint.

101.    UniFirst denies the allegations of Paragraph 101 of the Complaint.

102.    UniFirst denies the allegations of Paragraph 102 of the Complaint.

103.    UniFirst denies the allegations of Paragraph 103 of the Complaint.

**Count Ten: Fraudulent Misrepresentation and/or Fraudulent Concealment (As to ACE)**

104.    UniFirst incorporates and realleges its responses to paragraphs 1-103 of the Complaint.

105.    UniFirst admits that it provided Plaintiff with the insurance certificates required by the 2017 Contract, but denies that such certificates are evidence of coverage.  UniFirst denies all remaining allegations contained in Paragraph 105 of the Complaint, including specifically denying

that the certificates of insurance alone meant that Plaintiff had qualified as an additional insured under the terms of the applicable CGL policies regarding any underlying claims.

106.    UniFirst denies the allegations in Paragraph 106 of the Complaint.

107.    UniFirst denies the allegations in Paragraph 107 of the Complaint.

108.    UniFirst denies the allegations in Paragraph 108 of the Complaint.

109.    UniFirst denies the allegations in Paragraph 109 of the Complaint.

110.    UniFirst denies the allegations in Paragraph 110 of the Complaint.

111.    UniFirst denies the allegations in Paragraph 111 of the Complaint.

## Count Eleven: Fraudulent Misrepresentation and/or Fraudulent Concealment (As to UniFirst)

112.    UniFirst incorporates and realleges its responses to paragraphs 1-111 of the Complaint.

113.    UniFirst admits that it provided Plaintiff with the insurance certificates required by the 2017 Contract, but denies that such certificates are evidence of coverage.  The insurance certificates speak for themselves.  UniFirst denies all remaining allegations contained in Paragraph 113 of the Complaint, including specifically denying that the certificates of insurance alone meant that Plaintiff had qualified as an additional insured under the terms of the applicable CGL policies regarding any underlying claims.

114.    UniFirst denies the allegations in Paragraph 114 of the Complaint.

115.    UniFirst denies the allegations in Paragraph 115 of the Complaint.

116.    UniFirst denies the allegations in Paragraph 116 of the Complaint.

117.    UniFirst denies the allegations in Paragraph 117 of the Complaint.

**Count Twelve: Negligent Misrepresentation (as to ACE)**

118.    UniFirst incorporates and realleges its responses to paragraphs 1-117 of the Complaint.

119.    UniFirst admits that it provided Plaintiff with the insurance certificates required by the 2017 Contract, but denies that such certificates are evidence of coverage. The insurance certificates speak for themselves. UniFirst denies all remaining allegations contained in Paragraph 119 of the Complaint, including specifically denying that the certificates of insurance alone meant that Plaintiff had qualified as an additional insured under the terms of the applicable CGL policies regarding any underlying claims.

120.    UniFirst denies the allegations of Paragraph 120 of the Complaint.

121.    UniFirst denies the allegations of Paragraph 121 of the Complaint.

122.    UniFirst states that the terms of any referenced certificates of insurance and/or insurance policies speak for themselves and denies that certificates are evidence of coverage. UniFirst denies the remaining allegations of Paragraph 122 of the Complaint.

123.    UniFirst denies the allegations of Paragraph 123 of the Complaint.

124.    UniFirst denies the allegations of Paragraph 124 of the Complaint.

125.    UniFirst denies the allegations of Paragraph 125 of the Complaint.

126.    UniFirst denies the allegations of Paragraph 126 of the Complaint.

127.    UniFirst denies the allegations of Paragraph 127 of the Complaint.

128.    UniFirst denies the allegations of Paragraph 128 of the Complaint.

**Count Thirteen: Negligent Misrepresentation (as to UniFirst)**

129.    UniFirst incorporates and realleges its responses to paragraphs 1-128 of the Complaint.

130.     UniFirst admits that it complied with the contracts between UniFirst and Plaintiff by providing the required certificates of insurance.  UniFirst states that the terms of any referenced certificates of insurance speak for themselves and denies that certificates are evidence of coverage.  UniFirst denies the remaining allegations of Paragraph 130 of the Complaint.

131.     UniFirst denies the allegations of Paragraph 131 of the Complaint.

132.     UniFirst denies the allegations of Paragraph 132 of the Complaint.

133.     UniFirst denies the allegations of Paragraph 133 of the Complaint.

134.     UniFirst denies the allegations of Paragraph 134 of the Complaint.

135.     UniFirst denies the allegations of Paragraph 135 of the Complaint.

## Count Fourteen: Negligence (as to ACE)

136.     UniFirst incorporates and realleges its responses to paragraphs 1-135 of the Complaint.

137.     UniFirst denies the allegations of Paragraph 137 of the Complaint.

138.     UniFirst denies the allegations of Paragraph 138 of the Complaint.

139.     UniFirst denies the allegations of Paragraph 139 of the Complaint.

140.     UniFirst denies the allegations of Paragraph 140 of the Complaint.

141.     UniFirst denies the allegations of Paragraph 141 of the Complaint.

## Count Fifteen: Negligence (as to UniFirst)

142.     UniFirst incorporates and realleges its responses to paragraphs 1-141 of the Complaint.

143.     The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

144.    The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

145.    The Court has dismissed this Count against UniFirst.  Therefore, no response is required.

**Count Sixteen: Declaratory Judgment Concerning ACE's Duty to Defend**

146.    UniFirst incorporates and realleges its responses to paragraphs 1-145 of the Complaint.

147.    This Paragraph sets forth the legal basis for this "Count" (or claim for relief), and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

148.    The allegations of Paragraph 148 of the Complaint consist of legal argument to which no response is required. To the extent a response is required, UniFirst denies the allegations of Paragraph 148 of the Complaint.

149.    UniFirst denies the allegations of Paragraph 149 of the Complaint.

150.    In response to Paragraph 150 of the Complaint, UniFirst admits only that a justiciable controversy exists between Tractor Supply, UniFirst, ESIS, and ACE as to their respective rights and obligations. Any remaining allegations of Paragraph 150 are denied.

151.    UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 151 of the Complaint.

**Count Seventeen: Declaratory Judgement Concerning ACE's Duty to Indemnify and/or to Provide Coverage to Tractor Supply**

152.    UniFirst incorporates and realleges its responses to paragraphs 1-151 of the Complaint.

153.    This Paragraph 153 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

154.    UniFirst denies the allegations of Paragraph 154 of the Complaint.

155.    UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 155 of the Complaint.

156.    UniFirst admits only that a justiciable controversy exists between Tractor Supply, UniFirst, ESIS, and ACE as to their respective rights and obligations. Any remaining allegations of Paragraph 156 are denied.

157.    UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 157 of the Complaint.

**Count Eighteen: Declaratory Judgment Concerning ACE's Duty to Defend**

158.    UniFirst incorporates and realleges its responses to paragraphs 1-157 of the Complaint.

159.    This Paragraph 159 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

160.    UniFirst denies the allegations of Paragraph 160 of the Complaint.

161.    UniFirst denies the allegations of Paragraph 161 of the Complaint.

162.    UniFirst denies the allegations of Paragraph 162 of the Complaint.

163.    UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 163 of the Complaint.

## Count Nineteen: Declaratory Judgment Concerning UniFirst Corporation's Duty to Defend

164. UniFirst incorporates and realleges its responses to paragraphs 1-163 of the Complaint.

165. Paragraph 165 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

166. UniFirst denies the allegations in Paragraph 166 of the Complaint.

167. UniFirst denies the allegations in Paragraph 167 of the Complaint.

168. UniFirst denies the allegations in Paragraph 168 of the Complaint.

169. UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 169 of the Complaint.

## Count Twenty: Declaratory Judgment Concerning UniFirst Corporation's Duty to Defend

170. UniFirst incorporates and realleges its responses to paragraphs 1-169 of the Complaint.

171. Paragraph 171 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

172. UniFirst states that the 2010 Contract speaks for itself but also states that Plaintiff is not pursuing any claims against UniFirst under the 2010 Contract. UniFirst denies the remaining allegations in Paragraph 172 of the Complaint.

173. UniFirst denies the allegations in Paragraph 173 of the Complaint.

174.     UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 174 of the Complaint.

**Count Twenty-One: Declaratory Judgment Concerning UniFirst Corporation's Duty to Indemnify Tractor Supply**

175.     UniFirst incorporates and realleges its responses to paragraphs 1-174 of the Complaint.

176.     Paragraph 176 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

177.     UniFirst denies the allegations in Paragraph 177 of the Complaint.

178.     UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 178 of the Complaint.

**Count Twenty-Two: Declaratory Judgment Concerning UniFirst Corporation's Duty to Indemnify Tractor Supply**

179.     UniFirst incorporates and realleges its responses to paragraphs 1-178 of the Complaint.

180.     Paragraph 180 of the Complaint sets forth the legal basis for this claim for relief, and as such, no response is required. To the extent a response is required, UniFirst denies that Tractor Supply is entitled to the requested relief.

181.     UniFirst denies the allegations in Paragraph 181 of the Complaint.

182.     UniFirst denies that Plaintiff is entitled to the declaration it seeks in Paragraph 182 of the Complaint.

**County Twenty-Three: Promissory Estoppel (As to UniFirst)**

183.     UniFirst incorporates and realleges its responses to paragraphs 1-182 of the Complaint.

184.     UniFirst denies the allegations of Paragraph 184 of the Complaint.

185.     UniFirst denies the allegations of Paragraph 185 of the Complaint.

186.     UniFirst denies the allegations of Paragraph 186 of the Complaint.

187.     UniFirst denies the allegations of Paragraph 187 of the Complaint.

**County Twenty-Four: Civil Conspiracy (As to All Defendants)**

188.     UniFirst incorporates and realleges its responses to paragraphs 1-187 of the Complaint.

189.     UniFirst denies the allegations of Paragraph 189 of the Complaint.

190.     UniFirst denies the allegations of Paragraph 190 of the Complaint.

191.     UniFirst denies the allegations of Paragraph 191 of the Complaint, including the allegations in subparagraphs A through H.

192.     UniFirst denies the allegations of Paragraph 192 of the Complaint.

193.     UniFirst denies the allegations of Paragraph 193 of the Complaint.

**County Twenty-Five: Punitive Damages (As to All Defendants)**

194.     UniFirst incorporates and realleges its responses to paragraphs 1-193 of the Complaint.

195.     UniFirst denies the allegations of Paragraph 195 of the Complaint.

196.     UniFirst denies the allegations of Paragraph 196 of the Complaint.

197.     UniFirst denies the allegations of Paragraph 197 of the Complaint.

198.     UniFirst denies the allegations of Paragraph 198 of the Complaint.

**County Twenty-Six: Statutory Bad Faith (As to ACE)**

199.    UniFirst incorporates and realleges its responses to paragraphs 1-198 of the Complaint.

200.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 200 of the Complaint.

201.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 201 of the Complaint.

202.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 202 of the Complaint.

203.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 203 of the Complaint.

204.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 204 of the Complaint.

205.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 205 of the Complaint.

206. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 206 of the Complaint.

207. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 207 of the Complaint.

208. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 208 of the Complaint.

**Count Twenty-Seven: Statutory Bad Faith (As to ACE)**

209. UniFirst incorporates and realleges its responses to paragraphs 1-208 of the Complaint.

210. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 210 of the Complaint.

211. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 211 of the Complaint.

212. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 212 of the Complaint.

213.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 213 of the Complaint.

214.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 214 of the Complaint.

215.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 215 of the Complaint.

216.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 216 of the Complaint.

217.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 217 of the Complaint.

218.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 218 of the Complaint.

219.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 219 of the Complaint.

220.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 220 of the Complaint.

221.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 221 of the Complaint.

222.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 222 of the Complaint.

223.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 223 of the Complaint.

224.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 224 of the Complaint.

**Count Twenty-Eight: Punitive Damages for Bad Faith (As to ACE)**

225.    UniFirst incorporates and realleges its responses to paragraphs 1-224 of the Complaint.

226.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 226 of the Complaint.

227.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 227 of the Complaint.

228.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 228 of the Complaint.

229.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 229 of the Complaint.

230.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 230 of the Complaint.

231.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 231 of the Complaint.

232.    These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst.  To the extent a response is required, UniFirst denies the allegations of Paragraph 232 of the Complaint.

## Count Twenty-Nine: Statutory Bad Faith (As to ESIS)

233.    UniFirst incorporates and realleges its responses to paragraphs 1-232 of the Complaint.

234. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 234 of the Complaint.

235. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 235 of the Complaint.

236. These allegations are not directed to UniFirst and, therefore, no response is required of UniFirst. To the extent a response is required, UniFirst denies the allegations of Paragraph 236 of the Complaint.

## General Denial

All allegations in the Complaint not specifically admitted above are denied

## Demand for Jury Trial

Plaintiff's jury demand warrants no response. UniFirst hereby demands trial by jury of all issues so triable.

## Ad Damnum Clause

UniFirst denies that Plaintiff is entitled to the judgment it seeks or any relief it seeks.

## AFFIRMATIVE DEFENSES

UniFirst alleges the following affirmative defenses. By alleging the following affirmative defenses, UniFirst does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

UniFirst alleges that the Complaint fails to state a claim upon which relief can be granted. Among other deficiencies, the Complaint contains multiple counts, each of which adopts the

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. This is an improper "shotgun" pleading practice. *Keith v. DeKalb Cnty*., 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years.").

## SECOND AFFIRMATIVE DEFENSE
### (Plaintiff Admits That UniFirst Provided Additional Insured Coverage)

Plaintiff has admitted that UniFirst provided the additional insured coverage required by the 2017 Contract. For that reason, Plaintiff has no claim that UniFirst breached the 2017 Contract.

## THIRD AFFIRMATIVE DEFENSE
### (Plaintiff Cannot Show Additional Insured Coverage Regarding Underlying Claims)

UniFirst did not breach any duty to provide additional insured coverage to Tractor Supply because the contracts of commercial general liability insurance issued by ACE make any and all such duties and obligations contingent upon conditions precedent which have not been satisfied. There has never been a final determination of liability and damages in the underlying Claims. As such, no determination of coverage under the CGL policies at issue can be made.

## FOURTH AFFIRMATIVE DEFENSE
### (Plaintiff's Alleged Claims Are Barred by Indemnification Provision in the 2017 Contract)

Plaintiff's claims are barred by the indemnification provision in Section 5.1 of the 2017 Contract because Plaintiff is required to indemnify UniFirst related to each Underlying Claim. Each Underlying Claim involved Plaintiff's use or misuse of a mat leased by UniFirst and UniFirst was not negligent and did not commit willful misconduct related to any of the Underlying Claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Economic Loss Doctrine Bars Plaintiff's Alleged Misrepresentation Claims)

Plaintiff's alleged misrepresentation claims are barred by Tennessee's economic loss doctrine.

## SIXTH AFFIRMATIVE DEFENSE
### (Voluntary Payments)

To the extent that Tractor Supply may have voluntarily paid or assumed the obligation to pay or incurred any expenses without ACE's consent or approval, UniFirst has no obligation or duty to indemnify Tractor Supply for such expense.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Coverage for Underlying Claims)

Plaintiff's claims for entitlement to benefits with respect to each of the Underlying Claims must be determined according to the facts and circumstances of each Claim, including, but not limited to, the circumstances of each alleged accident. Unless a mat supplied by UniFirst to Tractor Supply is shown to be defective, or negligence on the part of UniFirst is established based on the facts of the claim and according to the protocol, and such defect or negligence caused the Underlying Claim, no additional insured coverage exists, as per the terms, conditions, limitations, exclusions, and endorsements contained in the applicable CGL policy.

## EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages are Unavailable)

The Complaint fails to allege any specific facts that support a claim for punitive damages, let alone willful, malicious, outrageous or reckless conduct on the part of UniFirst. Accordingly, Plaintiff's various requests for punitive damages should be dismissed and/or stricken from the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Accord, Satisfaction, Payment and Release)

Coverage for the underlying actions and underlying claims against the Plaintiff are barred in whole or in part by reason of accord and satisfaction, payment or release. Plaintiff was provided a defense regarding many of the Underlying Claims at issue.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel and Laches)

Coverage for the claims against the Plaintiff are barred by the doctrines of waiver, estoppel and laches. Plaintiff waived and is estopped from pursuing any claims that it settled voluntarily.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate its losses. Plaintiff failed to mitigate by failing to keep its stores safe and by failing to structure its own general liability insurance coverage to provide it with actual coverage for incidents at its stores.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Tender)

Plaintiff's claims are barred to the extent Plaintiff seeks herein to recover amounts for defense costs or indemnity which were not sought or tendered prior to the filing of this lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Cooperate)

Plaintiff's claims are barred to the extent Plaintiff failed to cooperate in the Claims investigation process and/or failed to provide information needed and/or requested by ACE in order to evaluate the Claims.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by any applicable statute of repose or statute of limitations and any contractual limitations periods set forth in the ACE polices.

## RESERVATION OF RIGHTS

UniFirst reserves the right to assert and rely upon such other and further defenses, under any and all applicable law(s), as may be supported by the facts to be determined through full and complete discovery in this action.

WHEREFORE, UniFirst prays for judgment dismissing Plaintiff's Third Amended Complaint with prejudice, that Plaintiff take nothing by virtue of the Third Amended Complaint, that judgment be entered in UniFirst's favor and awarding UniFirst its attorney's fees, costs and such other and further relief as expressly allowed under the 2017 Contract and/or as this Court may deem just and proper.

## COUNTERCOMPLAINT AGAINST TRACTOR SUPPLY COMPANY

Counterplaintiff UniFirst Corporation ("UniFirst") asserts the following counterclaims against Counterdefendant Tractor Supply Company ("TSC").

## NATURE OF THE ACTION

1.      TSC leased merchandise from UniFirst under two contracts between August 16, 2010 and August 31, 2020.  The first contract ("2010 Contract") provides that TSC must indemnify and save harmless UniFirst regarding all claims arising as a result of any accident or injury caused by the negligence or misconduct of TSC or its agents or employees.  The second contract ("2017 Contract") contains a very different indemnification provision.  The 2017 Contract mandates that TSC must defend, indemnify, and hold harmless UniFirst regarding all claims arising as a result of TSC's "use or misuse" of any of the leased merchandise—including mats—unless TSC proves that such claim is due to UniFirst's negligent acts or willful misconduct.  There were approximately 95 claims made against UniFirst arising from incidents involving TSC's use or misuse of mats at TSC stores under the 2017 Contract.  None of those incidents were due to UniFirst's negligent acts or willful misconduct.  Therefore, TSC is required to indemnify UniFirst regarding all of those claims, but has refused to do so.  By such refusal, TSC has breached the 2017 Contract and exhibited bad faith in doing so.

## PARTIES

2.      Counterplaintiff UniFirst is a Massachusetts corporation organized and licensed to do business in the Commonwealth of Massachusetts. Its headquarters and principal place of business are located at 68 Jonspin Road, Wilmington, Massachusetts.  UniFirst engages in the rental or sale of various textile products, including uniforms and protective clothing, as well as

restroom and cleaning products such as floor mats, mops, air fresheners and soap. UniFirst has been servicing businesses throughout the United States for more than 90 years.

3. Counterdefendant TSC is a corporation which is incorporated under the laws of the State of Delaware with a principal place of business of Brentwood, Williamson County, Tennessee. This makes TSC a citizen of the States of Delaware and Tennessee, pursuant to 28 United States Code Section 1332(c)(1).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 USC § 1332 under diversity of citizenship. As shown above, UniFirst and TSC are completely diverse from each other. Further, as detailed below, the amount in controversy is measured in the millions of dollars, and therefore exceeds the jurisdictional minimum of Seventy-five Thousand Dollars ($75,000.00).

5. This Court also has supplemental jurisdiction over any additional state law claims made, pursuant to 28 USC § 1367.

6. This Court has personal jurisdiction over Counterdefendant because TSC has the necessary minimum contacts as required by the United States Constitution. TSC has it headquarters and principal place of business in the State of Tennessee and in this District. TSC has also consented to jurisdiction in that 1) Paragraph 8.1 of the 2017 Contract specifically selects, consents, and agrees to venue in this Court, stating that "venue shall be proper only in a court of competent jurisdiction located in the county and state in which [Tractor Supply]'s corporate offices are located," and 2) TSC filed this action in this Court.

7. Venue is proper pursuant to 28 USC § 1391(b)(2), inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Tennessee. As further detailed below, this Counter-Complaint focuses on the 2017 Contract between Tractor

33

Supply and UniFirst. Paragraph 8.1 of the 2017 Contract specifically selects, consents, and agrees to venue in this Court, stating that "venue shall be proper only in a court of competent jurisdiction located in the county and state in which [Tractor Supply]'s corporate offices are located." This Court is of competent jurisdiction and is so located, in that it is the federal court with jurisdiction over Williamson County, Tennessee. Further, the contract was consummated in this District, and there have been violations of the aforementioned contract by TSC within this District.

## FACTS

### A.     UniFirst's Contracts with Tractor Supply

8.     Tractor Supply was a party to two textile rental contracts with UniFirst with the first commencing in August 2010 and ending on August 31, 2017 (the "2010 Contract," attached hereto as **Exhibit A**) and the second commencing on September 1, 2017 and expiring by its own terms on August 31, 2020 (the "2017 Contract," attached hereto as **Exhibit B**) (collectively, the "Contracts").

9.     Pursuant to the Contracts, UniFirst supplied Tractor Supply with Merchandise items, including rugs and mats, by leasing such items to TSC, which items were used by Tractor Supply at its stores throughout the United States.

10.     The claims against TSC asserted in this Countercomplaint are brought under the 2017 Contract.

11.     The second sentence in Section 5.1 of the 2017 Contract provides that, if a Claim, as defined, is asserted against UniFirst and that Claim involves TSC's use or misuse of a mat, TSC is required to defend, indemnify, and hold harmless UniFirst unless TSC proves the Claim was caused by UniFirst's negligence or willful misconduct.

34

12.     Section 5.1 of the 2017 Contract defines "Claims" to be "all liabilities, costs, losses, damages and expenses (including reasonable attorneys' fees and court costs[.]"  The second sentence in Section 5.1 of the 2017 Contract states, in pertinent part, as follows:  "TSC agrees to defend, indemnify and hold harmless Supplier [UniFirst] from any Claims incurred by Supplier as a result of TSC's use or misuse of the Merchandise except to the extent that such Claim is due to Supplier's negligent acts or willful misconduct . . . ."

13.     Under that quoted provision from the second sentence in Section 5.1 of the 2017 Contract, UniFirst is entitled to defense, indemnification, and being held harmless regarding a Claim against UniFirst related to TSC's use or misuse of mats leased to TSC by UniFirst if TSC does not have evidence of UniFirst committing negligent acts or willful misconduct related to a Claim.

14.     Under that quoted provision from the second sentence in Section 5.1 of the 2017 Contract, UniFirst does not have to show any negligence or willful misconduct of TSC to obtain the defense, indemnification, and hold harmless rights in the provision but merely has to show that the Claim arose from TSC's use or misuse of a mat leased to TSC.

**B.     The 96 Claims Involved TSC's Use or Misuse of UniFirst Mats**

15.     Under the 2017 Contract, there have been approximately 96 claims (the "96 Claims") made against UniFirst arising from incidents involving customers suffering injuries due to a tripping incident involving TSC's use or misuse of mats at TSC stores.  A listing of those claims is attached hereto as **Exhibit C**.

16.     All of the 96 Claims arose as a result of TSC's use or misuse of a mat leased to TSC by UniFirst.

17.     In TSC's claims in this action, TSC admitted that it was using a UniFirst mat regarding all 61 Underlying Claims it has asserted in this case.[1]  TSC also admitted using a UniFirst mat regarding all 61 Underlying Claims in TSC's First Set of Requests For Admissions to ACE. TSC asserted in those Requests For Admissions that a UniFirst mat was involved in all such 61 Underlying Claims.

18.     None of the 96 Claims were caused by or due to UniFirst's negligent acts or willful misconduct.   Therefore, TSC is required to defend, indemnify, and hold harmless UniFirst regarding all of the 96 Claims.

19.     As shown by Exhibit C, through October 12, 2022, UniFirst has incurred and paid the total amount of $742,493.08 related to the 96 Claims.

## C.     TSC's Failure to Indemnify UniFirst and Waiver of Any Argument About Any Alleged Negligent Acts or Willful Misconduct by UniFirst Regarding the 96 Claims

20.     TSC has refused to indemnify UniFirst regarding all of the 96 Claims.  By such refusal, TSC has breached the 2017 Contract and exhibited bad faith in doing so.

21.     In ACE's First Set of Interrogatories served on TSC in this case, Interrogatory 23 asked what actions TSC has taken to indemnify UniFirst under Section 5.1 of the 2017 Contract and if it has not done so, its basis for not doing so.  TSC responded as follows: "Tractor Supply has not defended, indemnified or held harmless UniFirst for any Underlying Claim and has no intention to do so.  The basis for not doing so is Tractor Supply's position that there is no legal requirement for it to defend, indemnify or hold harmless UniFirst for the Underlying Claims." That was the extent of TSC's response to the interrogatory and shows that TSC has flatly refused to fulfill its obligations under the 2017 Contract.  TSC did not assert in such response any allegation

---

[1]     The 96 Claims include all 61 of the Underlying Claims being pursued by TSC in its claims in this case.

that UniFirst committed negligent acts or willful misconduct regarding any of the 96 Claims. TSC has, therefore, waived any such argument or position given that these were verified interrogatory responses in this case and given that the interrogatory clearly asked TSC to state the basis for TSC not indemnifying UniFirst under Section 5.1 of the 2017 Contract.

**D.    TSC's Bad Faith Conduct**

22.    TSC is aware of its obligations to UniFirst under Section 5.1 of the 2017 Contract and has been aware of those obligations since the execution of the 2017 Contract.

23.    Notwithstanding such awareness, TSC has committed bad faith in its failure to fulfill its obligations under the 2017 Contract. TSC's improper conduct has caused and will cause UniFirst to incur a loss of money or property.

24.    TSC has committed bad faith by denying its obligation to indemnify UniFirst regarding all payments UniFirst has made related to the Underlying Claims.

25.    TSC has knowingly, intentionally and unreasonably failed and refused to perform its duties under the 2017 Contract to defend, indemnify, and hold harmless UniFirst with respect to the 96 Claims.

26.    By refusing to defend, indemnify, and hold harmless UniFirst regarding the 96 Claims, TSC placed its own interests above those of UniFirst.

27.    TSC has committed bad faith through its actions including, without limitation, refusing to defend, indemnify, and hold harmless UniFirst with respect to the 96 Claims.

## COUNT I – BREACH OF CONTRACT

28.    The allegations contained in the preceding paragraphs are incorporated herein by reference and restated verbatim as if fully set forth herein.

29.     TSC breached obligations owed to UniFirst in the 2017 Contract by failing to provide the defense, indemnification, and hold harmless obligations required by the 2017 Contract related to the 96 Claims.

30.     As a direct and proximate cause of TSC's breaches of the 2017 Contract, TSC has caused damages to UniFirst in that all costs incurred by UniFirst related to the 96 Claims have not been paid by TSC.

31.     TSC is liable to UniFirst for all damages caused by TSC's breaches of the 2017 Contract.

32.     Through October 12, 2022, UniFirst has incurred and paid the total amount of $742,493.08 related to the 96 Claims.  Such amount will grow as additional amounts are incurred related to the 96 Claims.

## COUNT II – BREACH OF CONTRACT BY BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33.     The allegations contained in the preceding paragraphs are incorporated herein by reference and restated verbatim as if fully set forth herein.

34.     TSC further breached the 2017 Contract by breaching the duty of good faith and fair dealing by committing bad faith by not indemnifying and holding harmless UniFirst as required.

35.     The bad faith of TSC is evidenced by the fact that, at all times hereto, TSC knew, or reasonably should have known, that UniFirst was owed indemnification for the 96 Claims. Nevertheless, TSC acted with conscious disregard for UniFirst's rights and with the intention of causing or willfully disregarding the probability of causing unjust hardship on UniFirst.  TSC consciously refused to provide UniFirst with the required indemnification obligations regarding

38

the 96 Claims. The acts and omissions of TSC constitute bad faith with respect to the exercise of its duties and obligations to UniFirst.

36.     In so acting, TSC intended to and did injure UniFirst in order to protect its own financial interests and, in that regard, further breached the 2017 Contract.

37.     TSC's breach of the 2017 Contract has caused damages to UniFirst, through October 12, 2022, in the amount of approximately \$742,493.08.  Such amount will grow as additional amounts are incurred related to the 96 Claims.

## PRAYER FOR RELIEF

WHEREFORE, UniFirst prays for the following relief:

A.     That the Court enter judgment for UniFirst based on TSC's breaches of the 2017 Contract and enter judgment for UniFirst for all damages incurred by UniFirst because of such breaches by TSC to include all damages incurred by UniFirst which are at least the amount of \$742,493.08 although that amount will grow as additional amounts are incurred related to the 96 Claims;

B.      That the Court enter judgment for UniFirst based on ACE's bad faith regarding its failure to perform its obligations under the policies including judgment for all damages caused to UniFirst by ACE's bad faith;

C.     For UniFirst's attorneys' fees and costs incurred in this action as expressly allowed under Section 8.1 of the 2017 Contract.

D.     For all costs incurred by UniFirst as a result of TSC's actions as stated;

E.     For pre- and post-judgment interest in the maximum amount allowed by law; and

F.     For such further relief as the justice of this cause may require.

## DEMAND FOR JURY TRIAL

Counterplaintiff UniFirst demands a jury to try all issues so triable in this matter.

Respectfully submitted,

/s/Andrew J. Pulliam
Andrew J. Pulliam (TN Bar #016863)
J. Graham Matherne (TN Bar #011294)
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
(615) 244-0020  /  Fax (615) 256-1726
apulliam@wyattfirm.com
gmatherne@wyattfirm.com
*Attorneys for Defendant/Counterplaintiff*
*UniFirst Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, a true and correct copy of the foregoing was served via the Court's ECF System on the following:

Mark M. Bell
Drew Warth
David Zeitlin
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
*Attorneys for Plaintiff/Counterdefendant*
*Tractor Supply Company*


E. Todd Presnell
Bradley Arant Boult Cummings LLP
Roundabout Plaza, 1600 Division Street, Suite 700
Nashville, Tennessee  37203

Alissa K. Christopher
Cozen O'Connor, P.C.
1717 Main Street, Suite 3100
Dallas, Texas 75201

*Attorneys for Defendant ESIS, Inc.*


Alfred C. Warrington, V
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, Tennessee 37203

*Attorneys for Defendant ACE American Insurance Company*

*/s/Andrew J. Pulliam*

100956768.1