IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TRACTOR SUPPLY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACE AMERICAN INSURANCE )<br>COMPANY, UNIFIRST CORPORATION )<br>and ESIS, INC., )<br>)<br>Defendants. ) | Case No. 3:21-cv-00619<br><br>Judge William Campbell<br>Magistrate Judge Holmes<br><br>JURY DEMANDED |

## [PROPOSED] AGREED SECOND MODIFIED CASE MANAGEMENT ORDER

Except for the modifications provided in this Order, all other provisions of previous case management and scheduling orders remain in full force in effect.

**A. JURISDICTION**: The court has jurisdiction pursuant to 28 U.S.C. 1332 based on diversity of citizenship.

**B. BRIEF THEORIES OF THE PARTIES**:

**For Plaintiff**: This is a dispute between Plaintiff Tractor Supply ("Tractor Supply") and Defendant ACE American Insurance Company ("ACE") concerning insurance coverage. ACE was required to provide Tractor Supply insurance coverage, under a duly-issued insurance policy from ACE. But, ACE continually breached the insurance contract and committed other independent torts by its refusal to make payments owed under the policy. Tractor Supply is due damages, along with declaratory relief for claims under the insurance policy going forward.

Tractor Supply Company ("Tractor Supply") contends that UniFirst Corporation ("UniFirst"), in a conspiracy with ESIS, Inc. ("ESIS"), knowingly and deliberately engaged in a series of wrongful actions, including breaches of contract and independent torts to intentionally

4890-1874-8986.1 1

cause damage to Tractor Supply. Knowing the law of insurance and the insurance policy on which Tractor Supply was an additional insured, UniFirst affirmatively acted to prevent access to the policy's proceeds, with the active participation of ESIS. Each is liable in tort and breach of contract, in addition to statutory liability.

**For Defendant**:

**ACE:** Tractor Supply alleges that ACE was required to provide Tractor Supply with additional insured coverage under one or more policies of commercial general liability insurance issued by ACE to its named insured, UniFirst. Tractor Supply claims it has been injured through a series of both breaches of contract and independent torts and is thereby due damages, along with the declaratory relief it seeks. ACE denies that it has committed any breach or caused the plaintiff any damages, and therefore denies that Tractor Supply is entitled to any relief from ACE.

Under the terms of the policies, coverage is to be no broader than that which UniFirst was required by agreement to provide to Tractor Supply. As a result, additional insured coverage is only afforded to Tractor Supply in respect of liability caused, in whole or in part, by UniFirst's actions or where its product is defective. Additionally, upon information and belief, UniFirst and Tractor Supply had in place a protocol for determining liability as between them based upon the number of days mats were on store floors and/or other factors. That protocol formed part of the contract(s) between Tractor Supply and UniFirst, and was a factor in how claims were presented to ACE. Plaintiff's claims for entitlement to insurance benefits with respect to the bodily injury claims sued upon therefore had to be determined (and reviewed in this action) according to the facts and circumstances of each alleged accident, as well as application of the protocol. Coverage under the insurance policies is also subject to other terms, limits, and conditions, including applicable deductible amounts.

ACE filed a motion to dismiss these bad faith claims prior to the transfer of the Florida action to this Court, and renewed its motion following Tractor Supply's filing of the Third Amended Complaint. The Court has since dismissed the bad faith claims.

**UniFirst**: UniFirst did not breach its contract with Tractor Supply, which contract was the Textile Rental Services Agreement dated September 1, 2017 ("2017 Contract"). Tractor Supply asserts that UniFirst breached by not indemnifying Tractor Supply regarding underlying personal injury claims and by not providing insurance as required by the 2017 Contract related to those same underlying personal injury claims.

UniFirst did not breach any obligation to indemnify Tractor Supply. UniFirst was not required to indemnify Tractor Supply under the indemnification provision in Section 5.1 of the 2017 Contract because that provision requires Tractor Supply to indemnify UniFirst regarding Tractor Supply's use or misuse of the mats and all of the alleged underlying personal injury claims against Tractor Supply involve Tractor Supply's use or misuse of the mats. That indemnification requirement by Tractor Supply is a limitation of liability that negates any requirement that UniFirst indemnify Tractor Supply related to the mats. Even if Tractor Supply was not required to indemnify UniFirst, which it is, under the same Section 5.1, UniFirst is only required to indemnify Tractor Supply if UniFirst committed negligent acts or willful misconduct in performing its obligations under the 2017 Contract, which UniFirst did not commit.

UniFirst did not breach the requirement to provide insurance to Tractor Supply. UniFirst maintained the insurance required by Section 8.4 of the 2017 Contract and provided the Certificates of Insurance to Tractor Supply as required by the 2017 Contract. That insurance policy includes an endorsement that there is coverage of Tractor Supply as an additional insured only if the alleged underlying claim arises from UniFirst's negligent performance of its work or if UniFirst's product was defective, i.e., the mats were defective. Regarding claims tendered to the insurance company,

ACE American Insurance Company ("ACE"), ACE communicated to Tractor Supply or its agent Gallagher Bassett that Tractor Supply failed to show that the underlying personal injury claims arose from UniFirst's negligent performance of its work related to the mats or any defective product (i.e., mats) from UniFirst. Without such showing, Tractor Supply is not covered as an additional insured under the policy regarding the underlying personal injury claims.

UniFirst has filed a motion to dismiss (ECF 20) asserting grounds for dismissal of the claims asserted by Tractor Supply. All such claims asserted under the 2017 Contract should be dismissed for the reasons set forth in that motion.[1]

Finally, to the extent Tractor Supply is seeking to assert any claims under the prior agreement between UniFirst and Tractor Supply, i.e., the Textile Rental Service Agreement – Flat Goods dated August 16, 2010 ("2010 Contract," in place between August 16, 2010 and August 31, 2017), such claims must be arbitrated under the binding and enforceable arbitration provision in Section 16 of the 2010 Contract. UniFirst has filed a motion to compel such arbitration (ECF 20) to the extent the Court finds that Tractor Supply is asserting any claims under the 2010 Contract.[2]

**ESIS**: ESIS did not breach any contract or commit any tort or intentional act against Tractor Supply. Tractor Supply filed this lawsuit asserting indemnification and insurance-protection rights allegedly arising under two contracts with UniFirst. ESIS served as UniFirst's – not Tractor Supply's - third party administrator for personal injury claims brought against UniFirst. ESIS is not an insurance company and did not issue any insurance policy to UniFirst. Tractor Supply admits ESIS is not a party to any contract with Tractor Supply, but nevertheless includes ESIS in this lawsuit asserting several causes of action, without pleading any plausible facts to support its claim.

---

[1] The Court has granted the Motion (after it was renewed following Tractor Supply's filing of the Third Amended Complaint) with respect to Tractor Supply's tortious interference with contract and negligence claims and denied the motion in all other respects. (See Dkt. Nos. 137–138).

[2] The Court denied the Motion as renewed. (*See id.*).

ESIS has filed a motion to dismiss (ECF 24) asserting grounds for dismissal of the claims asserted by Tractor Supply. All such claims asserted should be dismissed for the reasons set forth in ESIS's motion.[3]

    **C.**    **ISSUES RESOLVED**: Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE**: Damages and liability.

    **E.**    **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before October 15, 2021.

    **F.**    **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than March 31, 2022, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work"

The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a

---

[3] The Court has denied ESIS Motion to Dismiss, which ESIS had renewed following Tractor Supply's filing of the Third Amended Complaint. (*See* Dkt. Nos. 128–129).

particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

G. **DISCOVERY**: The parties must complete all written discovery and depose all fact witnesses on or before October 27, 2022 with the sole allowed exception being that the deposition of Margarita Rivero will be completed by **November 11, 2022**.[4] Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by no later than October 27, 2022, unless otherwise ordered by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint

---

[4] The parties have agreed to and request this limited extension related to Ms. Rivero's deposition because of a health-related issue requiring such limited extension.

4890-1874-8986.1

6

statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H. MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or to add parties must be filed by no later than January 7, 2022 and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

**I. DISCLOSURE AND DEPOSITIONS OF EXPERTS**: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **November 28, 2022**. The defendant must identify and disclose all expert witnesses and reports on or before **December 27, 2022**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **January 17, 2023**.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**. A subsequent case management conference shall be held telephonically using the Court's conference line on

June 2, 2022, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

**K. DISPOSITIVE MOTIONS**: Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **March 1, 2023**. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or

in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L.     ELECTRONIC DISCOVERY**. The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M.     MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**O.  ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: jury trial of this

action is expected to last approximately 10-15 days. Trial in this matter is currently set to begin on August 29, 2023. (Dkt. No. 76). The parties shall file their Joint Proposed Pretrial Order, Exhibit List, and Witness List by August 14, 2023. All lawyers who participate in trial must attend a Pretrial Conference on August 21, 2023 at 10:00 a.m.

      **It is so ORDERED**.

                                                          BARBARA D. HOLMES
                                                          United States Magistrate Judge

**Approved for Entry**:

/s/ Mark M. Bell
Mark M. Bell (Tenn. BPR No. 029048)
Andrew A. Warth (Tenn. BPR No. 027606)
David J. Zeitlin (Tenn. BPR No. 037664)
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Email: mark.bell@wallerlaw.com
  drew.warth@wallerlaw.com
  david.zeitlin@wallerlaw.com


/s/ Andrew J. Pulliam
Andrew J. Pulliam (Tenn. BPR No. 016863)
apulliam@wyattfirm.com
J. Graham Matherne (Tenn. BPR No. 011294)
gmatherne@wyattfirm.com
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
(615) 244-0020 / Fax (615) 256-1726

*Attorneys for Defendant UniFirst Corporation*

/s/ Alissa K. Christopher
Alissa K. Christopher (Texas BPR No. 11531020)
*Admitted Pro Hac Vice*
akchristopher@cozen.com
James B. Harper (Texas BPR No. 24108602)
*Admitted Pro Hac Vice*
jharper@cozen.com
Cozen O'Connor
1717 Main Street, Ste. 3100
Dallas, TX 75201
(214) 462-3036/ (214) 462-3299 (fax)

E. Todd Presnell
1600 Division Street, Ste. 700
Nashville, Tennessee 37203

*Attorneys for Defendant ESIS, Inc.*


/s/ Alfred C. Warrington, V
Alfred C. Warrington, V (*Pro Hac Vice*)
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, FL 33131

Alfred.warrington@clydoco.us

William Bryan Jakes III
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

*Attorneys for Defendant Ace American Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties indicated on the electronic filing notice to receive service in this matter:

| | |
|---|---|
| J. Graham Matherne<br>Andrew J. Pulliam<br>Wyatt Tarrant & Combs LLP<br>333 Commerce Street, Ste. 1050<br>Nashville, TN 37201<br><br>*Attorneys for Defendant UniFirst Corporation* | E. Todd Presnell<br>Bradley Arant Boult Cummings LLP<br>1600 Division Street, Ste. 700<br>Nashville, Tennessee 37203<br><br>Alissa K. Christopher<br>James B. Harper<br>Cozen O'Connor<br>1717 Main Street, Ste. 3100<br>Dallas, TX 75201<br><br>*Attorneys for Defendant ESIS, Inc.* |
| Alfred C. Warrington, V<br>Clyde & Co. US LLP<br>1221 Brickell Avenue, Suite 1600<br>Miami, FL 33131<br><br>William Bryan Jakes III<br>Howell & Fisher, PLLC<br>3310 West End Avenue, Suite 550<br>Nashville, TN 37203<br><br>*Attorneys for Defendant ACE American Insurance Company* | |

on this the 20th day of October, 2022.

                                                        /s/ Mark M. Bell