UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRIST OF TENNESSEE
NASHVILLE DIVISON

| | |
|---|---|
| **TRACTOR SUPPLY COMPANY,** | |
| **Plaintiff,** | |
| v. | NO. 3:21-cv00619 |
| **ACE AMERICAN INSURANCE COMPANY, UNIFIRST CORPORATION, and ESIS, INC.,** | JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |
| **Defendants.** | |

## DEFENDANT ESIS, INC.'S MOTION FOR SUMMARY JUDGMENT

This action involves a contractual dispute between Plaintiff Tractor Supply Company ("TSC") and defendant UniFirst Corporation ("UniFirst") as to indemnity obligations under two Textile Rental Contracts between TSC and UniFirst. This action also involves an insurance coverage dispute between TSC and ACE American Insurance Company ("ACE") as to TSC's status as an additional insured and coverage, if any, available for claims against TSC from trip/slip and fall accidents in TSC's retail locations.

As to defendant ESIS, Inc. ("ESIS"), this action involves whether ESIS properly administered claims against UniFirst pursuant to the Risk Management Service Agreement between ESIS and UniFirst. The undisputed material facts demonstrate ESIS properly administered claims against UniFirst.

ESIS did not have any contract with or duty to TSC. ESIS was not a party to the insurance policies issued by ACE. ESIS did not interfere with TSC's relationships with UniFirst or ACE. More specifically, ESIS did not preclude TSC from obtaining any benefit under TSC's Textile

Rental Contracts with UniFirst. ESIS did not influence or attempt to influence ACE's determinations as to TSC's additional insured coverage demands nor did ESIS prevent TSC from obtaining insurance coverage from ACE. Moreover, ESIS did not review, analyze, or decide TSC's demands for insurance coverage or additional insured status under policies issued by ACE.

Tennessee's bad faith statute T.C.A. § 56-7-105 does not apply to liability policies, such as those issued by ACE to UniFirst. Additionally, this statute does not apply to ESIS, who is not an insurer and was not acting as an insurer in providing risk management services to UniFirst.

TSC's Third Amended Complaint (ECF No. 89) asserted claims against ESIS for breach of contract (Counts 4-6), tortious interference (Count 7), inducement of breach of contract (Count 8), breach of fiduciary duty (Count 9), civil conspiracy (Count 24), punitive damages (Count 25), and bad faith (Count 29). *See* ECF No. 89. The undisputed material facts show ESIS is entitled to summary judgment on these claims. Therefore, the Court should grant summary judgment to ESIS and dismiss TSC's claims with prejudice.

ESIS submits the following exhibits in support of this motion, which are incorporated by reference herein:

| | |
|---|---|
| Exhibit A. | TSC's 2020 Annual Report |
| Exhibit B. | TPA Agreement between TSC and GB |
| Exhibit C. | GB Client Service Instructions for TSC Claims Handling |
| Exhibit D. | Deposition of TSC Rule 30(b)(6) Witness Jason Keen |
| Exhibit E. | TSC Policy Declarations and Relevant Endorsements eff. 4/1/2016 to 4/1/2021 |
| Exhibit F. | 2010 Textile Rental Service Agreement |
| Exhibit G. | 2017 Textile Rental Service Agreement |
| Exhibit H. | UniFirst Policy Declarations with AI and Deductible Endorsements eff. 10/1/2016 to 10/1/2021 |
| Exhibit I. | Deposition of TSC's retained insurance industry expert Louis Fey |

| | |
|---|---|
| Exhibit J. | TSC's Responses to ESIS' Requests for Admission |
| Exhibit K. | TSC's Verified Responses to ESIS' First Interrogatories |
| Exhibit L. | RMS Agreement between UniFirst and ESIS |
| Exhibit M. | Tractor_Supply_0005038-0005041 (Jason Keen's 5/7/2020 email to ACE representatives) |
| Exhibit N. | Current (11/16/2022 Updated) Ex. A to TSC's Discovery |
| Exhibit O. | TSC Tenders to UniFirst, ESIS, and/or ACE |
| Exhibit P. | Letters from ESIS on behalf of UniFirst in response to the Underlying Claims |
| Exhibit Q. | Deposition of ESIS Claim Specialist Marcia Flagg |
| Exhibit R. | Deposition of UniFirst Rule 30(b)(6) Witness Barbara Christman |
| Exhibit S. | Deposition of ESIS Rule 30(b)(6) Witness Robb Christensen |
| Exhibit T. | Deposition of ESIS' retained insurance industry expert Bernd Heinze |
| Exhibit U. | Coverage position letters from ACE to GB and TSC |
| Exhibit V. | Claim notices and coverage issue referrals from ESIS to ACE |
| Exhibit W. | Deposition of ACE 30(b)(6) Witness Brooke Skolnik |
| Exhibit X. | Tractor_Supply_0001401 (letter confirming TSC's agreement to settle Earlene Brown claim) |
| Exhibit Y. | ESIS 010807 (ESIS internal email to set up separate claim for TSC defense against Jerry Maynard claim) |
| Exhibit Z. | ESIS 018466 (ESIS emails confirming assignment for TSC defense against Bettie Hataway claim) |
| Exhibit AA. | ESIS 014243 (ESIS internal email to set up separate claim for TSC defense against Kenneth Downey claim) |
| Exhibit BB. | ESIS 020483 (ESIS email confirming assignment for TSC defense against Debbie Adkison claim) |
| Exhibit CC. | ESIS 020614 (ESIS email confirming assignment for TSC defense against John Bell claim) |

For the reasons stated above and in ESIS's memorandum of law in support of this motion filed contemporaneously herewith, ESIS hereby moves this Court for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure on grounds that there is no genuine dispute as to any material fact, and that ESIS is entitled to judgment in its favor as a matter of law.

Respectfully submitted,

*/s/ Alissa Christopher*
Alissa K. Christopher (*Pro Hac Vice*) (Texas Bar No. 11531020)
akchristopher@cozen.com
James B. Harper (*Pro Hac Vice*) (Texas Bar No. 24108602)
jharper@cozen.com
COZEN O'CONNOR
1717 Main Street, Ste. 3100
Dallas, TX 75201
(214) 462-3036 Telephone
(214) 462-3299 Facsimile

Lucas T. Elliot (Tenn. BPR No. 37084)
lelliot@fbtlaw.com
Jeremey R. Goolsby (Tenn. BPR No. 34505)
jgoolsby@fbtlaw.com
FROST BROWN TODD, LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5550 Telephone
(615) 251-5551 Facsimile

*Attorneys for Defendant ESIS, Inc.*

# CERTIFICATE OF SERVICE

      I certify that on March 1, 2023 a copy of this document was served on all counsel of record according to the Federal Rules of Civil Procedure as follows:

| | |
|---|---|
| Mark M. Bell<br>Andrew A. Warth<br>David J. Zeitlin<br>Waller Lansden Dortch & Davis LLP<br>511 Union Street, Suite 2700<br>Nashville, Tennessee 37219<br>mark.bell@wallerlaw.com<br>drew.warth@wallerlaw.com<br>david.zeitlin@wallerlaw.com<br><br>*Attorneys for Plaintiff Tractor Supply Company* | Stephen W. Elliott<br>Howell & Fisher, PLLC<br>3310 West End Avenue, Suite 550<br>Nashville, TN 37203-1089<br>selliott@howell-fisher.com<br><br>Alfred C. Warrington, V<br>Clyde & Co. US LLP<br>1221 Brickell Avenue, Suite 1600<br>Miami, Florida 33131<br>Alfred.Warrington@Clydeco.us<br><br>*Attorneys for Defendant ACE American Insurance Company* |
| Andrew J. Pulliam<br>J. Graham Matherne<br>Wyatt, Tarrant & Combs, LLP<br>333 Commerce Street, Suite 1050<br>Nashville, Tennessee 37201<br>apulliam@wyattfirm.com<br>gmatherne@wyattfirm.com<br><br>*Attorneys for Defendant/Counter Plaintiff UniFirst Corporation* | |

                                                  */s/ Alissa Christopher*
                                                  Alissa K. Christopher

5

LEGAL\61554228\1

Case 3:21-cv-00619    Document 187    Filed 03/01/23    Page 5 of 5 PageID #: 9002